UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES MURRAY; LATAVIUS PASCAL; & ANTONE HENDERSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-CV-00592-SDD-RLB** |
| **JAMES LEBLANC, SECRETARY OF DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS; SAMMIE BYRD, SHERIFF OF MADISON PARISH; LASALLE MANAGEMENT, LLC; WARDEN ARTHUR ANDERSON; ASSISTANT WARDEN CHRIS STINSON; MAJOR TOMMY FARMER; MAJOR STEVEN CHASE; LIEUTENANT CANTRELL GUICE; CAPTAIN JOHN MURRAY; CAPTAIN WENDELL HUGHES; CAPTAIN EDWARD MCDOWELL; SERGEANT JONATHAN KNOX; SERGEANT SHEPHERD; C.O. ESCO TILLMAN; C.O. ROBERT THORNTON; C.O. JANE DOE; PRINCETON INSURANCE** | **JUDGE SHELLY D. DICK**<br><br>**MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR.** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**REPLY MEMORANDUM IN SUPPORT OF JAMES LEBLANC'S
RULE 12(b)(1) & 12(b)(6) MOTION TO DISMISS**

**MAY IT PLEASE THE COURT:**

On February 22, 2022, James LeBlanc, Secretary of the Louisiana Department of Public Safety and Corrections ("DPSC") filed a motion to dismiss all claims asserted against him in this matter, pursuant to Rule 12(b)(1) and Rule 12(b)(6).[1] Plaintiffs have filed an Opposition.[2] For the reasons set forth in both this reply memorandum and the memorandum filed in support of the motion to dismiss, Mr. LeBlanc's motion to dismiss should be granted.

**Factual Recap**

The Plaintiffs in this matter are three individuals who were confined to the custody of the Madison Parish Correctional Center ("MPCC") in Tallulah, Louisiana. Plaintiffs have admitted that

---

[1] Record Document 26.
[2] Record Document 32.

1

MPCC is a locally owned jail facility that is operated and managed by the Sheriff of Madison Parish.[3] Plaintiffs also admit that the Sheriff of Madison Parish contracted with LaSalle Management for the "management of MPCC, including operating and maintaining the facility for the secure custody, care, and safekeeping of prisoners at the facility in accordance with federal, state, and local law, as well as the Guidelines."[4] Also, Plaintiffs admit that, as a condition of DPSC housing inmates at MPCC, MPCC was contractually required "to operate in accordance with Basic Jail Guidelines developed by DPSC and the Louisiana Sheriff's Association to assure that fundamental rights of DPSC prisoners housed in secure non-DPSC facilities are not jeopardized by this arrangement."[5] Plaintiffs further admit that these Basic Jail Guidelines addressed numerous topics as to the proper confinement of prisoners.[6] Plaintiffs even admit that these Basic Jail Guidelines were periodically reviewed and updated by DPSC over the years, including most recently in 2019.[7] Finally, Plaintiffs admit that non-state facilities, such as MPCC, were audited annually to determine compliance with the Basic Jail Guidelines.[8]

The entire crux of this case is that Plaintiffs claim that MPCC did not comply with the Basic Jail Guidelines and, as a result of that failure, they were attacked while housed at MPCC. Specifically, Plaintiffs claim that MPCC's pre-trial classification system was deficient.[9] Plaintiffs also allege that LaSalle's correctional officers either failed to be present when necessary or failed to intervene during said attacks.[10] Plaintiffs do not allege that DPSC or Mr. LeBlanc was involved, in any way, in the day-to-day operations of MPCC.

Nevertheless, Plaintiffs continue to assert claims against one, and only one, DPSC employee,

---

[3] Record Document 22-1, paragraph 25.
[4] Record Document 22-1, paragraph 26.
[5] Record Document 22-1, paragraph 22.
[6] Record Document 22-1, paragraphs 27-29.
[7] Record Document 22-1, paragraph 22.
[8] Record Document 22-1, paragraphs 30-32,
[9] Record Document 22-1, paragraph 129; Record Document 32, page 2.
[10] Record Document 4-1, paragraphs 72 and 77.

namely Mr. LeBlanc. Plaintiffs' claims against Mr. LeBlanc are based entirely on the unsupported legal conclusion that, because Mr. LeBlanc was the head of DPSC, he knew or should have known of the alleged inadequacies of MPCC's initial classification system.[11] For the reasons that follow, Plaintiffs unsupported legal conclusions do not state any viable claims for relief against Mr. LeBlanc, which are plausible on the face of the Complaint.[12]

## Law and Argument

As an initial matter, Plaintiffs have conceded that Eleventh Amendment Immunity bars any claims for monetary damages against Secretary LeBlanc in his official capacity.[13] For purposes of clarity, it should also be noted that such immunity also applies to any state law claims asserted against Mr. LeBlanc, including any state law claims for injunctive relief or declaratory judgment.[14] Consequently, all official capacity claims for monetary damages, and all official capacity state law claims, against Mr. LeBlanc should be dismissed.

**I.    Count I:  Violation of US Constitution, Fourteenth Amendment.**

Count I of Plaintiffs' Complaint asserts claims for alleged violations of the Fourteenth Amendment to the US Constitution.[15] The count states that it is against "all individual capacity defendants".[16] We assume this is a claim against Mr. LeBlanc in his individual capacity only. Again, the basis of Plaintiffs' claims is that Mr. LeBlanc allegedly failed, as an alleged supervisor, to implement or enforce policies or procedures to ensure constitutional conditions of confinement at MPCC.[17]

A supervisory official may be held liable only if (1) he affirmatively participates in the acts

---

[11] Record Document 32, page 2.
[12] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).
[13] Record Document 32, page 4, last sentence.
[14] *Corn v. Mississippi Department of Public Safety*, 954 F.3d 268, 275 (5th Cir. 3/26/20).
[15] Record Document 22-1, paragraph 131 et seq.
[16] *Id.*
[17] Record Document 32, page 6.

3

that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury.[18] Supervisory liability exists without overt personal participation in the offensive act if the official implements a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force of the constitutional violation.[19]

In order to establish supervisor liability for constitutional violations committed by subordinate employees, plaintiffs must show that the supervisor acted, or failed to act, with deliberate indifference to violations of others' constitutional rights committed by their subordinates.[20] Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.[21] For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.[22] Deliberate indifference requires a showing of more than negligence or even gross negligence.[23] Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference and do not divest officials of qualified immunity.[24]

Plaintiffs have pled no facts or acts on the part of Mr. LeBlanc that could even remotely approach the standard for deliberate indifference. For example, Plaintiffs have not pled that, as Secretary of DPSC, it was Mr. LeBlanc's job to personally visit every prison facility, study each facility's operations, and determine whether such facility was compliant with the Basic Jail Guidelines. In other words, Plaintiffs do not allege that Mr. LeBlanc directly participated in the implementation or annual monitoring of MPCC's Basic Jail Guidelines compliance. Nor do

---

[18] *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011).
[19] *La. Cleaning Systems v. Brown*, 2015 WL 9581852 (W.D. La. 2015).
[20] *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011).
[21] *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005).
[22] *Id.*
[23] *Id.*
[24] *Id.*

Plaintiffs allege that any person or entity ever advised the Secretary that MPCC's prisoner classification system was not in compliance with the DPSC's Basic Jail Guidelines.

To the contrary, Plaintiffs admit that DPSC created and required the implementation of Basic Jail Guidelines for purposes of protecting offenders in local custody, that DPSC periodically reviewed and updated those guidelines, and that DPSC performed annual monitoring as to local facilities' compliance with those guidelines. Even if DPSC's monitoring activities were somehow deficient, which is denied, such deficiency would still not amount to deliberate indifference on the part of Secretary LeBlanc, an individual who is not even alleged to have directly participated in the actual monitoring of local facilities.

Plaintiffs also claim, in their Opposition, that Mr. LeBlanc would not be entitled to qualified immunity because "he was objectively aware of the substantial risk of harm MPCC's inadequate classification policy and practice posed to sentenced and unsentenced people but failed to take steps to abate that risk of harm."[25] This, however, is nothing more than another legal conclusion. Again, Plaintiffs have failed to allege any plausible facts demonstrating that Mr. LeBlanc himself, either directly participated in the monitoring of MPCC or was advised as a result of monitoring that MPCC did not have a proper classification policy. And going further, even if Mr. LeBlanc's actions were somehow negligent (which is denied), such negligence would still not deprive Mr. LeBlanc of qualified immunity for the alleged failure to properly monitor MPCC. Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference and do not divest officials of qualified immunity.[26] Consequently, all claims asserted against Mr. LeBlanc under Count I should be dismissed.

---

[25] Record Document 32, page 14, first sentence.
[26] *Id.*

## II. Count II: Violation of US Constitution, Eighth Amendment.

Plaintiffs' second count is for alleged violations of the Eighth Amendment. We assume this claim is asserted against Mr. LeBlanc in his individual capacity, although the Complaint does not specify.

Prison officials have a duty to protect prisoners from violence at the hands of other prisoners.[27] For claims against officials who failed to adequately protect an inmate and who failed to train, there are different tests.[28] But both largely turn on the existence of "deliberate indifference."[29] As for deliberate indifference, the Supreme Court defined it as when the official "knows of and disregards an excessive risk to inmate health or safety."[30] In other words, it's a subjective test.[31] Elaborating, the Supreme Court explained the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.[32]

Here, Plaintiffs have again failed to allege any plausible facts or acts, on the part of Mr. LeBlanc, that could possibly be used to infer deliberate indifference. Specifically, Plaintiffs have failed to allege any facts that could plausibly support that Mr. LeBlanc knew that MPCC's classification system was deficient, or that Mr. LeBlanc knew that MPCC's procedures presented a substantial risk of harm to individuals assigned to MPCC. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."[33] Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."[34] Additionally, even if Plaintiffs' labels and legal conclusions were deemed sufficient to state a claim,

---

[27] *Jason v. Tanner*, 938 F.3d. 191, 195 (5th Cir. 9/9/19).
[28] *Id.*
[29] *Id.*
[30] *Id.*
[31] *Id.*
[32] *Id.*
[33] *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).
[34] *Id.* at 678.

6

Mr. LeBlanc would, nevertheless, be entitled to qualified immunity for any decisions made to contract with local sheriffs, create Basic Jail Guidelines, update those Guidelines, and have DPSC monitor compliance with the Guidelines. MPCC alleged failure to comply with the Basic Guidelines, and the alleged failure of DPSC monitoring to detect MPCC's supposed non-compliance, would not divest Mr. LeBlanc of qualified immunity for any decision to house prisoners at MPCC.

**III.    Count III:  Supervisory Liability.**

Despite the assertions by Plaintiffs in their Opposition to the contrary, the Complaint clearly indicates that this count is asserted against the defendants in their official capacities.[35] Given Plaintiffs' acknowledgment in their Opposition that they are not asserting claims for monetary damages against Mr. LeBlanc in his official capacity, all claims asserted against Mr. LeBlanc under this count should be dismissed.

To the extent Plaintiffs request leave to amend their Complaint to assert this count against Mr. LeBlanc in his individual capacity, the request should be denied. Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile.[36] An amendment is futile if it would fail to survive a Rule 12(b)(6) motion.[37] For the reasons set forth above, Plaintiffs will never be able to plausibly plead facts inferring that Mr. LeBlanc was involved in the day-to-day affairs of MPCC or that Mr. LeBlanc was directly tasked with monitoring MPCC. Consequently, Plaintiffs will never be able to plausibly plead facts that could infer that Mr. LeBlanc was deliberately indifferent as to alleged deficiencies in MPCC's classification system. Nor would amendment overcome Mr. LeBlanc's qualified immunity as to any decisions made as to the housing of prisoners at MPCC.

**IV.    Counts IV-VI (State Law Counts).**

---

[35] Record Document 22-1, page 34.
[36] *Marucci Sports, LLC v. National Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).
[37] *Id.*

7

Counts IV-VI of the Complaint arise under state law. As a state official, Mr. LeBlanc is immune from any state law claim asserted against Mr. LeBlanc in his official capacity. To the extent these claims are asserted against Mr. LeBlanc in his individual capacity, the claims are nevertheless subject to dismissal for the same reasons set forth above. Namely, Plaintiffs have not plausibly pled any facts showing that Mr. LeBlanc committed any acts that violated Plaintiffs rights under the Louisiana Constitution, that constitute the intentional tort of intentional infliction of emotional distress or was negligent in any way.

Furthermore, to the extent Plaintiffs did attempt to validly plead such claims, all such claims would be subject to dismissal under La. R.S. § 9:2798.1, a statute which grants Mr. LeBlanc immunity for "the exercise or performance or the failure to exercise or perform policymaking or discretionary acts" arising out of his employment with DPSC. In their Opposition, Plaintiffs contend that this statute should not be applied by the Court because "LeBlanc has not explained how these decisions are grounded in social, economic, or political policy."[38] However, it is beyond argument that any decisions as to the housing of prisoners in non-state facilities, the contracting with sheriffs of local parishes for the housing of such prisoners, and the staffing or resources to be allocated for DPSC's monitoring for compliance with Basic Jail Guidelines, to the extent even made by Mr. LeBlanc, would constitute decisions grounded in social, economic, or political policy.

## Conclusion

Supervisory officials cannot be held liable under Section 1983 for the actions of subordinates on any theory of vicarious or respondeat superior liability.[39] Yet that is exactly what Plaintiffs are attempting to do. Specifically, Plaintiffs are attempting to make Mr. LeBlanc, who was the head of a large state agency, individually responsible for MPCC's alleged failure to comply with DPSC's

---

[38] Record Document 32, page 15.
[39] *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d at 381.

Basic Jail Guidelines. Plaintiffs are also asking this Court to hold Mr. LeBlanc individually responsible for DPSC's supposed failure to discover that MPCC was allegedly not in compliance with the Basic Jail Guidelines. Yet Plaintiffs do not even allege (because they cannot) that Mr. LeBlanc was involved in the daily affairs of MPCC, or that Mr. LeBlanc was ever advised by anyone that MPCC's classification system was not in compliance with the Basic Jail Guidelines.

There is simply no plausible nexus between the injuries Plaintiffs claim to have suffered in this matter and Mr. LeBlanc. The Complaint leaves little doubt that Mr. LeBlanc was sued merely because he was the head of DPSC. For the reasons set forth above, all the claims asserted against Mr. LeBlanc should be dismissed. Additionally, because no amendment to the pleadings would overcome the clear immunities that Mr. LeBlanc is entitled to under federal and state law, as it relates to Plaintiffs' claims that MPCC classification system was deficient, Plaintiffs should not be allowed to amend their Complaint.

    Respectfully submitted,

    **JEFF LANDRY**
    **ATTORNEY GENERAL**

**BY:**    *s/Wayne T. Stewart*
    **ALEJANDRO "AL" PERKINS (#30288)**
    **Email: aperkins@hamsil.com**
    **WAYNE T. STEWART (#30964)**
    **Email: wstewart@hamsil.com**
    **EVAN M. ALVAREZ (#31596)**
    Email: ealvarez@hamsil.com
    **Special Assistant Attorneys General**

    **HAMMONDS, SILLS, ADKINS, GUICE, NOAH, & PERKINS, LLP**
    2431 S. Acadian Thruway, Suite 600
    Baton Rouge, Louisiana 70808
    Telephone: (225) 923-3462
    Facsimile: (225) 923-0315
    *Attorneys for Defendant, James LeBlanc*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 8th day of April 2022, the foregoing was filed electronically with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all parties who participate in electronic filing by operation of the court's electronic filing system.

                        */s/ Wayne T. Stewart*
                        Wayne T. Stewart (#30964)
                        Special Assistant Attorney General