UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMES MURRAY; LATAVIUS PASCHAL; ANTONE HENDERSON,<br>Plaintiffs<br><br>Versus<br><br>JAMES LEBLANC, SECRETARY OF DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, et al.<br><br>Defendants | *<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Civil Docket Number:<br>3:21-cv-592-JWD-RLB<br><br>JUDGE:<br>JOHN W. DEGRAVELLES<br><br>MAGISTRATE:<br>RICHARD L. BOURGEOIS |

## PLAINTIFFS' FIRST MOTION TO COMPEL DISCOVERY RESPONSES FROM MADISON PARISH SHERIFF SAMMIIE BYRD AND LASALLE DEFENDANTS

Plaintiffs, through undersigned counsel, respectfully move this Court to compel Defendant Madison Parish Sheriff Sammie Byrd and Defendants Arthur Anderson, Chris Stinson, Tommy Farmer, Steven Chase, Cantrell Guice, John Murray, Wendell Hughes, Edward McDowell, Jonathan Knox, Jonti Shepherd, Esco Tillman, and Robert Thornton (hereinafter "LaSalle Defendants") to respond to requests for production Plaintiffs have propounded in the normal course of discovery.

In support of their motion, and as detailed in the accompanying memorandum, Plaintiffs state as follows:

1. After entry of the scheduling order and Rule 26 conference, Plaintiffs propounded Requests for Production on August 26, 2022.[1]

2. Responses to this set of discovery were due on September 26, 2022.[2]

---

[1] Exhibit 1, Correspondence Conveying Plaintiffs' Requests for Production and Requests for Production
[2] Fed. R. Civ. Pro. 34(b).

1

3. Plaintiffs have stipulated to multiple extensions of time for production of documents at Defendants' request, on the condition of rolling discovery production.[3]

4. Defendants have made three limited batches of discovery production, but to date nearly all requests for production propounded in August remain outstanding. Outstanding requests for production are detailed in the accompanying memorandum.

5. Further, Defendants have provided evasive responses to discovery, hinting at the possible existence of documents but failing to produce them.[4] Plaintiffs are entitled to the requested documents under the general discovery provisions of the Federal Rules of Civil Procedure.[5] If the party receiving the discovery request fails to respond, the requesting party may move to compel production.[6] Importantly, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."[7] The party seeking to resist discovery must bear the burden of making a specific objection to the discovery request.[8] In doing so, the party resisting discovery must overcome the ordinary presumption in favor of broad disclosure in discovery.[9]

6. In moving the court to compel responses to discovery, the movant must certify that he has "conferred in good faith or attempted to confer with the person or party failing to make the disclosure or discovery in an effort to obtain it without court action."[10]

7. On November 7, 2022, counsel for Plaintiffs and counsel for Byrd and LaSalle Defendants conducted a Rule 37 conference. In the course of that conference, counsel

---

[3] Exhibit 2, 9/26/2022 Email Correspondence; Exhibit 3, 10/25/2022 Email Correspondence.
[4] Exhibit 4, 10/28/2022 Discovery Response; Exhibit 5, 11/4/2022 Discovery Response.
[5] Fed. R. Civ. P. 26(b).
[6] Fed. R. Civ. P. 37(a)(3)(B).
[7] Fed. R. Civ. P. 37(a)(4).
[8] McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir.1990).
[9] Smith v. Employers Mut. Cas. Co., CIV.A. 09-01039-BAJ, 2011 WL 938359, at *2 (M.D. La. Mar. 16, 2011).
[10] Fed. R. Civ. P. 37(a)(1).

clarified several RFPs and counsel for Defendants committed to review a HIPAA stipulation provided by Plaintiffs on August 22, 2022 and to determine categorically if requested documents exist or not. But to date, no further information has been forthcoming, no privilege log has been produced, and no further production has been made.

8. Plaintiffs have made multiple good faith efforts to resolve discovery disputes, but discovery remains outstanding.

WHEREFORE, Plaintiffs respectfully request this Court to order Defendants to produce outstanding documents and records requested in Plaintiffs' August 2022 Requests for Production.

Respectfully submitted,

/s/ Elizabeth Cumming
**ELIZABETH CUMMING (**Bar Roll No. 31685), T.A.
**EMILY WASHINGTON** (Bar Roll No. 34143)
Roderick and Solange MacArthur Justice Center
4400 S. Carrollton Ave.
New Orleans, LA 70119
Phone: (504) 620-2259
Fax: (504) 208-3133
elizabeth.cumming@macarthurjustice.org
emily.washingting@macarthurjustice.org

-AND-

/s/ Casey Denson
**CASEY ROSE DENSON** (Bar Roll No.33363)
**MERCEDES TOWNSEND** (Bar Roll No. 39054)
**CASEY DENSON LAW, LLC**
4601 Dryades Street
New Orleans, LA 70115
Phone: (504) 224-0110
Fax: (504) 534-3380
cdenson@caseydensonlaw.com
mtownsend@caseydensonlaw.com

## **RULE 37 CERTIFICATE**

Undersigned counsel hereby certified that she has conferred in good faith with counsel for LaSalle Defendants and Sheriff Byrd in an effort to obtain discovery without filing the instant motion.

/s/ Elizabeth Cumming

Dated: 11/22/2022