UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES MURRAY; LATAVIUS PASCHAL; ANTONE HENDERSON, Plaintiffs<br><br>Versus<br><br>JAMES LEBLANC, SECRETARY OF DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, et al.<br><br>Defendants | Civil Docket Number:<br>3:21-cv-592-JWD-RLB<br><br>JUDGE:<br>JOHN W. DEGRAVELLES<br><br>MAGISTRATE:<br>RICHARD L. BOURGEOIS |

**MEMORANDUM IN SUPPORT OF
PLAINTIFFS' FIRST MOTION TO COMPEL DISCOVERY RESPONSES FROM
MADISON PARISH SHERIFF SAMMIIE BYRD AND LASALLE DEFENDANTS**

Plaintiffs, through undersigned counsel, respectfully move this Court to compel Defendant Madison Parish Sheriff Sammie Byrd and Defendants Arthur Anderson, Chris Stinson, Tommy Farmer, Steven Chase, Cantrell Guice, John Murray, Wendell Hughes, Edward McDowell, Jonathan Knox, Jonti Shepherd, Esco Tillman, and Robert Thornton (hereinafter "LaSalle Defendants") to respond to requests for production Plaintiffs have propounded in the normal course of discovery.

I.   **PROCEDURAL BACKGROUND**

Plaintiffs filed suit on October 15, 2021.[1] Defendant Byrd and LaSalle Defendants answered original, first and second amended complaints and do not dispute we are in active discovery.[2]

---

[1] ECF No. 1.
[2] Plaintiffs filed a Third Amended Complaint on October 18, 2022, which is the current operative complaint in the case which Defendants have not yet answered. Plaintiffs did not make any material change to any of the allegations regarding Defendant Byrd and LaSalle Defendants.

1

After entry of the scheduling order and Rule 26 conference, Plaintiffs propounded Requests for Production on August 26, 2022.[3]

Responses to this set of discovery were due on September 26, 2022.[4] Defendants advised they required additional time to compile responses to discovery. Plaintiffs and Defendants stipulated to an additional 30 days on the condition that discovery production be provided on a rolling basis, making full discovery production due on October 26, 2022.[5] On October 14, 2022, Defendants provided a limited production of documents, leaving nearly all requests outstanding. On October 25, 2022, the day before production was to be completed, Defendants again requested additional time. Plaintiffs again agreed to stipulate to an extension of an additional two weeks, with all production to be completed by November 4, 2022, again with the condition that discovery production be provided on a rolling basis.[6] On October 28, 2022 and November 4, 2022 Defendants provided limited documents and responses to Plaintiffs discovery.

Despite these three limited batches of discovery production, nearly all requests for production propounded in August remain outstanding. Further, Defendants have provided evasive responses to discovery, hinting at the possible existence of documents but failing to produce them.[7]

On November 7, 2022, counsel for Plaintiffs and counsel for Byrd and LaSalle Defendants conducted a Rule 37 conference. In the course of that conference, counsel clarified RFP 46 and 47 and also discussed RFPs 20, 23, 30 and 61. Counsel for Defendants committed to review a HIPAA stipulation provided by Plaintiffs on August 22, 2022 and to determine categorically if

---

[3] Exhibit 1, Correspondence Conveying Plaintiffs' Requests for Production and Requests for Production
[4] Fed. R. Civ. Pro. 34(b).
[5] Exhibit 2, 9/26/2022 Email Correspondence.
[6] Exhibit 3, 10/25/2022 Email Correspondence.
[7] Exhibit 4, 10/28/2022 Discovery Response; Exhibit 5, 11/4/2022 Discovery Response.

requested documents exist or not. But to date, no further information has been forthcoming, no privilege log has been produced, and no further production has been made.

Discovery cut off in this case is scheduled for February 1, 2023. Plaintiffs request the assistance of the Court by ordering Defendants to respond to discovery in accordance with the timelines set out in the Federal Rules of Civil Procedure.

## II. **LEGAL STANDARD**

Plaintiffs are entitled to the requested documents under the general discovery provisions of the Federal Rules of Civil Procedure. Under Federal Rule of Civil Procedure 26(b), unless limited by a court order:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b).

If the party receiving the discovery request fails to respond, the requesting party may move to compel production.[8] Importantly, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."[9] The party seeking to resist discovery must bear the burden of making a specific objection to the discovery request.[10] In doing so, the party resisting discovery must overcome the ordinary presumption in favor of broad disclosure in discovery.[11]

---

[8] Fed. R. Civ. P. 37(a)(3)(B).
[9] Fed. R. Civ. P. 37(a)(4).
[10] McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir.1990).
[11] Smith v. Employers Mut. Cas. Co., CIV.A. 09-01039-BAJ, 2011 WL 938359, at *2 (M.D. La. Mar. 16, 2011).

In moving the court to compel responses to discovery, the movant must certify that he has "conferred in good faith or attempted to confer with the person or party failing to make the disclosure or discovery in an effort to obtain it without court action."[12]

### III. **ARGUMENT**

A. <u>Defendants must either produce relevant documents or confirm that they do not exist</u>

Defendants either do not object or only offer boilerplate objections to a large number of Plaintiffs' requests while averring that diligent search for records is underway. Defendants have failed to provide responsive documents to a number of Plaintiffs' requests as broadly categorized below:

**a. Staffing and organizational structure: Requests for Production 1, 7, 8, 14, 15, 16, 17, 20, 27**

Defendants do not offer any objection to requests 14, 15, 17, 27 but only aver that "diligent search continues for documentation responsive to [these] Requests and such documentation will be provided upon receipt, if available."[13] This response does not comport with the requirements of Fed. R. 37 which prohibits evasive and incomplete responses. Three months after discovery has been served, Defendants must provide relevant documents or state categorically that such documents do not exist.

Defendants offer boilerplate objections to requests 1, 7, 8, 16, 20 on grounds of relevance, and vagueness.[14] Requests for staffing plans, analysis of staffing plans and deployment, organizational structure, staffing assignments are each calculated to lead to discoverable

---

[12] Fed. R. Civ. P. 37(a)(1).
[13] Exhibit 5, Defendants 11/4/2022 Discovery Response at 4-6.
[14] Exhibit 5, 11/4/2022 Discovery Response at 2-3,6-7; Exhibit 4, 10/28/2022 Discovery Response at 6.

4

information directly relevant to Plaintiffs' claims that Defendants had a pattern and practice of understaffing MPCC resulting in unsupervised housing units and dangerous conditions which all Defendants failed to respond to reasonably.[15] Further, this information is also directly relevant to Plaintiffs claims that Defendants failed to investigate critical incidents, and failed to supervise correctional officers to ensure appropriate reporting and investigation of critical incidents.[16] Despite Defendants' protestations of vagueness, "Defendants aver that a diligent search is being made for documentation related to staffing at the facility during the time period at issue and such documentation will be provided upon receipt, if available."[17]

In their response to request 7, Defendants point to Monthly Activity Reports as responsive to Plaintiffs' request, which is partially responsive.[18] But the Monthly Activity Reports do not include documents related staff deployment reflecting 24-hour monitoring.[19] This request remains outstanding.

Defendants further object to requests 16 and 20 on the grounds of burdensomeness suggesting that daily staffing deployment for the facility would require review of individual employee files.[20] With regard to request 16, it remains unclear to Plaintiffs why a manual review of individual employee files would be necessary to identify unfilled posts in the facility on a given day, as the information requested would not be contained individual files. Documentation of which staff were assigned to which posts on a given shift is typically maintained in a centralized administrative file. Defendants do not suggest a method of search reasonably likely to

---

[15] ECF No. 64 at 11, 19, 30, 35, 39-40.
[16] ECF No. 64 at 24-25, 28-32, 39-40.
[17] Exhibit 5, 11/4/2022 Discovery Responses 2, 3,5 – 7, 11 ;
[18] Exhibit 4, 10/28/2022 Discovery Response at 6.
[19] Exhibit 6, sample monthly activity report.
[20] Exhibit 5, 11/4/2022 Discovery Response at 6.

produce responsive documents, thus this objection fails to overcome the presumption of broad disclosure of documents.

Similarly, with regard to request 20, Plaintiffs are not requesting individualized overtime information, but summary information by pay period, month and quarter. The requested information is relevant to the question of the degree of understaffing at MPCC and how LaSalle Defendants deployed available staff. Defendants' suggestion of burdensomeness on the basis of having to review individual files does not suggest a method of search reasonably likely to produce responsive documents.[21] Defendants also failed to produce any privilege log describing what information was in their custody.

### b. Employee management / discipline, Requests for Production 21, 23, and 47.g:

Defendants do not offer any objection to request 21, but only aver that "diligent search continues for documentation responsive to this Request and such documentation will be provided upon receipt, if available."[22] This response does not comport with the requirements of Fed. R. 37 which prohibits evasive and incomplete responses. Three months after discovery has been served, Defendants must produce the requested documents or state categorically that they do not exist.

Defendants offer boilerplate objections to requests 23, 47.g[23] on the basis of relevancy, overbreadth.[24] Plaintiffs pleaded failure to train and failure to supervise claims in their complaint.[25] Employee discipline is a critical component of supervision training and directly

---

[21] Exhibit 5, 11/4/2022 Discovery Response at 7.
[22] Exhibit 5, 11/4/2022 Discovery Response at 8.
[23] Plaintiffs will address Defendants other objections to additional material requested in 47 below.
[24] Exhibit 5 11/4/2022 Discovery Response at 9, 23-24.
[25] ECF No. 64 at 40-41.

relevant to these claims. Plaintiffs maintain that given the pattern and practice claims included in the complaint, documentation form any period of LaSalle Defendants' control of MPCC is relevant to establishing both LaSalle Defendants, Sheriff Byrd, and LeBlanc and Smith's knowledge of the dangerous conditions at the facility resulting from the failure to supervise, trains and discipline staff. In the course of the Rule 37 conference on November 7, 2022, Plaintiffs proposed that Defendants begin with production of relevant data from 2019 and 2020, reserving the ability to request additional information. Defendants agreed to this compromise, have not produced any additional discovery responsive to this request. Accordingly, Plaintiffs request this court compel production of records reflecting any criminal prosecution of staff working at the facility in 2019 and 2020.

Defendants do not offer any further specific objections to providing information requested in 47.g[26], seeking staff disciplinary action against staff, but again "further aver that a diligent search is being made for further responsive documents."[27] Again, three months after discovery was propounded, Defendants must either provide these documents or state that no such documents are in their custody.

### c. Contracts: Requests for Production 24

Defendants have partially responded to request 24 by providing some contracts for service, but requests for contracts or memorialization of agreements with hospitals, the Department of Public Safety and Corrections (DPSC), or any additional staffing agency remain outstanding. Defendants offer boilerplate objections as to relevance and overbreadth.[28]

---

[26] Exhibit 5, 11/4/2022 Discovery Response at 23-24.
[27] Exhibit 5, 11/4/2022 Discovery Response 23-24.
[28] Exhibit 5, 11/4/2022 Discovery Response 9-10.

7

The request for contracts is relevant to Plaintiffs claim against DPSC, as any memorialization of the agreement between DPSC and Madison Parish Sheriff's Office and / or LaSalle Defendants to house sentenced prisoners will lead to admissible information regarding each party's obligations and the enforceability of these obligations. Further, the request for agreements with hospitals is likely to lead to discoverable evidence related to frequency of injuries sustained at MPCC as a result of unsafe conditions there. Plaintiffs again maintain that given the pattern and practice claims included in the complaint, documentation form any period of LaSalle Defendants' control of MPCC is relevant to establishing both LaSalle Defendants' and LeBlanc and Smith's knowledge of the dangerous conditions at the facility.[29]

### d. Billing / hospitalization: Requests for Production 25 and 26

Defendants do not object to Plaintiffs' requests, but have not provided requested information to date.[30]

### e. Training: Requests for Production 31, 32, 33

Defendants do not object to request 33.b but only aver that "diligent search continues for documentation responsive to this Request and such documentation will be provided upon receipt, if available."[31] This response does not comport with the requirements of Fed. R. 37 which prohibits evasive and incomplete responses. Three months after discovery has been served, Defendants must provide documents in their custody, control or possession.

---

[29] ECF No. 64.
[30] Exhibit 5, 11/4/2022 Discovery Response at 10.
[31] Exhibit 5, 11/4/2022 Discovery Response at 15. Defendants' lone objection is with regard to 33.a.

Defendants make boilerplate objections on the basis of relevance and overbreadth to request 31 and 32.[32] Plaintiffs have alleged a failure to train and supervise claim. Each of these requests is directly relevant to that claim.[33] Further, Plaintiffs again maintain that given the pattern and practice claims included in the complaint, documentation from any period of LaSalle Defendants' control of MPCC is relevant to establishing both LaSalle Defendants' and LeBlanc and Smith's knowledge of the dangerous conditions of confinement caused by untrained or inadequately trained staff.[34] Again, Defendants also aver that they are making efforts to locate training documents responsive to these requests, but have failed to produce any training material to Plaintiffs.[35]

### f. Investigation, Classification, and Critical Incident Response: Requests for Production 34, 43, 45, 46, 47, 50, 51, 52, 53

Defendants offer boilerplate objections based on relevance and overbreadth to each of these requests.[36] Requests for investigations are directly relevant to Plaintiffs' claims which specifically include allegations of Defendants failure to investigate known incidents of violence as part of Defendants failure to reasonably respond to dangerous conditions at MPCC.[37] Further, Plaintiffs maintain that given the pattern and practice claims included in the complaint, documentation form any period of LaSalle Defendants' control of MPCC is relevant to establishing LaSalle Defendants, Sheriff Byrd, and LeBlanc and Smith's knowledge of the dangerous conditions at the facility resulting from the failure to investigate incidents.

---

[32] Exhibit 5, 11/4/2022 Discovery Response at 13-14.
[33] ECF No. 64 at 12, 17, 40-41.
[34] ECF No. 64.
[35] Exhibit 5, 11/4/2022 Discovery Response at 9-10, 13-15.
[36] Exhibit 5, 11/4/2022 Discovery Response 15-16, 21-26; Exhibit 4, 10/28/2022 Discovery Response at 10.
[37] ECF No. 64 at 24-25, 28-30, 32, 36-37, 39-40.

With regard to request 43, Defendants point to the Classification Policy as responsive to the request, but this policy does not include any information responsive to the request.[38] The classification does not provide for reporting, incident tracking, investigation in response to incidents are requested by request 43.

With regard to request 46, Defendants suggested that the request was burdensome because the terms "housing unit assignment plan" "classification designation" and "unit specifically designed to hold pre-trial" were vague and searches for these terms would produce irrelevant information.[39] First, Plaintiffs' request is for anything related to classification, all of which is directly relevant to Plaintiffs' claim that MPCC did not have any classification system in place creating a substantial risk of harm.[40] Secondly, during the November 7, 2022 Rule 37 conference, over two months after discovery had been served, counsel for Defendants acknowledged that Defendants had not even attempted to run any search of these terms to determine what would be produced. Defendants indicated that such a search would be conducted, but as of the filing of this motion, Defendants have failed to provide any additional information.

With regard to request 53, Defendants produced Monthly Activity Reports.[41] These documents are partially responsive, but do not include any information related to investigations, disciplinary actions, or criminal charges.[42] Plaintiffs advised Defendants of the outstanding request at the Rule 37 conference, but no further information has been forthcoming.

---

[38] Exhibit 7, Classification Policy
[39] Exhibit 5, 11/4/2022 Discovery Response at 22-23
[40] ECF No. 64 at 11 – 16, 19, 21-25, 29-30, 32, 35 – 36, 39-41.
[41] Exhibit 4, 10/28/2022 Discovery Response at 10.
[42] See e.g. Exhibit 6, Sample Monthly Activity Report

For each of these requests, Defendants aver that diligent search continues and responsive records will be produced if available, but as noted above, this response does not comport with the requirements of Rule 37.

### g. Disciplinary practice: Request for Production 47, 48, 49

Defendants offer boilerplate objections based on relevance and overbreadth requests 47, 48, and 49.[43] Each of these requests seeks information pertaining to disciplinary and lock down procedures for detainees and prisoners accused of violating correctional center rules. These requests are directly relevant to Plaintiffs' claims that Defendants failed to reasonably respond to known risks of harm by allowing violence to occur unchecked on housing units and then responding by placing Plaintiffs in extended lockdown without the benefit of a disciplinary hearing or appeal process.[44] Further, these requests are relevant to Plaintiffs' claims that Defendants failed to reasonably respond to known risks of harm by failing to engage appropriate investigative and disciplinary procedures to respond to people who may have been precipitating violence on housing units.[45]

For request 47, Plaintiffs clarified during the Rule 37 conference on November 7, 2022 that the request was for documents pertaining to any incident any of the three Plaintiffs experienced while at MPCC. Defendants have still not provided responsive documents to this request as of filing, although a diligent search has been ongoing.[46]

---

[43] Exhibit 5, 11/4/2022 Discovery Response at 23-25.
[44] ECF No. 64 at 36-37.
[45] ECF No. 64 at 24-25, 28-30, 32, 36-37, 39-40.
[46] Exhibit 5, 11/4/2022 Discovery Response at 23.

For request 48 and 49, Defendants again aver that diligent searches are underway, but have still failed to provide responsive documents.[47] Again, nearly three months after discovery has been served, Defendants must provide a direct response to discovery requests and provide what is in Defendants possession.

### h. Personnel files of named defendants: Request for Production 63

Defendants do not offer any objection to requests for production 63, but only "aver that a diligent search continues for said personnel information and same will be provided upon receipt, if available, after necessary redaction."[48] This response does not comport with the requirements of Fed. R. 37 which prohibits evasive and incomplete responses. Three months after discovery has been served, and multiple extensions of time to produce the requested documents, Defendants must produce requested documents.

Defendants have not overcome the presumption of broad disclosure in discovery, but are now many months delinquent in their obligations to provide responses, in the form of documents or confirmation that such documents do not exist, to Plaintiffs' long pending discovery requests in the foregoing categories.

### B. Information about other prisoners is relevant to Plaintiffs Claims

Along with their boilerplate objections, Defendants object to providing full responsive documents to requests 36, 57, 61 citing relevancy and privacy concerns for any documents beyond those pertaining to the three Plaintiffs.[49]

---

[47] Exhibit 5, 11/4/2022 Discovery Response at 24.
[48] Exhibit 5, 11/4/2022 Discovery Response at 31-32.
[49] Exhibit 5, 11/4/2022 Discovery Response at 17-18, 27, 29-30.

Requests 36 and 61 seek information from named individuals who were on units with Plaintiffs and involved in the incidents alleged in the complaint.[50] The requested information related to these individuals is directly relevant to Plaintiffs' claims that LaSalle Defendants failure to investigate incidents, lack of disciplinary process, and lack of classification system created a substantial risk of harm by allowing violence to flourish at MPCC unchecked.

Request 57 for hospital trip sheets is relevant to gather information about injuries caused by the conditions created by Defendants at MPCC.[51] Information that allows for independent investigation and verification of the number of incidents that occur at MPCC is necessary as Plaintiffs have reason to believe that LaSalle Defendants may not track and report all incidents of violence.[52] Information regarding injuries is likely to lead to admissible evidence of the level of harm caused by the dangerous levels of violence at MPCC.

In the course of the Rule 37 conference, Plaintiffs raised the draft HIPAA stipulation Plaintiffs circulated to all parties on August 22, 2022 and also indicated a willingness to discuss a limited protective order to expedite access information pertaining to other detainees and prisoners.[53] To date Defendants have not responded to the request for HIPAA stipulation or offered any protective order terms. Additionally, Defendants have not provided a privilege log for any of these requests outlining what is in their possession.

---

[50] Exhibit 5, 11/4/2022 Discovery Response at 17-18, 29-30.
[51] Exhibit 5, 11/4/2022 Discovery Response at 27.
[52] ECF No. 64 at 14-15.
[53] Plaintiffs offed to negotiate a protective order solely for the purpose of speeding production of responsive documents, but Plaintiffs do not waive any argument pertaining to the public nature of these documents and their availability under public records act or through discovery processes not subject to a protective order.

Defendants have not offered a compelling basis for failing to produce documents responsive documents, Plaintiffs request this Court order production of all documents responsive to Plaintiffs' requests.

### C. Information related to other LaSalle Facilities is Relevant to Plaintiffs' Claims

Defendants object to requests 5-10, 19, 29, and 60 on grounds of relevancy as these requests seek information related to operations, policies and procedures at other LaSalle run facilities.[54] These requests are relevant to Plaintiffs claims against LaSalle Defendants, Byrd, LeBlanc and Smith. Part of Plaintiffs' allegations against these defendants is that Defendants LaSalle had a known practice of understaffing, failing to classify and failing to respond to incidents of violence creating substantial risks of harm, but none of these Defendants responded reasonably to this practices.[55] Information about operations, policies and procedures at other LaSalle run facilities is likely to lead to admissible evidence that Defendants Smith and LeBlanc knew that LaSalle's corporate practices across multiple facilities created dangerous conditions similar to those at MPCC, but continued to permit a significant percentage of sentenced prisoners to remain in LaSalle run facilities.

These requests were discussed at Rule 37 conference, but parties could not reach agreement as to their relevance to the case. Accordingly, Plaintiffs seek assistance from the Court in obtaining documents responsive to these requests.

### IV. **CONCLUSION**

Defendants do not have substantive objections to the vast majority of Plaintiffs' Requests for Production, they have simply failed to produce responsive documents. While Plaintiffs appreciate

---

[54] Exhibit 4, 10/28/2022 Discovery Response at 6-7; Exhibit 5, 11/4/2022 Discovery Response at 2-4, 7, 12, 28.
[55] ECF No. 64 at 10-20.

the diligent search for documents over the last few months, the time has come for Defendants to produce documents responsive to Plaintiffs' Requests for Production. Plaintiffs request this Court's assistance in procuring these documents and in resolving disputes related to the issues on which Defendants offer objection.

Respectfully submitted,

/s/ Elizabeth Cumming
**ELIZABETH CUMMING (**Bar Roll No. 31685), T.A.
**EMILY WASHINGTON** (Bar Roll No. 34143)
Roderick and Solange MacArthur Justice Center
4400 S. Carrollton Ave.
New Orleans, LA 70119
Phone: (504) 620-2259
Fax: (504) 208-3133
elizabeth.cumming@macarthurjustice.org
emily.washingting@macarthurjustice.org

-AND-

/s/ Casey Denson
**CASEY ROSE DENSON** (Bar Roll No.33363)
**MERCEDES TOWNSEND** (Bar Roll No. 39054)
**CASEY DENSON LAW, LLC**
4601 Dryades Street
New Orleans, LA 70115
Phone: (504) 224-0110
Fax: (504) 534-3380
cdenson@caseydensonlaw.com
mtownsend@caseydensonlaw.com

## RULE 37 CERTIFICATE

Undersigned counsel hereby certified that she has conferred in good faith with counsel for LaSalle Defendants and Sheriff Byrd in an effort to obtain discovery without filing the instant motion.

/s/ Elizabeth Cumming

Dated: 11/22/2022