# Provosty, Sadler & deLaunay, APC
## Attorneys and Counselors at Law

H. BRENNER SADLER[1]
FREDERICK B. ALEXIUS
JOSEPH J. BAILEY
H. BRADFORD CALVIT
CATHERINE G. BRAME
JOHN D. RYLAND

DAVID W. LAMBERT[2]
DAVID T. MARLER
ELI J. MEAUX
JOSEPH P. WILLIAMS, JR.

934 THIRD STREET, SUITE 800
P. O. BOX 13530
ALEXANDRIA, LOUISIANA 71315-3530
TELEPHONE (318) 445-3631
TELEFAX (318) 445-9377
WWW.PROVOSTY.COM

October 28, 2022

LEDOUX R. PROVOSTY (1894-1980)
RICHARD B. SADLER, JR. (1912-1990)
LEDOUX R. PROVOSTY, JR. (1930-1995)
WILLIAM H. DELAUNAY, JR. (1938-2010)
ALBIN A. PROVOSTY, III (1943-2020)[3]

JOSEPH R. MARTIN, OF COUNSEL

[1]BOARD CERTIFIED IN TAXATION
[2]ALSO ADMITTED IN TEXAS
[3]RETIRED 2012

Writer's Direct Dial: 318/767-3133
E-Mail: bcalvit@provosty.com
Writer's Direct Dial: 318/767-3118
E-Mail: emeaux@provosty.com

**Via Email & Dropbox**
Elizabeth Cumming
MacArthur Justice Center
4400 S. Carrollton Ave
New Orleans, LA 70119
504-620-2259
elizabeth.cumming@macarthurjustice.org

RE: James Murray, et al v. LeBlanc, et al
Case No. 3:21-cv-00592
USDC Middle District - Baton Rouge
LMC: 10.333
Our File No. 21-5810.156

Dear Elizabeth:

Please find attached the Preliminary & Partial Responses to Plaintiffs' First Request for Production of Documents Obo Defendants, Arthur Anderson, Sheriff Sammie Byrd, Steven Chase, Tommy Farmer, Cantrell Guice, Wendell Hughes, Jonathan Knox, Lasalle Management Company, LLC., Edward McDowell, John Murray, Old Republic Union Insurance Company, Chris Stinson, and Robert Thornton, with the documents which we are providing at this time pursuant to your discovery requests.

With kind regards, I remain,

Sincerely,

PROVOSTY, SADLER, & deLAUNAY, APC

H. BRADFORD CALVIT
ELI J. MEAUX

HBC/EJM:ts
Enclosures
cc(w/encl): Alejandro R. Perkins/ Casey Denson
Tracy Ledoux / Ryan Horvath / James McCormick / Leah Sumrall

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE DIVISION

JAMES MURRAY, LATAVIUS      CIVIL ACTION NO: 3:21-CV-00592
PASCHAL, ANTONE HENDERSON

VERSUS     JUDGE JOHN W. DEGRAVELLES

JAMES LEBLANC, SECRETARY
OF DEPARTMENT OF PUBLIC     MAGISTRATE JUDGE RICHARD L. BOURGEOIS
SAFETY AND CORRECTIONS,
SHERIFF SAMMIE BYRD, ET AL

## PRELIMINARY & PARTIAL RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS OBO DEFENDANTS, ARTHUR ANDERSON, SHERIFF SAMMIE BYRD, STEVEN CHASE, TOMMY FARMER, CANTRELL GUICE, WENDELL HUGHES, JONATHAN KNOX, LASALLE MANAGEMENT COMPANY, LLC., EDWARD MCDOWELL, JOHN MURRAY, OLD REPUBLIC UNION INSURANCE COMPANY, CHRIS STINSON, AND ROBERT THORNTON

NOW COME Defendants, ARTHUR ANDERSON, SHERIFF SAMMIE BYRD, STEVEN CHASE, TOMMY FARMER, CANTRELL GUICE, WENDELL HUGHES, JONATHAN KNOX, LASALLE MANAGEMENT COMPANY, LLC., EDWARD MCDOWELL, JOHN MURRAY, OLD REPUBLIC UNION INSURANCE COMPANY, CHRIS STINSON, AND ROBERT THORNTON, (hereinafter referred to as "Defendants"), who in response to Plaintiff's First Requests for Production of Documents, respectfully submit the following:

## REQUEST FOR PRODUCTION NO. 2:

Any and all facility logs reflecting, inter alia, drug and alcohol testing, transfers, counts, unusual occurrences, emergencies, emergency response, uses of force, written reports, key control, tool control, food service management, programs and services, exercise and recreation access.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendants object to Request For Production No. 2, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is overbroad both temporally, as it provides no date parameters, and in subject matter as it seeks information with no restrictions on relevance or consideration as to the relevance of information over the entirety of the span of time covered. Notwithstanding and without waiving said objections, the Defendants aver that upon information and belief the attached Logs, along with logs for the remaining Buildings/Controls which have been requested and will be provided at a later date if available, are the only logs kept while the Plaintiffs were housed at the facility. Further, information responsive to this Request may also be found in Monthly Activity Reports provided to DPSC. Accordingly, please see:

1. **MCC Building #3 Control 1**
   MCC B3C(1) 1-193 MCC Building #3 Control 1 12-02-20 to 01-14-21
   MCC B3C(1) 194-378 MCC Building #3 Control 1 01-14-21 to 02-05-21
   MCC B3C(1) 379-515 MCC Building #3 Control 1 02-05-21 to 02-22-21
   MCC B3C(1) 516-723 MCC Building #3 Control 1 02-23-21 to 03-22-21
   MCC B3C(1) 724-922 MCC Building #3 Control 1 03-22-21 to 04-20-21
   MCC B3C(1) 923-1031 MCC Building #3 Control 1 04-20-21 to 05-05-21

2. **MCC Building #3 Control 2**
   MCC B3C(2) 1-195 MCC Building #3 Control 2 09-01-18 to 10-06-18
   MCC B3C(2) 196-371 MCC Building #3 Control 2 10-07-18 to 11-02-18
   MCC B3C(2) 372-582 MCC Building #3 Control 2 11-22-18 to 12-26-18
   MCC B3C(2) 583-736 MCC Building #3 Control 2 12-26-18 to 01-18-19
   MCC B3C(2) 737-886 MCC Building #3 Control 2 01-18-19 to 02-12-19
   MCC B3C(2) 887-1046 MCC Building #3 Control 2 02-12-19 to 03-08-19
   MCC B3C(2) 1047-1280 MCC Building #3 Control 2 04-08-20 to 05-26-20
   MCC B3C(2) 1281-1392 MCC Building #3 Control 2 05-26-20 to 06-21-20
   MCC B3C(2) 1393-1537 MCC Building #3 Control 2 06-21-20 to 07-24-20

3. **MCC Building #3 Main Control**
   MCC B3MC 1-188 MCC Building #3 Main Control 10-26-20 to 11-15-20
   MCC B3MC 189-403 MCC Building #3 Main Control 11-15-20 to 12-08-20
   MCC B3MC 404-520 MCC Building #3 Main Control 12-09-20 to 12-22-20
   MCC B3MC 521-752 MCC Building #3 Main Control 11-02-21 to 12-08-21
   MCC B3MC 753-982 MCC Building #3 Main Control 12-08-21 to 01-14-22
   MCC B3MC 983-1034 MCC Building #3 Main Control 01-14-22 to 01-22-22
   MCC B3MC 1035-1254 MCC Building #3 Main Control 01-22-22 to 02-26-22
   MCC B3MC 1255-1470 MCC Building #3 Main Control 02-26-22 to 03-31-22
   MCC B3MC 1471-1551 MCC Building #3 Main Control 03-31-22 to 04-13-22

4. **MCC Building #3 Main Control 2**
   MCC B3MC(2) 1-144 MCC Building #3 Main Control 2 11-02-18 to 11-22-18

5. **Monthly Activity Report for MPCC**
   MCC MAR 1-3 - 2019 01 January Monthly Activity Report for MPCC
   MCC MAR 4-6 - 2019 02 February Monthly Activity Report for MPCC
   MCC MAR 7-9 - 2019 03 March Monthly Activity Report for MPCC
   MCC MAR 10-12 - 2019 04 April Monthly Activity Report for MPCC
   MCC MAR 13-15 - 2019 05 May Monthly Activity Report for MPCC
   MCC MAR 16-18 - 2019 06 June Monthly Activity Report for MPCC
   MCC MAR 19-21 - 2019 07 July Monthly Activity Report for MPCC
   MCC MAR 22-24 - 2019 08 August Monthly Activity Report for MPCC
   MCC MAR 25-27 - 2019 09 September Monthly Activity Report for MPCC
   MCC MAR 28-30 - 2019 10 October Monthly Activity Report for MPCC
   MCC MAR 31-33 - 2019 11 November Monthly Activity Report for MPCC
   MCC MAR 34-36 - 2019 12 December Monthly Activity Report for MPCC
   MCC MAR 37-39 - 2020 01 January Monthly Activity Report for MPCC
   MCC MAR 40-42 - 2020 02 February Monthly Activity Report for MPCC
   MCC MAR 43-45 - 2020 03 March Monthly Activity Report for MPCC
   MCC MAR 46-48 - 2020 04 April Monthly Activity Report for MPCC
   MCC MAR 49-51 - 2020 05 May Monthly Activity Report for MPCC
   MCC MAR 52-54 - 2020 06 June Monthly Activity Report for MPCC
   MCC MAR 55-57 - 2020 07 July Monthly Activity Report for MPCC.
   MCC MAR 58-60 - 2020 08 August Monthly Activity Report for MPCC
   MCC MAR 61-63 - 2020 09 September Monthly Activity Report for MPCC
   MCC MAR 64-66 - 2020 10 October Monthly Activity Report for MPCC
   MCC MAR 67-69 - 2020 11 November Monthly Activity Report for MPCC
   MCC MAR 70-72 - 2020 12 December Monthly Activity Report for MPCC
   MCC MAR 73-108 - 2021 01-12  Jan - Dec Monthly Activity Reports for MPCC
   MCC MAR 109-132 - 2022 01-08 Jan - Aug Monthly Activity Report for MPCC

6. **Monthly Activity Report for MPSCC**
   MPSCC MAR 1-108 - 2019 - 2021 Monthly Activity Report for MPSCC
   MPSCC MAR 109-132 - 2022 01-08 Jan - Aug Monthly Activity Report for MPSCC

   Despite Defendants' best efforts to review the attached for potentially redactable information, the attached logs and Monthly Activity Reports may contain information not subject to disclosure for privacy and/or other reasons. Defendants reserve the right to revisit those documents and redact such information and resubmit redacted versions of the records produced herein.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all staff logs reflecting, inter alia, personnel on duty, detainee and prisoner population, admissions and releases, shift activities, entry and exit of personnel, unusual occurrences or facility emergencies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendants object to Request For Production No. 3, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is overbroad both temporally, as it provides no date parameters, and in subject matter as it seeks information with no restrictions on relevance or consideration as to the relevance of information over the entirety of the span of time covered. Notwithstanding and without waiving said objections, the Defendants aver that upon information and belief the attached Logs, along with logs for the remaining Buildings/Controls which have been requested and will be provided at a later date if available, are the only logs kept while the Plaintiffs were housed at the facility. Further, information responsive to this Request may also be found in Monthly Activity Reports provided to DPSC. Accordingly, please see Logs and Monthly Activity Reports attached in response to Request for Production No. 2.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all monthly reporting to DPSC from January 1, 2019 to present from Madison Parish Detention Center.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendants object to Request For Production No. 4, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is overbroad both temporally, as it seeks information from dates after the Plaintiffs' interactions with the facility at issue, and in subject matter as it seeks information with no restrictions on relevance or consideration as to the relevance of information over the entirety of the span of time covered. Notwithstanding and without waiving said objections, please see Monthly Activity Reports attached in response to Request for Production No. 2.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all monthly reporting to DPSC from January 1, 2019 to present from any and all facilities operated by LaSalle Management in Louisiana housing DPSC prisoners.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendants object to Request For Production No. 5, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is overbroad both temporally, as it seeks information from dates after the Plaintiffs' interactions with the facility at issue, and in subject matter as it seeks information with no restrictions on relevance or consideration as to the relevance of information over the entirety of the span of time covered or the relevance of information from facilities in which the Plaintiffs were never held.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all records, logs, maintenance records, and / or records of staff deployment reflecting 24-hour monitoring and coordinating of Madison Parish Detention Center's security, life safety and communications systems from January 1, 2019 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendants object to Request For Production No. 7, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is overbroad in subject matter as it seeks information with no restrictions on relevance or consideration as to the relevance of information over the entirety of the span of time covered. Notwithstanding and without waiving said objections, the Defendants aver that upon information and belief the attached Logs, along with logs for the remaining Buildings/Controls which have been requested and will be provided at a later date if available, are the only logs kept while the Plaintiffs were housed at the facility. Further, information responsive to this Request may also be found in Monthly Activity Reports provided to DPSC. Accordingly, please see Monthly Activity Reports attached in response to Request for Production No. 2.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all records, logs, maintenance records, and / or records of staff deployment reflecting 24-hour monitoring and coordinating of security, life safety and communications systems at any facility operated by LaSalle Management in Louisiana from January 1, 2019 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendants objects to Request For Production No. 9, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants objects that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is overbroad in subject matter as it seeks information with no restrictions on relevance or consideration as to the relevance of information from facilities in which the Plaintiffs were never held.

**REQUEST FOR PRODUCTION NO. 11:**

All permanent logs and shift reports prepared by Madison Parish Detention Center staff from June 1, 2019 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendants object to Request For Production No. 11, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is overbroad in subject matter as it seeks information with no restrictions on relevance or consideration as to the relevance of information over the entirety of the span of time covered. Further, the Request is vague in that it fails to define "permanent logs" and "shift reports." Notwithstanding and without waiving said objections, the Defendants aver that upon information and belief the attached Logs, along with logs for the remaining Buildings/Controls which have been requested and will be provided at a later date if available, are the only logs kept while the Plaintiffs were housed at the facility. Accordingly, please see Logs attached in response to Request for Production No. 2.

**REQUEST FOR PRODUCTION NO. 33:**

Any and all policies and procedures in effect from January 1, 2019 onward regarding prisoner classification, responses to prisoner reports of threats, investigation of reports of threats, observation and supervision of prisoner housing units including but not limited to

a. Any and all forms, narratives, log books, or other reporting documents to report any signs of increasing tension on a dorm or tier;

b. Any and all curriculums, syllabi, handouts, and any other documents pertaining to training to observing prisoners for signs of tensions, intimidation, threats to among prisoners on housing units.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

a. Defendants object to Request For Production No. 33(a), as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is overbroad in subject matter as it seeks information with no restrictions on relevance or consideration as to the relevance of information over the entirety of the span of time covered. Further, the Request is vague in that it fails to define "signs of increasing tension." Notwithstanding and without waiving said objections, the Defendants aver that upon information and belief the attached Logs, along with logs for the remaining Buildings/Controls which have been requested and will be provided at a later date if available, are the only logs kept while the Plaintiffs were housed at the facility. Accordingly, please see Logs attached in response to Request for Production No. 2.

**REQUEST FOR PRODUCTION NO. 44:**

Any and all documents, reports, and / or data generated pertaining to any tracking, reporting, response critical incidents, suspicious injuries, observed altercations, reports of altercations among prisoners from January 1, 2019 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Defendants object to Request For Production No. 44, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is overbroad both temporally, as it seeks information from dates after the Plaintiffs' interactions with the facility at issue, and in subject matter as it seeks information with no restrictions on relevance or consideration as to the relevance of information over the entirety of the span of time covered. Notwithstanding and without waiving said objections, please see Monthly Activity Reports attached in response to Request for Production No. 2.

**REQUEST FOR PRODUCTION NO. 52:**

Any and all documents reflecting shakedowns from January 1, 2019 to present, including but not limited to:

a. shakedown logs

b. contraband reports

c. investigations arising from shakedowns

d. disciplinary actions taken against inmates and against LaSalle Corrections staff

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

a. Defendants object to Request For Production No. 52(a), as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is overbroad both temporally, as it seeks information from dates after the Plaintiffs' interactions with the facility at issue, and in subject matter as it seeks information with no restrictions on relevance or consideration as to the relevance of information over the entirety of the span of time covered. Notwithstanding and without waiving said objections, the Defendants aver that upon information and belief the attached Logs, along with logs for the remaining Buildings/Controls which have been requested and will be provided at a later date if available, are the only logs kept while the Plaintiffs were housed at the facility. Further, information responsive to this Request may also be found in Monthly Activity Reports provided to DPSC. Accordingly, please see Logs and Monthly Activity Reports attached in response to Request for Production No. 2.

**REQUEST FOR PRODUCTION NO. 53:**

Any and all documents pertaining to contraband from January 1, 2019 to present, including but not limited to:

    a. Contraband reports

    b. investigations into contraband

    c. Any and all disciplinary action taken against inmates and against LaSalle Corrections staff pertaining to contraband

    d. Any and all criminal charges filed against inmates pertaining to contraband

    e. Disposition of any charges filed against inmates

    f. Any and all criminal charges filed against LaSalle Corrections staff pertaining to contraband

    g. Disposition of any charges filed against LaSalle Corrections staff

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Defendants object to Request For Production No. 53, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is overbroad both temporally, as it seeks information from dates after the Plaintiffs' interactions with the facility at issue, and in subject matter as it seeks information with no restrictions on relevance or consideration as to the relevance of information over the entirety of the span of time covered. Notwithstanding and without waiving said objections, the Defendants aver that information responsive to this Request may be found in the Monthly Activity Reports provided to DPSC, and attached in response to Request for Production No. 2.

**REQUEST FOR PRODUCTION NO. 55:**

Any and all documents, including medical logs, tier logs, trip sheets, count logs reflecting requests for treatment, treatment, and / or observation of lacerations, puncture wounds, orbital fractures, black eyes, and / or bruising from January 1, 2019 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Defendants object to Request For Production No. 55, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is overbroad in subject matter as it seeks information with no restrictions on relevance or consideration as to the relevance of information over the entirety of the span of time covered and appears to contemplate the provision of medical information concerning parties other than the named Plaintiffs. Further, third parties have a valid privacy interest in such medical information and Defendants object to providing such information on privacy grounds as well. Further, the Request is vague in that it fails to define "medical logs", "tier logs", "trip sheets", and "court logs."Notwithstanding and without waiving said objections, the Defendants aver that upon information and belief the attached Logs, along with logs for the remaining Buildings/Controls which have been requested and will be provided at a later date if available, are the only logs kept while the Plaintiffs were housed at the facility. Accordingly, please see Logs attached in response to Request for Production No. 2.

**REQUEST FOR PRODUCTION NO. 56:**

Any and all tier logs from every tier at Madison Parish Detention Center where James Murray, Antone Henderson, and Latavius Paschal were held.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Defendants object to Request For Production No. 56, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is vague in that it fails to define "tier logs." Notwithstanding and without waiving said objections, the Defendants aver that upon information and belief the attached Logs, along with logs for the remaining Buildings/Controls which have been requested and will be provided at a later date if available, are the only logs kept while the Plaintiffs were housed at the facility. Accordingly, please see Logs attached in response to Request for Production No. 2.

**REQUEST FOR PRODUCTION NO. 59:**

Any and all documents reflecting the total number of people held at Madison Parish Detention Center between January 1, 2019 to present and custodial classification of those prisoners, i.e., Department of Corrections, pre-trial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Defendants object to Request For Production No. 59, as it seeks information that is not levant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is overbroad temporally, as it seeks information from dates after the Plaintiffs' interactions with the facility at issue, and in subject matter as it seeks information with no restrictions on relevance or consideration as to the relevance of information over the entirety of the span of time covered. Notwithstanding and without waiving said objections, the Defendants aver that information responsive to this Request may be found in the Monthly Activity Reports provided to DPSC, and attached in response to Request for Production No. 2.

Respectfully Submitted:

**PROVOSTY, SADLER & deLAUNAY, APC**

By: _____
H. BRADFORD CALVIT (#18158)
bcalvit@provosty.com
P: 318/767-3133   F: 318/767-9588
ELI J. MEAUX (#33981)
emeaux@provosty.com
P: 318/767-3118   F: 318/767-9619
934 Third Street, Suite 800 (71301)
P.O. Box 13530
Alexandria, LA 71315-3530
934 Third Street, Suite 800 (71301)
P.O. Box 13530
Alexandria, LA 71315-3530
P: 318/767-3133   F: 318/767-9588
ATTORNEYS FOR DEFENDANTS,
ARTHUR ANDERSON, SHERIFF SAMMIE BYRD, STEVEN CHASE, TOMMY FARMER, CANTRELL GUICE, WENDELL HUGHES, JONATHAN KNOX, LASALLE MANAGEMENT COMPANY, LLC., EDWARD MCDOWELL, JOHN MURRAY, OLD REPUBLIC UNION INSURANCE COMPANY, CHRIS STINSON, AND ROBERT THORNTON

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of October, 2022, I forwarded the foregoing PRELIMINARY & PARTIAL RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS OBO DEFENDANTS, ARTHUR ANDERSON, SHERIFF SAMMIE BYRD, STEVEN CHASE, TOMMY FARMER, CANTRELL GUICE, WENDELL HUGHES, JONATHAN KNOX, LASALLE MANAGEMENT COMPANY, LLC., EDWARD MCDOWELL, JOHN MURRAY, OLD REPUBLIC UNION INSURANCE COMPANY, CHRIS STINSON, AND ROBERT THORNTON as follows:

**Via Email & Drop Box**
Elizabeth Cumming
MacArthur Justice Ctr
Emily Washington
Roderick and Solange
4400 S. Carrollton Avenue
New Orleans, LA 70119
P: (504) 620-2259
elizabeth.cumming@macarthurjustice.org
emily.washington@macarthurjustice.org
*ATTORNEYS FOR PLAINTIFFS,*
*JAMES MURRAY, LATAVIUS PASCAL,*
*AND ANTONE HENDERSON*

**Via Email & Drop Box**
Casey Denson
Mercedes Townsend
Casey Denson Law, LLC.
4601 Dryades Street
New Orleans, LA 70115
P: (504) 224-0110
cdenson@caseydensonlaw.com
mtownsend@caseydensonlaw.com
*ATTORNEYS FOR PLAINTIFFS,*
*JAMES MURRAY, LATAVIUS PASCAL,*
*ANTONE HENDERSON*

_____
OF COUNSEL