# Provosty, Sadler & deLaunay, APC
## Attorneys and Counselors at Law

H. BRENNER SADLER[1]
FREDERICK B. ALEXIUS
JOSEPH J. BAILEY
H. BRADFORD CALVIT
CATHERINE G. BRAME
JOHN D. RYLAND

DAVID W. LAMBERT[2]
DAVID T. MARLER
ELI J. MEAUX
JOSEPH P. WILLIAMS, JR.

934 THIRD STREET, SUITE 800
P. O. BOX 13530
ALEXANDRIA, LOUISIANA 71315-3530
TELEPHONE (318) 445-3631
TELEFAX (318) 445-9377
WWW.PROVOSTY.COM

LEDOUX R. PROVOSTY (1894-1980)
RICHARD B. SADLER, JR. (1912-1990)
LEDOUX R. PROVOSTY, JR. (1930-1995)
WILLIAM H. DELAUNAY, JR. (1938-2010)
ALBIN A. PROVOSTY, III (1943-2020)[3]

JOSEPH R. MARTIN, OF COUNSEL

[1]BOARD CERTIFIED IN TAXATION
[2]ALSO ADMITTED IN TEXAS
[3]RETIRED 2012

November 4, 2022

Writer's Direct Dial: 318/767-3133
E-Mail: bcalvit@provosty.com
Writer's Direct Dial: 318/767-3118
E-Mail: emeaux@provosty.com

**Via Email & Dropbox**
Elizabeth Cumming
MacArthur Justice Center
4400 S. Carrollton Ave
New Orleans, LA 70119
504-620-2259
elizabeth.cumming@macarthurjustice.org

RE:     James Murray, et al v. LeBlanc, et al
        Case No. 3:21-cv-00592
        USDC Middle District - Baton Rouge
        LMC: 10.333
        Our File No. 21-5810.156

Dear Elizabeth:

Please find attached the Responses to Plaintiffs' First Request for Production of Documents obo Defendants, Arthur Anderson, Sheriff Sammie Byrd, Steven Chase, Tommy Farmer, Cantrell Guice, Wendell Hughes, Jonathan Knox, Lasalle Management Company, LLC., Edward McDowell, John Murray, Old Republic Union Insurance Company, Chris Stinson, and Robert Thornton, with the documents which we are providing at this time pursuant to your discovery requests.

With kind regards, I remain,

Sincerely,

PROVOSTY, SADLER, & deLAUNAY, APC

H. BRADFORD CALVIT
ELI J. MEAUX

HBC/EJM:ts
Enclosures
cc(w/encl):     Alejandro R. Perkins/ Casey Denson
                Tracy Ledoux / Ryan Horvath / James McCormick / Leah Sumrall

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**
**BATON ROUGE DIVISION**

| | |
|---|---|
| **JAMES MURRAY, LATAVIUS PASCHAL, ANTONE HENDERSON** | **CIVIL ACTION NO: 3:21-CV-00592** |
| **VERSUS** | **JUDGE JOHN W. DEGRAVELLES** |
| **JAMES LEBLANC, SECRETARY OF DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, SHERIFF SAMMIE BYRD, ET AL** | **MAGISTRATE JUDGE RICHARD L. BOURGEOIS** |

**RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS OBO DEFENDANTS, ARTHUR ANDERSON, SHERIFF SAMMIE
BYRD, STEVEN CHASE, TOMMY FARMER, CANTRELL GUICE,
WENDELL HUGHES, JONATHAN KNOX, LASALLE MANAGEMENT COMPANY,
LLC., EDWARD MCDOWELL, JOHN MURRAY, OLD REPUBLIC UNION
INSURANCE COMPANY, CHRIS STINSON, AND ROBERT THORNTON**

NOW COME Defendants, ARTHUR ANDERSON, SHERIFF SAMMIE BYRD, STEVEN CHASE, TOMMY FARMER, CANTRELL GUICE, WENDELL HUGHES, JONATHAN KNOX, LASALLE MANAGEMENT COMPANY, LLC., EDWARD MCDOWELL, JOHN MURRAY, OLD REPUBLIC UNION INSURANCE COMPANY, CHRIS STINSON, AND ROBERT THORNTON, (hereinafter referred to as "Defendants"), who in response to Plaintiff's First Requests for Production of Documents, respectfully submit the following:

**REQUEST FOR PRODUCTION NO. 1:**

Any and all master staffing plans, including any and all documents or other records showing

approved staffing for Madison Parish Detention Center, from July 1, 2019 through June 1, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendants object to Request For Production No. 1, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is vague in that it fails to define "master staffing plans." Notwithstanding and without waiving said objections, the Defendants aver that a diligent search is being made for documentation related to staffing at the facility during the time period at issue and such documentation will be provided upon receipt, if available.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all notes, meeting minutes, agendas, emails, calendar invitations, or other records reflecting meetings between department heads and Madison Parish Detention Center facility administrator and / or Madison Parish Sheriff's Office.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendants object to Request For Production No. 6, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is overbroad both temporally, as it provides no date parameters, and in subject matter as it seeks information with no restrictions on relevance to the claims made in the Complaint or consideration as to the relevance of information over the entirety of the span of time covered. Further, the Request is vague in that it fails to define "department heads" and "facility administrator." Notwithstanding and without waiving said objections, the Defendants aver that in the spirit of cooperation in discovery, if given narrowed, specific subject matter and a reasonable time period over which to search, the Defendants will conduct a diligent search of available records and provide responsive documentation upon receipt, if available.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents, meeting minutes, emails, notes, comments, or other records pertaining to annual review of staffing analysis and plan at Madison Parish Detention Center from January 1, 2018 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendants object to Request For Production No. 8, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is overbroad both temporally, as it seeks information from dates after the Plaintiffs' interactions with the facility at issue, and in subject matter as it seeks information with no restrictions on relevance to the claims made in the Complaint or consideration as to the relevance of information over the entirety of the span of time covered. Notwithstanding and without waiving said objections, the Defendants aver that a diligent search is being made for documentation related to any such "annual review of staffing analysis and plan at Madison Parish Detention Center" and such documentation will be provided upon receipt, if available.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all documents, meeting minutes, emails, notes, comments, or other records pertaining to annual review of staffing analysis and plan at any facility operated by LaSalle Management in Louisiana from January 1, 2018 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendants object to Request For Production No. 10, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is overbroad both temporally, as it seeks information from dates after the Plaintiffs' interactions with the facility at issue, and in subject matter as it seeks information with no restrictions on relevance or consideration as to the relevance of information over the entirety of the span of time covered or the relevance of information from facilities in which the Plaintiffs were never held. For information relative to Madison Parish Correctional Center, please see Response to Request for Production No. 8.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all policies, procedures, documents, forms, charts or other records pertaining to all posts at Madison Parish Detention Center, as well as all priority posts and backfill procedures from July 1, 2019 through June 1, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Based on information currently available, no responsive documents are known to exist. However, a diligent search continues for documentation responsive to this Request and such documentation will be provided upon receipt, if available.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all policies, procedures, directives, and / or post orders for corrections officers at Madison Parish Detention Center or any other facility operated by LaSalle Corrections assigned to:

a. Key control;

b. Walk through supervision of units;

    c. Investigations;

    d. Transportation;

    e. Intake and booking;

    f. Classification.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

Defendants object to Request For Production No. 13, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is overbroad both temporally, as it seeks information from dates after the Plaintiffs' interactions with the facility at issue, and in subject matter as it seeks information with no restrictions on relevance or consideration as to the relevance of information over the entirety of the span of time covered or the relevance of information from facilities in which the Plaintiffs were never held. For information relative to Madison Parish Correctional Center, please see documents attached to Correspondence dated October 14, 2022.

## REQUEST FOR PRODUCTION NO. 14:

Any and all master rosters in effect from June 1, 2020 through June 1, 2021 at Madison

Parish Detention Center.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

Defendants aver that a diligent search is being made for documentation related to staffing at the facility during the time period at issue and such documentation will be provided upon receipt, if available.

## REQUEST FOR PRODUCTION NO. 15:

Any and all daily rosters reflecting actual staffing from February 1, 2020 through June 1,

2021 at Madison Parish Detention Center.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

Defendants aver that a diligent search is being made for documentation related to staffing at the facility during the time period at issue and such documentation will be provided upon receipt, if available.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all documents reflecting the number of positions filled and the number of positions vacant for uniformed corrections officer positions at Madison Parish Detention Center from February 1, 2020 through June 1, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendants object to Request For Production No. 16, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is overly burdensome as a response would require the manual review of the personnel files of all employees at the facility for the time period in question.

**REQUEST FOR PRODUCTION NO. 17:**

Any and all documents pertaining to or reflecting the organizational structure of Madison Parish Detention Center in effect from July 1, 2019 through June 1, 2021, including administration and security positions, chain of command and relationship and communication between various departments and facilities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Based on information currently available, no responsive documents are known to exist. However, a diligent search continues for documentation responsive to this Request and such documentation will be provided upon receipt, if available.

**REQUEST FOR PRODUCTION NO. 18:**

Any and all documents pertaining to or reflecting the organizational structure of LaSalle Corrections in effect from January 1, 2014 to present, including administration and security positions, chain of command and relationship and communication between various departments and facilities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Based on information currently available, no responsive documents are known to exist.

**REQUEST FOR PRODUCTION NO. 19:**

Any and all documents pertaining to or reflecting the organizational structure of Security

Management, LLC in effect from June 1, 2021 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendants object to Request For Production No. 19, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is overbroad both temporally, as it seeks information from dates after the Plaintiffs' interactions with the facility at issue, and in subject matter as it seeks information with no restrictions on relevance to the claims made in the Complaint, the parties to the Complaint, or consideration as to the relevance of information over the entirety of the span of time covered.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all documents or other records reflecting the amount of overtime paid to uniformed

staff for overtime worked at Madison Parish Detention Center by pay period, by month, and by

quarter from January 1, 2020 through June 1, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendants object to Request For Production No. 20, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is overly burdensome as a response would require the manual review of the payroll files of all employees at the facility for the time period in question to identify records related to overtime. Further, the individuals whose records are at issue have a protected privacy interest in the information being sought.

**REQUEST FOR PRODUCTION NO. 21:**

Any and all summary data and / or reports reflecting staff turnover for deputies, sergeants,

lieutenants, captains, corporals, and majors at Madison Parish Detention Center from July 1, 2019

through June 1, 2021, including but not limited to:

      a. Attrition rates for each employment level;

      b. Promotions within LaSalle Management;

      c. Demotions within the LaSalle Management;

      d. Transfers from Madison Parish Detention Center to other correctional institutions;

      e. Voluntary departures of staff, i.e., resignations, retirement;

      f. Involuntary departures of staff, i.e., terminations for cause.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Based on information currently available, no responsive documents are known to exist. However, a diligent search continues for documentation responsive to this Request and such documentation will be provided upon receipt, if available.

**REQUEST FOR PRODUCTION NO. 22:**

Any and all summary data and / or reports reflecting LaSalle Management staff disciplinary

investigation and / or disciplinary action taken against LaSalle Management staff at any facility from

July 1, 2019 – June 1, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendants object to Request For Production No. 22, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is overbroad in subject matter as it seeks information with no restrictions on relevance or consideration as to the relevance of information over the entirety of the span of time covered or the relevance of information from facilities in which the Plaintiffs were never held. Notwithstanding and without waiving said objections, and based on information currently available, no responsive documents are known to exist relative to Madison Parish

Correctional Center.

**REQUEST FOR PRODUCTION NO. 23:**

Any and all documents or other records reflecting criminal prosecution of any LaSalle

Management staff at employed at any facility from January 1, 2014 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendants object to Request For Production No. 23, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is overbroad both temporally, as it seeks information from dates both before and after the Plaintiffs' interactions with the facility at issue, and in subject matter as it seeks information with no restrictions on relevance or consideration as to the relevance of information over the entirety of the span of time covered, the relevance of information from facilities in which the Plaintiffs were never held, and does not limit itself in any way to criminal prosecution related to the allegations of the underlying Complaint.

**REQUEST FOR PRODUCTION NO. 24:**

Any and all contracts with third parties related to operations at Madison Parish Detention

Center in effect from January 1, 2014 to present, including but not limited to:

a. Contracts between Madison Parish Sheriff's Office and LaSalle Management;

b. Contracts between Madison Parish Sheriff's Office and Security Management;

c. Contracts between Madison Parish Sheriff's Office and / or Department of Corrections to provide operational services and / or leases;

d. Contracts with any hospital, including but not limited to EA Conway, Madison Hospital or individual health care providers to provide personnel for medical care;

e. Contracts with any employment agency, individuals to provide additional administrative staffing;

f. Contracts with any corrections agency, corporation, or individuals to provide additional corrections staffing;

g. Contracts with emergency transport company, emergency medical services, or any ambulance service to provide emergency transportation of inmates.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendants object to Request For Production No. 24, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is overbroad temporally, as to subsection (b) , as it seeks information from dates after the Plaintiffs' interactions with the facility at issue, and in subject matter as it seeks information with no restrictions on relevance or consideration as to the relevance of information over the entirety of the span of time covered, or the parties to the Complaint. Notwithstanding and without waiving said objections, based on information currently available, please see the following:

MCC Contracts and Agreements - MCC K1-27 **(previous produced)**
MCC LMC Service Agreement 2.1.20  - MCC K28-38(LMC) **(attached hereto)**
MCC LMC Termination letter signed 2.26.21 - MCC K39(LMC) **(attached hereto)**

**REQUEST FOR PRODUCTION NO. 25:**

Any and all policies and procedures regarding outside hospital billing for services to Madison Parish Detention Center and LaSalle Management from July 1, 2019 to June 1, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Upon information and belief, DOC regulations and/or Louisiana substantive law provide certain responsibilities regarding medical treatment of inmates/detainees. Defendants aver that a diligent search is being made for additional documentation responsive to this Request and such documentation will be provided upon receipt, if available.

**REQUEST FOR PRODUCTION NO. 26:**

Any and all bills for medical service provided to James Murry, Latavius Paschal, and Antone Henderson sent by an outside hospital or medical provider while in custody of DPSC and / or LaSalle Management.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Defendants aver that a diligent search is being made for documentation responsive to this Request and such documentation will be provided upon receipt, if available.

**REQUEST FOR PRODUCTION NO. 27:**

Any and all policies, procedures, protocols regarding mandatory and option posts, and back fill procedures from January 1, 2019 to June 1, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Based on information currently available, no responsive documents are known to exist outside of the MCC Staff Post Orders eff 7.1.20 (MCC PO1-18) which were previously produced. However, a diligent search continues for documentation responsive to this Request and such documentation will be provided upon receipt, if available.

**REQUEST FOR PRODUCTION NO. 28:**

Any and all policy and procedure manuals, and / or compilations of policies and procedures in effect from January 1, 2019 onwards at any and all facilities operated by LaSalle Management located in Louisiana used to hold pretrial detainees and people in DPSC custody, including but not limited to Madison Parish Detention Center, Jackson Parish Correctional Center, LaSalle Correctional Center, Richwood Correctional Center, Southern Correctional Center, River Correctional Center, and Winn Correctional Center.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Defendants object to Request For Production No. 28, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is overbroad both temporally, as it seeks information from dates after the Plaintiffs' interactions with the facility at issue, and in subject matter as it seeks information with no restrictions on relevance or consideration as to the relevance of information over the entirety of the span of time covered or the relevance of information from facilities in which the Plaintiffs were never held. Notwithstanding and without waiving said objections, please see previously produced:

MCC Classification Policy eff 5.1.14 signed - MCC P1
MCC Staff Post Orders eff 7.1.20 - MCC PO1-18
MCC LMC Employee Handbook eff 9.1.17 - MCC/LMC EH1-39
MCC General Rules of Conduct eff 9.1.17 - MCC GROC1-11

Defendants further aver that a diligent search continues for further policies and procedures in effect at Madison Parish Correctional Center during the time period that the Plaintiffs were there, and such documentation will be provided upon receipt, if available.

**REQUEST FOR PRODUCTION NO. 29:**

Any and all policies and procedures currently in effect at all facilities comprising Madison Parish Detention Center.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Defendants object to Request For Production No. 29, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is overbroad both temporally, as it seeks information from dates after the Plaintiffs' interactions with the facility at issue, and in subject matter as it seeks information with no restrictions on relevance to the claims made in the Complaint, the parties to the Complaint, or consideration as to the relevance of information over the entirety of the span of time covered.

**REQUEST FOR PRODUCTION NO. 30:**

All proposed and draft policies and procedures drafted from January 1, 2019 onwards at any and all facilities operated by LaSalle Management located in Louisiana used to hold pretrial detainees and people in DPSC custody, including but not limited to Madison Parish Detention Center, Jackson Parish Correctional Center, LaSalle Correctional Center, Richwood Correctional Center, Southern Correctional Center, River Correctional Center, and Winn Correctional Center.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Defendants object to Request For Production No. 30, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is overbroad both temporally, as it seeks information from dates after the Plaintiffs' interactions with the facility at issue, and in subject matter as it seeks information with no restrictions on relevance or consideration as to the relevance of information over the entirety of the span of time covered or the relevance of information from facilities in which the Plaintiffs were never held. Notwithstanding and without waiving said objections, and based

on information currently available, no responsive documents are known to exist relative to Madison Parish Correctional Center.

## REQUEST FOR PRODUCTION NO. 31:

Any and all documents and other records pertaining to orientation training of LaSalle Management staff at any and all facilities operated by LaSalle Management located in Louisiana used to hold pretrial detainees and people in DPSC custody, in effect from January 1, 2014 onward, including but not limited to:

a. Training academy schedule and dates for all recruits or new hire academies;

b. Training curriculum, including each curriculum topic, and hours for each

c. Instructor for each curriculum topic;

d. Lesson plans for each curriculum topic;

e. Tests and / or exams for each curriculum topic;

f. The numbers of students beginning each academy and the numbers of students successfully completing each academy;

g. Any materials used by the instructor for each curriculum topic, including any videos, recordings, hand-outs, text books, or manuals.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

Defendants object to Request For Production No. 31, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is overbroad both temporally, as it seeks information from dates both before and after the Plaintiffs' interactions with the facility at issue, and in subject matter as it seeks information with no restrictions on relevance or consideration as to the relevance of information over the entirety of the span of time covered or the relevance of information from facilities in which the Plaintiffs were never held. Notwithstanding and without waiving said objections, the Defendants aver that a diligent search is being made for responsive documentation relative to Madison Parish Correctional Center and such documentation will be provided upon receipt, if available.

**REQUEST FOR PRODUCTION NO. 32:**

Any and all documents and other records pertaining to in-service training of LaSalle

Corrections staff at any and all facilities operated by LaSalle Management located in Louisiana used

to hold pretrial detainees and people in DPSC custody, in effect from January 1, 2014 onward,

including but not limited to:

a. Training academy schedule and dates for all in-service academies;

b. Training curriculum, including each curriculum topic, and hours for each

c. Instructor for each curriculum topic;

d. Lesson plans for each curriculum topic;

e. Tests and / or exams for each curriculum topic;

f. Student records of attendance and student test or exam performance for each topic for each academy;

g. The numbers of students beginning each academy and the numbers of students successfully completing each academy;

h. Any materials used by the instructor for each curriculum topic, including any videos, recordings, hand-outs, text books, or manuals.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Defendants object to Request For Production No. 32, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is overbroad both temporally, as it seeks information from dates both before and after the Plaintiffs' interactions with the facility at issue, and in subject matter as it seeks information with no restrictions on relevance or consideration as to the relevance of information over the entirety of the span of time covered or the relevance of information from facilities in which the Plaintiffs were never held. Notwithstanding and without waiving said objections, the Defendants aver that a diligent search is being made for responsive documentation relative to Madison Parish Correctional Center and such documentation will be provided upon receipt, if available.

**REQUEST FOR PRODUCTION NO. 33:**

Any and all policies and procedures in effect from January 1, 2019 onward regarding prisoner

classification, responses to prisoner reports of threats, investigation of reports of threats, observation

and supervision of prisoner housing units including but not limited to

    a. Any and all forms, narratives, log books, or other reporting documents to report any signs

    of increasing tension on a dorm or tier;

    **b. Any and all curriculums, syllabi, handouts, and any other documents pertaining to**

    **training to observing prisoners for signs of tensions, intimidation, threats to among**

    **prisoners on housing units.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

    b. Defendants object to Request For Production No. 33(a), as it seeks information that is not
relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the
Defendants object that the information sought is disproportionate to the needs of the case and
accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the
Request is overbroad in subject matter as it seeks information with no restrictions on
relevance or consideration as to the relevance of information over the entirety of the span of
time covered. Further, the Request is vague in that it fails to define "signs of tension."
Notwithstanding and without waiving said objections, the Defendants aver that a diligent
search is being made for responsive documentation and such documentation will be provided
upon receipt, if available.

**REQUEST FOR PRODUCTION NO. 34:**

Any and all policies and procedures regarding post- critical incident reviews, re-training,

meetings, discussions in effect from January 1, 2019 onward.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Defendants object to Request For Production No. 34, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is overbroad both temporally, as it seeks information from dates after the Plaintiffs' interactions with the facility at issue. Notwithstanding and without waiving said objections, the Defendants aver that a diligent search is being made for responsive documentation and such documentation will be provided upon receipt, if available.

**REQUEST FOR PRODUCTION NO. 35:**

Any and all reports, reviews, audits, investigations of any and all facilities operated by

LaSalle Management located in Louisiana used to hold pretrial detainees and people in DPSC

custody within the last five years including but not limited to:

a. All letters of finding issued by the Department of Justice (DOJ);

b. All reviews, investigations, and / or letters of finding by the Department of Homeland Security;

c. All reviews, audits, and / or technical assistance reports issued by the National Institute of Corrections (NIC);

d. All reviews, audits, inspections, and / or correspondence regarding same by the Louisiana State Department of Public Safety and Corrections (DPSC);

e. All reviews, audits, inspections, and / or accreditation reports by the National Commission on Correctional Health Care (NCCHC);

f. All reviews, audits, inspections, and / or accreditation reports by the American Correctional Association (ACA);

g. All inspections, reports, correspondence, and / or citations by Louisiana State Fire Marshal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Defendants object to Request For Production No. 35, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is overbroad both temporally, as it provides no date parameters, and in subject matter as it seeks information with no restrictions on relevance or consideration as to the relevance of information over the entirety of the span of time covered or the relevance of information from facilities in which the Plaintiffs were never held. Notwithstanding and without waiving said objections please see:

BJG AUDITS - Incidents - MCC BJG A1-68 **(previously produced)**

Monthly Activity Reports 1/2019-1/2022 MCC MAR1-132 & MPSCC MAR1-132 **(previously produced)**

Further, the Defendants aver that a diligent search is being made for responsive documentation relative to Madison Parish Correctional Center and such documentation will be provided upon receipt, if available.

**REQUEST FOR PRODUCTION NO. 36:**

Any document generated related to intake, processing, and classification procedures in effect

for when James Murray, Antone Henderson, Latavius Paschal, Brian Harris, Mitchell Treaudo,

Howard Willis, Johnny Wright, Dexter Long, Derwyn Brown, Donald Dorsey, Marvin Ballot,

Demontrel Riley, DeCarlin Anderson, Vic Meadows, and Demarcus Rufus entered Madison Parish

Detention Center, including but not limited to:

a. Intake and processing documents, forms, program participation, work assignments, questionnaires, classification actions, and / or interview protocols conducted related to classification;

b. Master prison form;

c. Reports of disciplinary actions, grievances, incidents, or crimes committed while in custody;

d. Documents dealing with arrest information, criminal history, medical history and evaluation, mental health history and evaluation, suicide history and evaluation, bail, release information, program eligibility, housing assignment, and inmate property generated at every stage of intake and processing, incarceration, and release;

e. Documents generated by any and all routine and post incident re-classification procedures, including but not limited to any re-classification documents, forms, questionnaires, interview protocols conducted in reference to re-classification and / or classification review.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 36:

Defendants object to Request For Production No. 36, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is overbroad in subject matter as it seeks information with no restrictions on relevance to the claims made in the Complaint or consideration as to the relevance of information over the entirety of the span of time covered. Further, the Request is vague in that it is unclear, based on the request for "procedures" followed by descriptions of documents beyond mere policies or procedures, whether the Request seeks policies and procedures or documents created pursuant to such policies and procedures. To the extent that it seeks documents beyond policies and procedures, the Defendants further object that individuals listed have a protected privacy interest in the information being sought. Notwithstanding and without waiving said objections, the Defendants aver that in the spirit of cooperation in discovery, they are in possession of inmate files potentially responsive to this Request which may be produced after clarity has been provided and they have been redacted.

## REQUEST FOR PRODUCTION NO. 37:

Any and all weekly, monthly, quarterly or annual reports on security threat groups, from January 1, 2019 onward.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

Defendants object to Request For Production No. 37, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is overbroad temporally, as it seeks information from dates after the Plaintiffs' interactions with the facility at issue. Notwithstanding and without waiving said objections, and based on information currently available, no responsive documents are known to exist relative to Madison Parish Correctional Center.

**REQUEST FOR PRODUCTION NO. 38:**

Any and all roll call lists, prisoner census, and / or count sheets for Building 4, B-Dorm from June 1, 2020 to August 30, 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Defendants aver that upon information and belief the Logs previously attached to their Preliminary and Partial Responses in response to Request for Production No. 2, along with logs for the remaining Buildings/Controls for which a diligent search is being made and will be provided at a later date if available, are the only logs potentially responsive to this Request.

**REQUEST FOR PRODUCTION NO. 39:**

Any and all roll call lists, prisoner census, and / or count sheets for Building 3, C-Dorm from August 1, 2020 to October 31, 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Defendants aver that upon information and belief the Logs previously attached to their Preliminary and Partial Responses in response to Request for Production No. 2, along with logs for the remaining Buildings/Controls for which a diligent search is being made and will be provided at a later date if available, are the only logs potentially responsive to this Request.

**REQUEST FOR PRODUCTION NO. 40:**

Any and all roll call lists, prisoner census, and or count sheets for Building 3, B-Dorm from October 1, 2019 to November 15, 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Defendants aver that upon information and belief the Logs previously attached to their Preliminary and Partial Responses in response to Request for Production No. 2, along with logs for the remaining Buildings/Controls for which a diligent search is being made and will be provided at a later date if available, are the only logs potentially responsive to this Request.

**REQUEST FOR PRODUCTION NO. 41:**

Any and all roll calls lists, prisoner census, and / or count sheets for Building 4, Dorm J, from November 1, 2020 through March 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Defendants aver that upon information and belief the Logs previously attached to their Preliminary and Partial Responses in response to Request for Production No. 2, along with logs for the remaining Buildings/Controls for which a diligent search is being made and will be provided at a later date if available, are the only logs potentially responsive to this Request.

**REQUEST FOR PRODUCTION NO. 42:**

Any and all records of any and all requests for protective custody at Madison Parish Detention Center from January 1, 2019 to present, including answers and / or resolution of any such request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Defendants object to Request For Production No. 42, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is overbroad both temporally, as it seeks information for dates after the Plaintiffs' interactions with the facility at issue, and in subject matter as it seeks information with no restrictions on relevance to the claims made in the Complaint or consideration as to the relevance of information over the entirety of the span of time covered. Further objecting, the Request is overly burdensome as it would require the Defendants to manually review the files of all inmates/detainees at the facility for the time period at issue. Defendants further object that third party individuals whose information may be responsive to this Request may have a protected privacy interest in the information being sought. Notwithstanding and without waiving said objections, Defendants aver that the Plaintiffs' previously produced Inmate/Medical Files should contain any responsive information concerning any such requests by the Plaintiffs, as follows:

See previously produced:
MCC Henderson Jail File - HENDERSON JF 1-18
MCC Henderson Medical File Redacted  - HENDERSON JF1- 47
MCC Murray Jail File Redacted  - MURRAY JF1-39
MCC Murray Medical File  - MURRAY MF1-104

MCC Paschal Jail File  - PASCHAL JF1-44
MCC Paschal Medical File Redacted - PASCHAL MF1-69
BJG AUDITS - Incidents - MCC BJG A1-68
Monthly Activity Reports - MCC MAR1-132 & MPSCC Mar 1-132 1/2019-1/2022

See attached hereto:
MCC Henderson Jail File  - HENDERSON JF19(SM)
MCC Henderson Medical File not redacted - HENDERSON M1- 47(SM)
MCC Murray Jail File not Redacted  - MURRAY JF1-39(SM)
MCC Murray Medical File  - MURRAY MF1-104(SM)
MCC Paschal Jail File  - PASCHAL JF1-44(SM)
MCC Paschal Medical File not Redacted PASCHAL MF1-69(SM)

## REQUEST FOR PRODUCTION NO. 43:

Any and all policies and procedures for tracking, reporting and responding to critical incidents, suspicious injuries, observed altercations, reports of altercations among prisoners from January 1, 2019 to present.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 43:

Defendants object to Request For Production No. 43, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1).   More specifically the Request is overbroad both temporally, as it seeks information for dates after the Plaintiffs' interactions with the facility at issue, and in subject matter as it seeks information with no restrictions on relevance to the claims made in the Complaint or consideration as to the relevance of information over the entirety of the span of time covered.  Notwithstanding and without waiving said objections, Defendants aver that the preciously produced MCC Classification Policy eff 5.1.14 signed (MCC P1) is responsive to this Request.  Defendant further aver that  a diligent search is being made related to policies and procedures regarding tracking, reporting and responding to critical incidents, suspicious injuries, observed altercations, and reports of altercations among prisoners in effect at Madison Parish Correctional Center during the time period that the Plaintiffs were there, and such documentation will be provided upon receipt, if available.

**REQUEST FOR PRODUCTION NO. 45:**

Any and all documents pertaining to policy, procedure and practice investigating incident

reports and / or reports of prisoner altercations and / or violence from January 1, 2019 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Defendants object to Request For Production No. 45, as it seeks information that is not
relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the
Defendants object that the information sought is disproportionate to the needs of the case and
accordingly exceeds the scope of discovery allowed by Rule 26(b)(1).   More specifically
the Request is overbroad both temporally, as it seeks information for dates after the
Plaintiffs' interactions with the facility at issue, and in subject matter as it seeks information
with no restrictions on relevance to the claims made in the Complaint or consideration as to
the relevance of information over the entirety of the span of time covered.  Notwithstanding
and without waiving said objections, Defendants aver that a diligent search is being made
related to policies and procedures regarding investigating incident reports, reports of prisoner
altercations, and violence in effect at Madison Parish Correctional Center during the time
period that the Plaintiffs were there, and such documentation will be provided upon receipt,
if available.

**REQUEST FOR PRODUCTION NO. 46:**

Any and all documents, policies, procedures, meeting minutes, emails or other records

pertaining to any housing unit assignment plan, identification of classification designations,

identification of housing populations, and / or the creation of any unit specifically designated to hold

pre-trial people.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Defendants object to Request For Production No. 46, as it seeks information that is not
relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the
Defendants object that the information sought is disproportionate to the needs of the case and
accordingly exceeds the scope of discovery allowed by Rule 26(b)(1).   More specifically
the Request is overbroad both temporally, as it provides no date parameters, and in subject
matter as it seeks information with no restrictions on relevance to the claims made in the
Complaint or consideration as to the relevance of information over the entirety of the span
of time covered. Further, the Request is vague in it is unclear what is sought by the terms
"housing unit assignment plan", "classification designations",and  "unit specifically
designated to hold pre-trial."  The vague nature of those terms renders the Request overly
burdensome as the Defendants are likely to be required to go beyond the exact terms at issue

in a search for what information is actually being requested. Notwithstanding and without waiving said objections, the Defendants aver that in the spirit of cooperation in discovery, if given narrowed, specific subject matter and a reasonable time period over which to search, the Defendants will conduct a diligent search of available records and provide responsive documentation upon receipt, if available.

## REQUEST FOR PRODUCTION NO. 47:

Any and all documents pertaining to any and all incidents, uses of force, disciplinary actions, and altercations involving plaintiffs, including but not limited to:

a. Complaints received;

b. Investigation;

c. incident report;

d. administrative or supervisory review of corrections officer actions;

e. disciplinary write ups issues to prisoners regarding the incident;

f. any appeals of write ups and dispositions of those appeals;

g. any disciplinary action taken against any corrections officer related to the incident;

h. any suits, administrative procedures or other filing by inmates and document related to those filings; and

i. any documents related to any settlements or agreements to resolve those complaints.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 47:

Defendants object to Request For Production No. 47, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is vague in that it is unclear whether it limits itself to information concerning the Plaintiffs. To the extent that it seeks information on any other individuals, the Defendants further object to the requests as overbroad both temporally, as it provides no date parameters, and in subject matter as it seeks information with no restrictions on relevance to the claims, made in the Complaint, the parties to the Complaint, or consideration as to the relevance of information over the entirety of the span of time covered. Notwithstanding and without waiving said objections, the Defendants aver that the information sought, concerning the Plaintiffs, would be located in their inmate files, if such information exists. Defendants

further aver that a diligent search is being made for further responsive documents concerning the Plaintiffs, and such documentation will be provided upon receipt, if available.

**REQUEST FOR PRODUCTION NO. 48:**

Any and all documents pertaining to policy, procedure and practice of issuing disciplinary "write-ups".

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Defendants object to Request For Production No. 48, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is overbroad both temporally, as it provides no date parameters, and in subject matter as it seeks information with no restrictions on relevance to the claims made in the Complaint or consideration as to the relevance of information over the entirety of the span of time covered. Notwithstanding and without waiving said objections, and based on information currently available the Defendants aver that upon information and belief, DOC regulations and/or Louisiana substantive law provide certain responsibilities regarding discipline of inmates/detainees. Defendants further aver that a diligent search is being made for documentation related to policies and procedures regarding discipline at facility during the time period that the Plaintiffs were there, and such documentation will be provided upon receipt, if available.

**REQUEST FOR PRODUCTION NO. 49:**

Any and all documents pertaining to policy, procedure and practice of placing prisoners in administrative segregation or "lock-down."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Defendants object to Request For Production No. 49, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is overbroad both temporally, as it provides no date parameters, and in subject matter as it seeks information with no restrictions on relevance to the claims made in the Complaint or consideration as to the relevance of information over the entirety of the span of time covered. Notwithstanding and without waiving said objections, and based on information currently available, the Defendants aver that upon information and belief, DOC regulations and/or Louisiana substantive law may provide certain responsibilities regarding placing prisoners in administrative segregation or"lock-down." Defendants further aver that

a diligent search is being made for documentation related to policies and procedures regarding d placing prisoners in administrative segregation or"lock-down at the facility during the time period that the Plaintiffs were there, and such documentation will be provided upon receipt, if available.

**REQUEST FOR PRODUCTION NO. 50:**

Any and all document pertaining to policy, procedure and practice of escorting prisoners for

medical care after altercation with another prisoner.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Defendants object to Request For Production No. 50, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1).    More specifically the Request is overbroad both temporally, as it provides no date parameters, and in subject matter as it seeks information with no restrictions on relevance to the claims made in the Complaint or consideration as to the relevance of information over the entirety of the span of time covered.  Notwithstanding and without waiving said objections, and based on information currently available, the Defendants aver that upon information and belief, DOC regulations and/or Louisiana substantive law may provide certain responsibilities regarding provision of medical care to prisoners. Defendants further aver that a diligent search is being made for documentation related to policies and procedures regarding escorting prisoners for medical care after inmate-on-inmate altercations, in effect at Madison Parish Correctional Center during the time period that the Plaintiffs were there, and such documentation will be provided upon receipt, if available.

**REQUEST FOR PRODUCTION NO. 51:**

Any and all documents pertaining to policy, procedure and practice for routing prisoners to

the hospital or any other provider for outside medical care.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Defendants object to Request For Production No. 51, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1).    More specifically the Request is overbroad both temporally, as it provides no date parameters, and in subject matter as it seeks information with no restrictions on relevance to the claims made in the Complaint or consideration as to the relevance of information over the entirety of the span of time covered.  Notwithstanding and without waiving said objections, and based on

information currently available, the Defendants aver that upon information and belief, DOC regulations and/or Louisiana substantive law may provide certain responsibilities regarding provision of medical care to prisoners. Defendants further aver that a diligent search is being made for documentation related to policies and procedures regarding routing prisoners to outside medical care, in effect at Madison Parish Correctional Center during the time period that the Plaintiffs were there, and such documentation will be provided upon receipt, if available.

**REQUEST FOR PRODUCTION NO. 52:**

Any and all documents reflecting shakedowns from January 1, 2019 to present, including but not limited to:

a. shakedown logs

**b. contraband reports**

**c. investigations arising from shakedowns**

**d. disciplinary actions taken against inmates and against LaSalle Corrections staff**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Defendants object to Request For Production No. 52 as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is overbroad both temporally, as it seeks information for dates after the Plaintiffs' interactions with the facility at issue, and in subject matter as it seeks information with no restrictions on relevance or consideration as to the claims made in the Complaint or consideration as to the relevance of information over the entirety of the span of time covered. Notwithstanding and without waiving said objections, the Defendants aver that a diligent search is being made for further responsive documentation and such documentation will be provided upon receipt, if available.

**REQUEST FOR PRODUCTION NO. 54:**

Any and all medical records, including photographs for James Murray, Latavius Paschal, and Antone Henderson from June 1, 2020 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

The Defendants aver that the information sought would be located in the Plaintiffs' previously provided medical files, as well as additions attached hereo, if such information exists, as follows:

See previously produced:
MCC Henderson Jail File - HENDERSON JF 1-18
MCC Henderson Medical File Redacted - HENDERSON JF1- 47
MCC Murray Jail File Redacted - MURRAY JF1-39
MCC Murray Medical File - MURRAY MF1-104
MCC Paschal Jail File - PASCHAL JF1-44
MCC Paschal Medical File Redacted - PASCHAL MF1-69
BJG AUDITS - Incidents - MCC BJG A1-68
Monthly Activity Reports - MCC MAR1-132 & MPSCC Mar 1-132 1/2019-1/2022

See attached hereto:
MCC Henderson Jail File - HENDERSON JF19(SM)
MCC Henderson Medical File not redacted - HENDERSON M1- 47(SM)
MCC Murray Jail File not Redacted - MURRAY JF1-39(SM)
MCC Murray Medical File - MURRAY MF1-104(SM)
MCC Paschal Jail File - PASCHAL JF1-44(SM)
MCC Paschal Medical File not Redacted PASCHAL MF1-69(SM)

**REQUEST FOR PRODUCTION NO. 57:**

Any and all trip sheets to EA Conway Hospital, Madison Parish Hospital or any other

hospital from July 1, 2019 to June 1, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Defendants object to Request For Production No. 57, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1).   More specifically the Request is overbroad in subject matter as it seeks information with no restrictions on relevance to the claims made in the Complaint or consideration as to the relevance of records involving individuals who are not parties herein.  Further objecting, the Request is overly burdensome as it may require the Defendants to manually review the files of all inmates/detainees at the facility for the time period at issue.  Defendants further object that third party individuals whose information may be responsive to this Request may have a protected privacy interest in the information being sought. Notwithstanding and without waiving said objections, Defendants aver that the Plaintiffs' Inmate and/or Medical Files should contain any responsive information concerning the Plaintiffs.

**REQUEST FOR PRODUCTION NO. 58:**

Any and all locations of video cameras in any and all locations where James Murray, Antone Henderson, Latavius Paschal, Brian Harris, Mitchell Treaudo, Howard Willis, Johnny Wright, Dexter Long, Derwyn Brown, Donald Dorsey, Marvin Ballot, Demontrel Riley, DeCarlin Anderson, Vic Meadows, and Demarcus Rufus were held, including dormitories, tiers, interlocks, cells and hallways from October 1, 2019 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Defendants object to Request For Production No. 58, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1).More specifically the Request is overbroad both temporally, as it seeks information for dates after the Plaintiffs' interactions with the facility at issue, and in subject matter as it seeks information with no restrictions on relevance to the claims made in the Complaint or consideration as to the relevance of information involving individuals who are not parties herein as, upon information and belief, the camera system at issue was not installed until after all Plaintiffs had left the facility.

**REQUEST FOR PRODUCTION NO. 60:**

Please produce any and all monthly BJG reports pertaining to any facility operated by LaSalle Correctional Management in Louisiana holding people in DPSC custody and at Madison Parish Correctional Center and produced to the Department of Public Safety and Corrections for the months of July, 2014 through September, 2014.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Defendants object to Request For Production No. 60, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is overbroad both temporally, as it seeks information from dates before the Plaintiffs' interactions with the facility at issue, and in subject matter as it seeks information with no restrictions on relevance or consideration as to the relevance of information over the entirety of the span of time covered or the relevance of information from facilities in which

the Plaintiffs were never held.

**REQUEST FOR PRODUCTION NO. 61:**

For James Murray, Antone Henderson, Latavius Paschal, Brian Harris, Mitchell Treaudo,

Howard Willis, Johnny Wright, Dexter Long, Derwyn Brown, Donald Dorsey, Marvin Ballot,

Demontrel Riley, DeCarlin Anderson, Vic Meadows, and Demarcus Rufus, please produce the

following:

a. Inmate folder, including but not limited to booking records, photo, classification, and

property receipts,

b. all incident reports,

c. use of force reports

d. disciplinary reports

e. grievances, internal complaints, requests for administrative reviews, and responses;

f. trip sheets

g. transfer orders

h. log books and recordings, including video recordings for each area and location where the
above listed individuals were incarcerated during any time at Madison Parish Detention
Center and / or any other facility operated by LaSalle Management;

i. complete files from any investigation into any incident involving any of the above listed;

j. any and all e-mails, text messages, or other documents referred to these names or
individuals.

**RESPONSE TO REQUEST FOR REQUEST FOR PRODUCTION NO. 61:**

Defendants object to Request For Production No. 61, as it seeks information that is not
relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the
Defendants object that the information sought is disproportionate to the needs of the case and
accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the
Request is overbroad both temporally, as it provides no date parameters, and in subject
matter as it seeks information with no restrictions on relevance to the claims made in the

Complaint or consideration as to the relevance of information over the entirety of the span of time covered, or the relevance of information from facilities in which the Plaintiffs were never held. Further, the Request is overly burdensome in that a response would likely require the Defendants to produce voluminous video footage which it would have to manually review for responsiveness. It is further overly burdensome as a response would require searches through electronic means for anything that "referred to these names or individuals", itself a vague parameter as it does not describe how the Defendants would search for the "individuals" other than by name. Further, to the extent that it seeks documents related to third parties, the Defendants object that individuals listed have a protected privacy interest in the information being sought. Notwithstanding and without waiving said objections, the Defendants aver that information relative to the Plaintiffs has been attached hereto in response to Request for Production No. 54.

**REQUEST FOR PRODUCTION NO. 62:**

Any and all policies from August 1, 20220 (sic) to present regarding document and video retention, video monitoring, recording, camera acquisition and camera maintenance schedules at Madison Parish Detention Center and any other facilities operated by LaSalle Management.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Defendants object to Request For Production No. 62, as it seeks information that is not relevant nor reasonably calculated to lead to relevant, admissible evidence. Furthermore, the Defendants object that the information sought is disproportionate to the needs of the case and accordingly exceeds the scope of discovery allowed by Rule 26(b)(1). More specifically the Request is overbroad both temporally, as it seemingly seeks information from dates after the Plaintiffs' interactions with the facility at issue, and in subject matter as it seeks information with no restrictions on relevance to the claims made in the Complaint or consideration as to the relevance of information over the entirety of the span of time covered, or the relevance of information from facilities in which the Plaintiffs were never held. Further, the Request is vague, in that it asks for policies "from August 1, 20220 to present" a starting date that appears to be a typographical error. Notwithstanding and without waiving said objections, Defendants aver that a diligent search is being made related to policies and procedures regarding document and video retention, video monitoring, recording, camera acquisition, and camera maintenance schedules in effect at Madison Parish Correctional Center during the time period that the Plaintiffs were there, and such documentation will be provided upon receipt, if available.

**REQUEST FOR PRODUCTION NO. 63:**

Please produce employment records for the following individuals:

a. Arthur Anderson

b. Chris Stinson

c. Tommy Farmer

d. Steven Chase

e. Cantrell Guice

f. John Murray

g. Wendell Hughes

h. Edward McDowell

i. Jonathan Knox

j. Sgt. Shepherd

k. Esco Tillman

l. Robert Thornton

m. Sheriff Sammie Byrd

For the above listed corrections staff, please produce the following documents related to their employment at Madison Parish Detention Center, Madison Parish Sheriff's Office and / or with LaSalle Management:

a. C.V. / Resume

b. employment application

c. pre-employment and background investigation

d. hiring

e. orientation and training, both initial and in-service

f. Supervision, including supervisor records and files

g. Job performance evaluations

h. Continuing education certifications

i. Assignments

j. Incident Reports

k. Complaints

l. Investigations

m. Grievances

n. Disciplinary Actions

o. Commendations

p. Certifications

q. Licenses

r. Registrations

s. Contractual agreements

t. Job Descriptions, work duties

u. Required qualifications

v. Any past or pending criminal investigations

w. Any paperwork pertaining to termination

## RESPONSE TO REQUEST FOR PRODUCTION NO. 63:

Defendants aver that a diligent search is being made for said personnel information and same will be provided upon receipt, if available, after necessary redaction.

Respectfully Submitted:

**PROVOSTY, SADLER & deLAUNAY, APC**

By:_____
H. BRADFORD CALVIT (#18158)
bcalvit@provosty.com
P: 318/767-3133   F: 318/767-9588
ELI J. MEAUX (#33981)
emeaux@provosty.com
P: 318/767-3118   F: 318/767-9619
934 Third Street, Suite 800 (71301)
P.O. Box 13530
Alexandria, LA 71315-3530
934 Third Street, Suite 800 (71301)
P.O. Box 13530
Alexandria, LA 71315-3530
P: 318/767-3133   F: 318/767-9588
ATTORNEYS FOR DEFENDANTS,
ARTHUR ANDERSON, SHERIFF SAMMIE BYRD,
STEVEN CHASE, TOMMY FARMER, CANTRELL
GUICE, WENDELL HUGHES, JONATHAN
KNOX, LASALLE MANAGEMENT COMPANY,
LLC., EDWARD MCDOWELL, JOHN MURRAY,
OLD REPUBLIC UNION INSURANCE
COMPANY, CHRIS STINSON, AND ROBERT
THORNTON

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of November, 2022, I forwarded the foregoing RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS OBO DEFENDANTS, ARTHUR ANDERSON, SHERIFF SAMMIE BYRD, STEVEN CHASE, TOMMY FARMER, CANTRELL GUICE, WENDELL HUGHES, JONATHAN KNOX, LASALLE MANAGEMENT COMPANY, LLC., EDWARD MCDOWELL, JOHN MURRAY, OLD REPUBLIC UNION INSURANCE COMPANY, CHRIS STINSON, AND ROBERT THORNTON as follows:

**Via Email**
Elizabeth Cumming
MacArthur Justice Ctr
Emily Washington
Roderick and Solange
4400 S. Carrollton Avenue
New Orleans, LA 70119
P: (504) 620-2259
elizabeth.cumming@macarthurjustice.org
emily.washington@macarthurjustice.org
*ATTORNEYS FOR PLAINTIFFS,*
*JAMES MURRAY, LATAVIUS PASCAL,*
*AND ANTONE HENDERSON*

**Via Email**
Casey Denson
Mercedes Townsend
Casey Denson Law, LLC.
4601 Dryades Street
New Orleans, LA 70115
P: (504) 224-0110
cdenson@caseydensonlaw.com
mtownsend@caseydensonlaw.com
*ATTORNEYS FOR PLAINTIFFS,*
*JAMES MURRAY, LATAVIUS PASCAL,*
*ANTONE HENDERSON*

_____
OF COUNSEL