UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES MURRAY; LATAVIUS PASCHAL; ANTONE HENDERSON,<br>Plaintiffs<br><br>Versus<br><br>JAMES LEBLANC, SECRETARY OF DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, et al.<br><br>Defendants | Civil Docket Number:<br>3:21-cv-592-JWD-RLB<br><br>JUDGE:<br>JOHN W. DEGRAVELLES<br><br>MAGISTRATE:<br>RICHARD L. BOURGEOIS |

### MEMORANDUM IN SUPPORT OF
### PLAINTIFFS' FIRST MOTION TO COMPEL DISCOVERY RESPONSES FROM SECRETARY LEBLANC

Plaintiffs, through undersigned counsel, respectfully move this Court to compel Defendant LeBlanc to respond to requests for production Plaintiffs have propounded in the normal course of discovery.

### I. PROCEDURAL BACKGROUND

Plaintiffs filed suit on October 15, 2021.[1] Defendant LeBlanc moved to dismiss Plaintiffs' First Amended Complaint on February 2, 2022, which Plaintiffs opposed.[2] The parties compiled a Joint Status Report which was filed with the Court on March 10, 2022.[3] The Court issued a scheduling order on March 15, 2022, ordering exchange of initial disclosures by March 18, 2022 and completion of discovery by February 1, 2023.[4] Plaintiffs served discovery on Defendant LeBlanc

---
[1] ECF No. 1.
[2] ECF No. 26. The clerk entered Plaintiffs' Second Amended Complaint the same day Defendant LeBlanc filed his motion to dismiss, but as the Second Complaint was essentially identical to the First Amended Complaint except naming the correct insurer for LaSalle Defendants, Defendant LeBlanc's motion was treated as moving to dismiss Plaintiffs' Second Amended Complaint. ECF No. 32.
[3] ECF No. 28
[4] EF No. 31.

1

on August 26, 2022. On September 20, 2022, the Court granted Defendant LeBlanc's motion to dismiss, but granted Plaintiffs leave to file an amended complaint.[5] Plaintiffs filed a Third Amended Complaint on October 18, 2022, adding Seth Smith, Louisiana Department of Public Safety and Corrections Chief of Operations, as a defendant, in addition to Defendant LeBlanc.[6] On November 7, 2022, Defendant LeBlanc filed a motion to dismiss the Third Amended Complaint pursuant to 12(b)(6).[7] Plaintiffs opposed the motion to dismiss on December 12, 2022.[8] On January 10, 2023, the parties jointly filed a motion to modify scheduling order.[9] On January 26, 2023, the Court granted the parties' joint motion to modify the scheduling order, extending deadlines, including discovery cut off to June 2, 2023.[10] In light of this new scheduling order, Plaintiffs re-served discovery on Defendant LeBlanc on February 6, 2023.

Responses to discovery served on LeBlanc were due on March 8, 2023.[11] On March 15, 2023 Plaintiffs had not received any discovery responses from Defendant LeBlanc.[12] Plaintiffs reached out to Defendant LeBlanc to request a Rule 37 conference and to serve discovery on Defendant Smith. Counsel for LeBlanc and Smith advised that they would not engage in a Rule 37 conference, given the pending motions to dismiss.[13]

---

[5] ECF No. 59.
[6] ECF No. 64.
[7] ECF No. 66.
[8] ECF No. 74.
[9] ECF No. 80.
[10] ECF No. 84.
[11] Fed. R. Civ. Pro. 34(b).
[12] Exhibit 1, Email exchange between Elizabeth Cumming and Wayne Stewart.
[13] Id.

The discovery cut off in this case is scheduled for June 2, 2023.[14] Plaintiffs request the assistance of the Court by ordering Defendants to respond to discovery in accordance with the timelines set out in the Federal Rules of Civil Procedure.

## II.    LEGAL STANDARD

Plaintiffs are entitled to the requested documents under the general discovery provisions of the Federal Rules of Civil Procedure. Under Federal Rule of Civil Procedure 26(b), unless limited by a court order:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b).

If the party receiving the discovery request fails to respond, the requesting party may move to compel production.[15] The party seeking to resist discovery must bear the burden of making a specific objection to the discovery request.[16] In doing so, the party resisting discovery must overcome the ordinary presumption in favor of broad disclosure in discovery.[17]

In moving the court to compel responses to discovery, the movant must certify that he has "conferred in good faith or attempted to confer with the person or party failing to make the disclosure or discovery in an effort to obtain it without court action."[18]

---

[14] ECF No. 84.
[15] Fed. R. Civ. P. 37(a)(3)(B).
[16] McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir.1990).
[17] Smith v. Employers Mut. Cas. Co., CIV.A. 09-01039-BAJ, 2011 WL 938359, at *2 (M.D. La. Mar. 16, 2011).
[18] Fed. R. Civ. P. 37(a)(1).

3

### III. ARGUMENT

Defendants LeBlanc and Smith have made no specific objections to any discovery request and have not moved this Court for any order related to their discovery obligations. Pending motions to dismiss that use the words "qualified immunity" are not a magic spell that relieves defendants of their obligations to engage in the discovery process. Based on what is before this Court, the Defendants have no basis for failing to comply with their discovery obligations.

In correspondence with the Plaintiffs, which is the only insight Plaintiffs have into Defendants LeBlanc and Smith's choice to flout discovery rules and this Court's scheduling order, counsel cited to Carswell v. Camp[19] to suggest that LeBlanc and Smith were not obligated to respond to discovery.[20] This logic is confounded by the fact that Defendants have never moved to stay discovery, thus Carswell is inapposite.

In Carswell, the Fifth Circuit reviewed a denial of a motion to stay discovery.[21] Here, neither Defendant LeBlanc nor Defendant Smith have sought any modification of the scheduling order now in place. Indeed, Defendant LeBlanc was directly involved in the joint motion to modify the initial scheduling order.[22] While Defendant LeBlanc and LaSalle Defendants noted a preference for a lengthier discovery period, Defendant LeBlanc never indicated any intention to stay when filing joining in filing that motion. Additionally, when Defendant LeBlanc received discovery from Plaintiffs on February 6, 2023, he indicated receipt and an intention to review. He did not from that time to this move to stay discovery. The absence of not only a motion, but even any

---

[19] 54 F. 4th 307, (5th Cir. 2022).
[20] Exhibit 1, Email exchange between Elizabeth Cumming and Wayne Stewart.
[21] Carswell v. Camp 54 F. 4th 307, 309-310 (5th Cir. 2022).
[22] ECF No. 80.

stated intention to stay discovery until after discovery responses were well over due places Defendants' conduct beyond the realm of Carswell.

As a procedural matter, any expansive interpretation of Carswell threatens to undermine the District Court's ability to control its docket. If Carswell is read to suggest that discovery is stayed as soon as a defendant utters the words "qualified immunity," without informing the Court, then the District Court will lose a significant portion of its ability to enforce scheduling orders. In litigation involving multiple claims against an entity, including some for which qualified immunity is not a defense, the Court must have an opportunity to hear from all litigants regarding what aspects of discovery against defendants claiming qualified immunity might proceed.

As a panel opinion, Carswell did not and cannot overrule prior panel opinions.[23] Thus, if any limitation on the scope of discovery is contemplated at this procedural juncture, this Court must still be guided by the directives of Lion Boulos v. Wilson, 834 F.2d 504 (5th Cir. 1987). There, the Fifth Circuit held that "qualified immunity does not shield government officials from all discovery but only from discovery which is either avoidable or overly broad." Id. at 507. Further, circumstances under which discovery should not be stayed pending the adjudication of a motion to dismiss based on qualified immunity also include "a second class of discovery" which "does not encroach upon" a qualified immunity claim: "Discovery orders entered when the defendant's

---

[23] United States v. Traxler, 764 F.3d 486, 489 (5th Cir. 2014), (citing "Jacobs v. Nat'l Drug Intelligence Ctr., 548 F.3d 375, 378 (5th Cir.2008) (citation omitted). "Indeed, even if a panel's interpretation of the law appears flawed, the rule of orderliness prevents a subsequent panel from declaring it void." Id.; see also McClain v. Lufkin Indus., 649 F.3d 374, 385 (5th Cir.2011) ("This court's rule of orderliness prevents one panel from overruling the decision of a prior panel."); Barber v. Johnson, 145 F.3d 234, 237 (5th Cir.1998) ( "Even if persuaded that [our prior panel opinion] is inconsistent with [an earlier Supreme Court opinion], we may not ignore the decision, for in this circuit one panel may not overrule the decision of a prior panel."); Wilson v. Taylor, 658 F.2d 1021, 1034 (5th Cir.1981) ("It is the firm rule of this circuit that we cannot disregard the precedent set by a prior panel, even though we perceive error in the precedent.").

immunity claim turns at least partially on a factual question; when the district court is unable to rule on the immunity defense without further clarification of the facts; and which are narrowly tailored to uncover only those facts needed to rule on the immunity claim are neither avoidable nor overly broad." Id. at 507-508. When a set of defendants simply fails to respond to discovery, those litigants usurp the authority of the Court to set the course of discovery.

Plaintiffs note that under the current scheduling order, the fact discovery cutoff date is set for June 2, 2023. To ensure Plaintiffs have an opportunity to meet this deadline, Plaintiffs respectfully request that this Court compel Defendant LeBlanc to respond to discovery as soon as possible.

Respectfully submitted,

/s/ Elizabeth Cumming
**ELIZABETH CUMMING (**Bar Roll No. 31685), T.A.
**EMILY WASHINGTON** (Bar Roll No. 34143)
Roderick and Solange MacArthur Justice Center
4400 S. Carrollton Ave.
New Orleans, LA 70119
Phone: (504) 620-2259
Fax: (504) 208-3133
elizabeth.cumming@macarthurjustice.org
emily.washingting@macarthurjustice.org

-AND-

/s/ Casey Denson
**CASEY ROSE DENSON** (Bar Roll No.33363)
**MERCEDES TOWNSEND** (Bar Roll No. 39054)
**CASEY DENSON LAW, LLC**
4601 Dryades Street
New Orleans, LA 70115
Phone: (504) 224-0110
Fax: (504) 534-3380
cdenson@caseydensonlaw.com
mtownsend@caseydensonlaw.com

6

## **RULE 37 CERTIFICATE**

Undersigned counsel hereby certified that she has attempted to confer in good faith with counsel for Defendant LeBlanc in an effort to obtain discovery without filing the instant motion, but counsel refused to meet and confer.

/s/ Elizabeth Cumming

Dated: 3/27/2023