UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES MURRAY, ET AL.                                     CIVIL ACTION

VERSUS                                                         NO. 21-592-JWD-RLB

JAMES LEBLANC, ET AL.

### ORDER

Before the Court is Plaintiffs' First Motion to Compel Discovery from Secretary LeBlanc ("Motion to Compel"). (R. Doc. 98). The motion is opposed. (R. Doc. 100).

Also before the Court is Defendant James LeBlanc and Defendant Seth Smith's Motion to Stay Discovery ("Motion to Stay"). (R. Doc. 99). The motion is opposed. (R. Doc. 101).

**I.    Background**

Plaintiffs commenced this action on October 15, 2021 raising various allegations regarding their confinement at the Madison Parish Correctional Center ("MPCC"). (R. Doc. 1). The operative pleading in this action is the Third Amended Complaint (R. Doc. 64), which was filed in accordance with the district judge's ruling dismissing without prejudice all claims raised against James LeBlanc ("LeBlanc"), the Secretary of the Louisiana Department of Public Safety and Corrections ("DPSC"). (R. Doc. 59).

Plaintiff has named the following as defendants: LeBlanc; Seth Smith ("Smith"), Chief of Operations of DPSC; Sammie Byrd, the Sheriff of Madison Parish ("Sheriff Byrd"); LaSalle Management, LLC ("LaSalle"), the privately-owned operator of MPCC; and various wardens and correctional officers at MPCC (Arthur Anderson, Chris Stinson, Tommy Farmer, Steven Chase, Cantrell Guice, John Murray, Wendell Hughes, Edward McDowell, Johnathan Knox,

Jonta Shepherd, Esco Tillman, and Robert Thornton). LaSalle and the individuals employed at MPCC are collectively referred to as the "LaSalle Defendants."

Plaintiffs in this case were all confined at MPCC, which houses both sentenced and pre-trial prisoners from around the State of Louisiana. (R. Doc. 64 at 1; *see* R. Doc. 64 at 21-35). Plaintiffs allege that LaSalle, LeBlanc, Smith, and Sheriff Byrd are responsible for ensuring the safety of the individuals held at MPCC. (R. Doc. 64 at 1-2). Plaintiffs allege that they were pre-trial detainees while confined and attacked at MPCC and, after the attacks, were placed in "punitive lockdown conditions" where they were deprived of exercise and natural light. (R. Doc. 64 at 1; *see* R. Doc. 64 at 21-37).

Plaintiffs allege that the foregoing defendants "have allowed fatally dangerous conditions of confinement to flourish at MPCC," with each "aware that MPCC has no functional classification, investigation, or staff supervision in place" and each "aware that these conditions allow threat of serious injury from rampant violence to go unchecked." (R. Doc. 64 at 2). Plaintiffs maintain that, because of these conditions, they were stabbed and beaten by attackers who should not have been confined with them on the same unit. (R. Doc. 64 at 2).

Among other things, Plaintiffs allege that "Defendants knew of the levels of extreme violence at the facility, the lack of a classification plan, the lack of investigation and response to known drivers of violence, and the chronic understaffing, but nevertheless continued to operate the facility with minimal adjustments, including continuing to house sentenced DPSC prisoners in the facility, allowing an intolerable risk of harm to come to those held in Defendants' custody, including Plaintiffs." (R. Doc. 64 at 39). Plaintiffs further allege that "Defendants knew of the failure of individuals at MPCC to perform crucial duties, including failures to develop and implement a classification plan, failures to respond appropriately to imminent risks of harm by

2

correctional officers under their supervision, and failures to investigate incidents of harm." (R. Doc. 64 at 39). Plaintiffs further allege that "Defendants failed to train, supervise, or discipline individuals who engaged in these behaviors[, which] was a moving force behind the harm experienced by Plaintiffs." (R. Doc. 64 at 41).

Plaintiffs seek recovery for violation of their rights under the Fourteenth and Eight Amendments of the U.S. Constitution, for violation of their rights under the Louisiana Constitution's rights to due process and to be free of cruel and unusual punishment, and under the state law torts of intentional infliction of emotional distress and negligence. (R. Doc. 64 at 37-44). In particular, Plaintiffs seek recovery against LeBlanc and Smith in their individual capacities for violations of the Fourteenth and Eight Amendments. Plaintiffs bring a separate state law claim seeking recovery from the defendants' insurer, Old Republic Union Insurance Company. (R. Doc. 64 at 44-45). Plaintiffs pray for declaratory relief, injunctive relief, judgment against the defendants for the asserted causes of action, attorney's fees, and compensatory and punitive damages. (R. Doc. 64 at 41).

On November 7, 2022, LeBlanc filed a Motion to Dismiss raising the defense of qualified immunity with respect to the claims brought against him in his individual capacity. (R. Doc. 66).

On February 16, 2022, Smith filed a Motion to Dismiss raising the defense of qualified immunity with respect to the claims brought against him in his individual capacity. (R. Doc. 91).

There is no dispute that prior to the filing of the instant motions, Plaintiffs conducted discovery with respect to Sheriff Byrd and the LaSalle Defendants. In fact, the Court has previously ordered those defendants to provide supplemental discovery responses and productions with respect to written discovery. (R. Doc. 90).

On March 23, 2023, Plaintiffs filed the instant Motion to Compel with respect to discovery served on LeBlanc on February 6, 2023. (R. Doc. 98). Plaintiffs represent that LeBlanc did not provide any discovery responses and would not participate in a Rule 37 conference in light of his qualified immunity defense. (R. Doc. 98-1 at 2). Plaintiffs note in support of their motion that LeBlanc had not moved for a stay of discovery prior to the filing of the Motion to Compel. (R. Doc. 98-1 at 4). Plaintiffs did not, as required by the Court's local rules, "quote verbatim" the discovery requests at issue or otherwise provide the Court with a copy of the discovery requests as an attachment to the Motion to Compel. *See* LR 37. LeBlanc filed his opposition to this Motion to Compel only after seeking a stay of discovery in this action, as discussed below. (R. Doc. 100).

On April 4, 2023, LeBlanc and Smith filed the instant Motion to Stay on the grounds that they have both raised the defense of qualified immunity in their respective Motions to Dismiss. (R. Doc. 99). Plaintiffs oppose a stay of discovery to the extent it pertains to claims raised against these defendants in their official capacities or with respect to any of the remaining defendants. (R. Doc. 101).

**II.     Law and Analysis**

    **A.     Legal Standards**

Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc,* 134

F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garret,* 571 F.2d 302, 3026 (5th Cir. 1990) (citation omitted).

"Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

"The qualified immunity defense affords government officials not just immunity from liability, but immunity from suit." *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 525-26 (1985)). Qualified immunity shields government officials from individual liability for performing discretionary functions unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

The Fifth Circuit has clarified that all discovery involving a defendant raising the defense of qualified immunity must be stayed until resolution of the defense of qualified immunity:

> The Supreme Court has now made clear that a plaintiff asserting constitutional claims against an officer claiming [qualified immunity] must survive the motion to dismiss without *any* discovery.

*Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022). In *Carswell*, the Fifth Circuit concluded that a district court abused its discretion by deferring its ruling on a motion to dismiss on qualified immunity grounds and subjecting the public official defendants to discovery on the plaintiff's *Monell* claims, which created an undue burden in light of increased litigation costs and complications caused by bifurcated discovery. *Id*. at 310-314. The Fifth Circuit expressly held that the required stay of discovery is not limited to claims to which the defense of qualified immunity is raised. *Id*.

5

In so ruling, the Fifth Circuit highlighted the Supreme Court's concerns about the burdens of litigation imposed on public officials. It also noted that these same burdens would be present if the Court allowed discovery to proceed against defendants in different capacities or against co-defendants that make no claim for qualified immunity:

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Id*. at 313 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009)). "In other words, the Court ruled out even 'minimally intrusive discovery' against official defendants before a ruling that plaintiff had met his burden to overcome the qualified immunity defense at the pleading stage." *Carswell*, 54 F.4th at 313 (quoting *Iqbal*, 556 U.S. at 686).

Consistent with *Carswell*, the undersigned has stayed all discovery where a defendant has alleged qualified immunity and there was no practical manner to allow discovery to proceed against a co-defendant that has not raised a defense of qualified immunity without prejudicing the defendants who have raised the defense of qualified immunity. *See Kador v. Gautreaux*, No. 23-11-SDD-RLB, 2023 WL 3102559 (M.D. La. Apr. 26, 2023); *Miller v. LeBlanc*, No. 21-353-BAJ-RLB, 2022 WL 17490971 (M.D. La. Dec. 7, 2022); *Henderson v. Bd. of Supervisors,* No. 21-297-JWD-RLB, 2022 WL 2654978 (M.D. La. July 8, 2022); *Cavalier v. La Dept. of Pub. Safety & Corrections, et al*., No. 21-656-JWD-RLB, 2022 WL 3456533 (M.D. La. Aug. 17, 2022).[1]

---

[1] The *Henderson* and *Cavalier* decisions relied on the now-withdrawn version of the *Carswell* opinion. *See Carswell v. Camp*, 37 F.4th 1062 (5th Cir. 2022), *opinion withdrawn and superseded on denial of reh'g,* 54 F.4th 307 (5th Cir. 2022).

**B.     Analysis**

LeBlanc and Smith seek a stay of discovery until at least June 15, 2023, or until the district judge has ruled on their pending Motions to Dismiss. (R. Doc. 99). In support of the requested stay, LeBlanc and Smith primarily rely on the *Carswell* decision.

In opposition to the Motion to Stay, Plaintiffs argue that LeBlanc and Smith's "expansive interpretation" of the *Carswell* decision is at odds "with Fifth Circuit's long standing and valid precedent which does not permit blanket stays of discovery." (R. Doc. 101 at 2). In making this argument, Plaintiffs do not rely on *Carswell* or this Court's decisions relying on *Carswell*. Instead, Plaintiffs ask this Court to allow discovery in accordance with *Lion Boulos v. Wilson*, 834 F.2d 504 (5th Cir. 1987). (R. Doc. 101 at 2-6).

Plaintiffs are correct that the original *Carswell* decision explicitly overruled *Lion Boulos* and its progeny. *See Carswell*, 37 F.4th 1062 (5th Cir. 2022). That opinion was withdrawn.[2] The superseding decision instead states that, with respect to *Lion Boulos* and its progeny, the Fifth Circuit panel is "clarify[ing] the governing law" and "harmoniz[ing] [the] circuit's discovery practices with the Supreme Court's instructions." *Carswell*, 54 F.4th at 314. This Court will follow the clarification of the law as set forth in the *Carswell* decision.

The *Carswell* decision clarified the limitations of the discovery allowed under *Lion Boulos* by emphasizing three points. First, the purpose of this limited discovery is "only" to allow the district court to rule on the defendant's assertions of qualified immunity; it's purpose is "*not* to provide a backdoor for plaintiffs to circumvent the defendant's immunity from suit."

---

[2] Plaintiffs speculate that the original *Carswell* opinion was withdrawn because a Fifth Circuit panel cannot overrule a previous Fifth Circuit panel. (R. Doc. 101 at 3). *See United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014) ("It is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our en banc court.") (quoting *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (6th Cir. 2008)).

*Carswell*, 54 F.4th at 311 (citing *Backe v. LeBlanc*, 691 F.3d 645, 649 (5th Cir. 2012)). Second, the defendant-official asserting qualified immunity may seek an immediate appeal under the collateral order doctrine to challenge whether "any pre-ruling discovery sought or ordered in the district court crosses the line from permissible *Lion Boulos* discovery to impermissible vitiation of the official's immunity from suit." *Carswell*, 54 F.4th at 311 (citing *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021)). Finally, "*Lion Boulos* and its progeny must be understood in light of subsequent Supreme Court precedent. The Supreme Court has now made clear that a plaintiff asserting constitutional claims against an officer claiming QI [qualified immunity] must survive the motion to dismiss without *any* discovery." *Carswell*, 54 F.4th at 311 (5th Cir. 2022) (discussing *Iqbal*, 556 U.S. 662)).

The *Carswell* decision summed up its clarification of the law, including *Lion Boulos* as limited by *Iqbal*, by emphasizing that a determination of whether the defendants are entitled to qualified immunity at the motion to dismiss stage must be made before any discovery is allowed:

> None of this means, of course, that the QI determination must be made once-and-for-all at the motion-to-dismiss stage. Today we only hold that where the pleadings are insufficient to overcome QI, the district court *must* grant the motion to dismiss without the benefit of pre-dismissal discovery. Similarly, where the pleadings are sufficient to overcome QI, the district court *must* deny the motion to dismiss without the benefit of pre-dismissal discovery. In the latter scenario, however, our precedent gives the defendant-official at least two choices after his motion to dismiss is denied. First, the defendant can immediately appeal the district court's denial under the collateral order doctrine. *See Backe*, 691 F.3d at 647–49; *Mitchell*, 472 U.S. at 526–27, 105 S.Ct. 2806. Or second—à la *Lion Boulos* and its progeny—the defendant can move the district court for discovery limited to the factual disputes relevant to whether QI applies, then reassert QI in a summary judgment motion. *Hutcheson v. Dallas Cnty.*, 994 F.3d 477, 481 (5th Cir. 2021) ("Before limited discovery is permitted, a plaintiff seeking to overcome QI must assert facts that, if true, would overcome that defense."). Why does the defendant alone enjoy this choice? Because only the defendant-official enjoys qualified immunity from suit. *See Iqbal*, 556 U.S. at 685, 129 S.Ct. 1937 ("The basic thrust of the qualified-immunity doctrine is to free *officials* from the concerns of litigation, including avoidance of disruptive discovery." (emphasis added) (quotation omitted)).

8

*Carswell*, 54 F.4th at 312.

Having reviewed the record and the applicable law, the Court finds it appropriate to stay all discovery in this action until resolution of the pending Motions to Dismiss. In granting LeBlanc's previous motion to dismiss, the district judge summarized the law governing qualified immunity and discovery, holding that Plaintiffs were "not entitled to any discovery at this time" because they failed to overcome qualified immunity in their pleading and the Court did not have any difficulty reaching that conclusion without further clarification of the facts. (R. Doc. 59 at 37-39). While Plaintiffs were provided another opportunity to amend their pleading, that Third Amended Complaint is now subject to further qualified immunity challenges. Accordingly, it is appropriate for the Court to stay discovery until the district judge can determine whether the Third Amended Complaint, without more, survives the qualified immunity challenges raised by LeBlanc and Smith.

To be clear, the *Carswell* decision forecloses any discovery involving LeBlanc and Smith while their qualified immunity defenses remains pending. Given the assertions of the qualified immunity defense, the Court must stay all discovery with respect to these defendants, including discovery pertaining to claims to which the qualified immunity defense does not apply, because such discovery would present an undue burden to LeBlanc and Smith. *Carswell*, 54 F.4th at 313-314.

Furthermore, the Court finds no plausible manner in which discovery could proceed against the remaining defendants without implicating, and unduly burdening, LeBlanc and Smith. Plaintiffs suggest that the elements related to the claims brought against the LaSalle Defendants and Sheriff Byrd with respect to their knowledge, patterns, customs, and practices at MPCC do not implicate the qualified immunity defenses raised by LeBlanc and Smith, and that

9

written discovery regarding LeBlanc and Smith as sued in their official capacities should also be allowed to proceed. (R. Doc. 101 at 4-6). The Court disagrees. All discovery with respect to LeBlanc and Smith must be stayed until the Motions to Dismiss are decided. *Carswell*, 54 F.4th at 311. Furthermore, the underlying factual allegations are so intertwined that allowing discovery to proceed against any of the other defendants would inherently, and inappropriately, require LeBlanc and Smith to participate in the discovery process. *Iqbal*, 556 U.S. at 68-65. ("Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery."). The Court finds no plausible manner in which bifurcated discovery could proceed with respect to the other defendants without implicating, and unduly burdening, LeBlanc and Smith.[3]

Given the allegations in this action, as well as the Fifth Circuit's directives in *Carswell*, the Court finds it appropriate to stay all discovery in this action until resolution of the pending Motions to Dismiss. Even if such discovery is not completely foreclosed by *Carswell*, the Court finds good cause pursuant to Rule 26(c) to stay all discovery given the undue burden that such discovery would impose on LeBlanc and Smith while their qualified immunity defenses are pending.

## III.  Conclusion

**IT IS ORDERED** that the James LeBlanc and Seth Smith's Motion to Stay Discovery (R. Doc. 99) is **GRANTED**, and discovery is **STAYED** until further order of the Court.

**IT IS FURTHER ORDERED** that Plaintiffs' First Motion to Compel Discovery from Secretary LeBlanc (R. Doc. 98) is **DENIED** in light of the forgoing stay of discovery and

---

[3] The Court notes again that prior to the filing of the instant motions, Plaintiffs sought and obtained written discovery from Sheriff Byrd and the LaSalle Defendants. It appears that most (if not all) of the remaining discovery regarding those defendants would consist of depositions, which would unduly burden LeBlanc and Smith, who would need to participate (through counsel) to protect their interests.

violation of Local Rule 37. Plaintiffs may re-serve the written discovery requests at issue in the Motion to Compel, if applicable, after the resolution of Defendant James LeBlanc and Seth Smith's Motions to Dismiss. (R. Docs. 66, 91).

**IT IS FURTHER ORDERED** that the parties shall contact the undersigned after the resolution of the Motions to Dismiss (R. Docs. 66, 91) for the issuance of new discovery deadlines if necessary.

**IT IS FURTHER ORDERED** that the parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on May 16, 2023.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**