| | | |
|---|---|---|
| JAMES MURRAY; LATAVIUS PASCHAL; ANTONE HENDERSON, Plaintiffs <br><br> Versus <br><br> JAMES LEBLANC, SECRETARY OF DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, et al. <br><br><br> Defendants | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | Civil Docket Number: <br> 3:21-cv-592-JWD-RLB <br><br> JUDGE: <br> JOHN W. DEGRAVELLES <br><br> MAGISTRATE: <br> RICHARD L. BOURGEOIS |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFFS' MOTION TO ENFORCE THIS COURT'S ORDER TO COMPEL**
**DISCOVERY RESPONSES FROM**
**MADISON PARISH SHERIFF SAMMIIE BYRD AND LASALLE DEFENDANTS**

Plaintiffs, through undersigned counsel, respectfully move this Court to enforce its Order Compelling Production of Discovery from Defendant Madison Parish Sheriff Sammie Byrd and Defendants Arthur Anderson, Chris Stinson, Tommy Farmer, Steven Chase, Cantrell Guice, John Murray, Wendell Hughes, Edward McDowell, Jonathan Knox, Jonti Shepherd, Esco Tillman, and Robert Thornton (hereinafter "LaSalle Defendants") and direct Defendants to respond to requests for production Plaintiffs have propounded in the normal course of discovery.

I.    **Procedural History**

On February 15, 2023, this Court partially granted Plaintiffs' First Motion to Compel Discovery Responses from Madison Parish Sheriff Sammie Byrd and LaSalle Defendants.[1] The Court limited the temporal scope of Plaintiffs requests from January 1, 2019, to June 1, 2021, and limited the ordered production to documents pertaining to Madison Parish Correctional Center

---

[1] ECF No. 90.

(MPCC) Plaintiffs request that this Court order Defendants to produce these responsive documents or offer a definitive statement that Defendants have failed to preserve these documents, but within this scope found that Plaintiffs' Requests for Production related to the following areas were discoverable:

- Information regarding Other Prisoners (36, 57, 61)

- Staffing and Organizational Structure (1,7, 8, 14, 15, 16, 17, 20, 27)

- Employee Management and Discipline (21, 23, 47.g)

- Contracts (24)

- Billing and Hospital Records (25, 26)

- Training Records (31, 32, 33)

- Investigations, Classification, and Critical Incident Responses (34, 43, 45, 46, 50, 51, 52, 53)

- Disciplinary Practices (47, 48, 49)

- Personnel Files of Named Defendants (63)

The Court ordered that "Defendants shall produce supplemental discovery responses and productions consistent with the body of this Order," "on or before March 24, 2023."[2] Further, the Court directed that, at this time of production, "Defendants must certify that they have conducted a diligent search and identify the efforts made to locate responsive documents and information."[3]

Defendants made a limited discovery production on March 24, 2023, but failed to produce all documents held by this Court to be within the scope of discovery or to definitively represent that discoverable documents did not exist.[4] Although Defendants certified that they conducted a

---

[2] Id.at 22.
[3] Id.
[4] Exhibit 1, March 24, 2023, Supplemental Responses. See e.g., responses to RFP 6 – 17, RFP 21-23, RFP 27, RFP 31-33, RFP 46, RFP 49, RFP 51, and RFP 53. Although Defendants certified that they conducted a diligent search for

diligent search for documents and listed terms for which they searched, a majority of the responses indicated that Defendants had still not completed searches of electronically stored information (ESI) to determine if responsive documents existed.[5]  Rather than burden the Court with an enforcement motion immediately upon Defendants' failure to meet the Court's deadline for production, Plaintiffs continued to work with Defendants to seek outstanding discovery.[6] Defendants began providing some discovery weekly, but to date, significant discovery remains outstanding as catalogued below.

On May 16, 2023, this Court granted Defendant LeBlanc and Defendant Smith's motion to stay discovery.[7] The Court, operating from the reasonable position that LaSalle Defendants had complied with this Court's prior order compelling discovery by March 24, 2023, stated that "most (if not all) of the remaining discovery regarding those defendants would consist of depositions, which would unduly burden LeBlanc and Smith who would need to participate through counsel to protect their interests."[8]

As detailed below, significant portions of written discovery and document production that Plaintiffs have been seeking from the LaSalle Defendants since August of 2021 remain outstanding. On May 22, 2023, Plaintiffs again reached out to LaSalle Defendants listing outstanding discovery and the corresponding Request for Production to continue production of discovery as part of a continuing effort to obtain previously compelled discovery responses without

---

documents and listed terms for which they searched, a majority of the responses indicated that Defendants had still not completed ESI searches to determine if responsive documents existed.

[5] Exhibit 1, March 24, 2023, Supplemental Response at 3. Specifically Defendants stated "…if responsive documents are found in the ESI referenced herein, the Defendants will provide any such documents via supplement hereto." See responses to RFP 6 – 17, RFP 21-23, RFP 27, RFP 31-33, RFP 46, RFP 49, RFP 51, and RFP 53.

[6] Starting April 3, 2023, Plaintiffs began to exchanging weekly emails and conducted multiple calls with counsel for Defendants, resulting in additional productions of documents on April 6, 2023, April 28, 2023 and May 5, 2023.

[7] ECF No. 102.

[8] ECF No. 102 at 10.

burdening this Court with another discovery motion.[9] In response , the LaSalle Defendants relied on this Court's order staying discovery, piggybacking on this Court's finding as to LeBlanc and Smith to shirk their obligations to produce responsive documents that were due months ago by any measure.[10] The LaSalle Defendants are not entitled to assert qualified immunity and have not done so.[11] Further, the outstanding written discovery seeks information that is in the possession and control of the LaSalle Defendants, the production of which in no way burdens LeBlanc or Smith. Thus, the Court's order staying discovery that implicates the interests of Defendants Smith and LeBlanc does not necessitate a cease in production of discovery from LaSalle Defendants that should have been produced months ago.

## II.    Outstanding Discovery

Plaintiffs request that this Court order Defendants to produce all previously-compelled documents or offer a definitive statement that Defendants either never had responsive documents or have failed to preserve such documents, as detailed below:

- **RFP 1, 7, 14, 15, 16:  Staffing records**

Plaintiffs requested documents reflecting approved staffing and staffing deployment. Defendants have stated that they do not have responsive records, but that they were continuing to review ESI to determine if responsive records existed.[12]

In the course of depositions, multiple defendants and witnesses testified that staff deployments and staff attendance for each shift were documented on "drop sheets" which would be responsive to these requests related to staffing.[13] Several of witnesses testified that these "drop

---

[9] Exhibit 2, May 22, 2023 Email from Elizabeth Cumming to Bradford Calvit
[10] Exhibit 3, May 25, 20203 Correspondence from Bradford Calvit to Elizabeth Cumming.
[11] Sanchez v. Oliver, 995 F.3d 461, 467 (5th Cir. 2021) (holding that "an employee of a large firm systematically organized to perform the major administrative task of providing mental healthcare at state facilities—is categorically ineligible for qualified immunity."); Moore v. LaSalle Mgmt. Co., L.L.C., 41 F.4th 493, 508 (5th Cir. 2022) (accord).
[12] Exhibit 1, March 24, 2023, Supplemental Responses.
[13] See, e.g., Exhibit 4, Deposition of Cantrell Guice, 131:20-133:16; 135:21-136:5; 187:16-25.

sheets" were sent as email attachments to various ranking staff members at MPCC or were maintained in file boxes placed in storage.[14]

Additionally, multiple defendants and witnesses testified that Human Resources generated lists or rosters of staff employed at MPCC which were emailed as attachment to ranking staff members at MPCC.[15]

Finally, multiple defendants testified that the ranking officer on shift would send by email attachment "a shift packet" which included "drop sheets," staff absences, staff who were called in, vacant positions, and staff assignments.[16]

Thus, contrary to Defendants' suggestion that these requests would require an exhaustive manual search through individual personnel files, records maintained in the ordinary course of business, and available in a central repository, are easily locatable and producible. None of these documents have been provided to Plaintiffs to date. Plaintiffs request that this Court order Defendants to produce documents described in depositions or offer a definitive statement that Defendants have failed to preserve these documents.

- **RFP 17: Organizational structure**

In their March 24, 2023, response, contrary to this Court's order, Defendants continued to hedge regarding the existence of documentation of an organizational chart by indicating that such a document may exist in ESI. To date no documentation relating to organization structure has been produced, nor have Defendants stated definitively that no such documentation exists. Plaintiffs request that this Court order Defendants to produce responsive documents or offer a definitive statement that Defendants have failed to preserve these documents.

---

[14] This testimony was elicited from Tommy Farmer and Steven Chase. Plaintiffs do not yet have these deposition transcripts but will supplement the record when these transcripts are available.
[15] See n.13.
[16] See n.13.

- **RFP 21: Reports and summary data related to staff attrition, promotions, demotions, and departures**

In their March 24, 2023, response, contrary to this Court's order, Defendants continue to hedge regarding the existence of documentation staff attrition, promotions and departures by indicating that such a document may exist in ESI.[17] To date some limited documentation related to specific personnel files have been provided, but no documentation relating to summary reports responsive to these requests have been provided nor have Defendants stated definitively that no such documentation exists. Plaintiffs request that this Court order Defendants to produce responsive documents or offer a definitive statement that Defendants have failed to preserve these documents.

- **RFP 36, 61: Individual records**

Defendants provided some responsive production for individual prisoner records, but failed to produce records related to Demontrel Riley, DeCarlin Anderson, and Vic Meadows.[18]

- **RFP 46: Classification**

In their March 24, 2023, responses, Defendants offered assurances that necessary classification was occurring but cannot produce any of the requested documents. Again, contrary to this Court's order, Defendants hedge their statements that no such documents exist based on ESI records that Defendants have not reviewed.[19]

Further, Defendant McDowell testified that he had certain policies related to classification from the Louisiana Department of Public Safety and Corrections (DPSC) in his control which have still not been provided to Plaintiffs.[20]

---

[17] Exhibit 1, March 24, 2023, Supplemental Responses.
[18] Exhibit 1, March 24, 2023, Supplemental Responses.
[19] Exhibit 1, March 24, 2023, Supplemental Responses.
[20] Exhibit 5, Deposition of Edward McDowell, 81:7-83:10.

Plaintiffs request that this Court order Defendants to produce responsive documents, including those described in depositions, or offer a definitive statement that Defendants have failed to preserve these documents.

- **RFP 48, 49: Disciplinary policies**

In their March 24, 2023, responses, Defendants indicated that they were seeking to locate these policies. Deposition testimony from witnesses and defendants indicated that DPSC policies and practices related to disciplinary procedures where within the possession and control of LaSalle Defendants.[21] To date, no policies have been produced.

Plaintiffs request that this Court order Defendants to produce responsive documents, including those described in depositions, or offer a definitive statement that Defendants have failed to preserve these documents.

- **RFP 34, 43, 45, 47, 48, 50, 51, 52, 43: Documents relating to investigations, classification, and disciplinary actions after critical incidents**

Defendants have produced a number of critical incident reports for 2020 and 2021, but a number remain missing based on the critical incident logs provided. A complete list of missing critical incident reports has been provided to the LaSalle Defendants.[22] According to the Critical Incident Report Policy produced by Defendants, all critical incident reports are to be sent via email to a central address, suggesting these materials should exist in electronically stored or digital format.[23] To date, Defendants have failed to produce missing critical incident reports in the list provided to Plaintiffs.

---

[21] Exhibit 1, March 24, 2023, Supplemental Responses.
[22] Exhibit 2, May 22, 2023 Email from Elizabeth Cumming to Bradford Calvit.
[23] Exhibit 6, Critical Incident Reporting Policy at 9.

Plaintiffs request that this Court order Defendants to produce responsive documents, including those described in depositions, or offer a definitive statement that Defendants have failed to preserve these documents.

- **RFP 63: Personnel Records**

Defendants have failed to provide personnel records for Defendant Steven Chase. Plaintiffs request that this Court order Defendants to produce these responsive documents or offer a definitive statement that Defendants have failed to preserve these documents.[24]

- **RFP 1, 6, 7, 8, 14, 15, 16, 21, 27, 31, 43, 45, 47, 48, 49: Agendas, notes, meeting minutes, and other attachments referenced in ESI produced to this point**

Defendants produced some ESI on April 28, 2023. Based on review of that ESI, weekly meetings started with "a run-down of our facility staffing needs and statuses" but minutes, notes, and agendas from these meetings have not been produced. Additionally, staff meetings with all captains and lieutenants were held on February 25, 2020, April 8, 2020, April 13, 2020, June 26, 2020, August 3, 2020, August 24, 2020, October 6, 2020, and March 24, 2021. A supervisors meeting was scheduled for September 9, 2020. No meetings, notes, agendas, or other information related to these meetings has been provided to date. The only meeting minutes, notes, and agenda provided relate to clinical staff.

Plaintiffs request that this Court order Defendants to produce these responsive documents or offer a definitive statement that Defendants have failed to preserve these documents.

III. **Requests for Sanctions against Defendants and an Order to Pay Fees and Costs**

When Plaintiffs reached out to the LaSalle Defendants about continuing discovery production,[25] Defendants took the position that the discovery stay extended retroactively to

---

[24] Exhibit 1, March 24, 2023, Supplemental Responses; Exhibit 2, May 22, 2023 Email from Elizabeth Cumming to Bradford Calvit.
[25] Exhibit 2, May 22, 2023, Email from Elizabeth Cumming to Bradford Calvit with attachment.

previously-compelled discovery.[26] Defendants also belatedly stated objections of vagueness and overbreadth to written discovery requested issued on August 26, 2022. In ordering Defendants to produce documents, this Court limited the time period of the documents to be produced to January 1, 2019, through June 1, 2021, but otherwise found Plaintiffs' requests related to the outstanding discovery listed above to be neither overbroad nor vague.[27] Further, in the many weekly conversations about discovery production that have occurred in the ten months since discovery was first propounded, and during the three months since discovery was to be produced in accordance with this Court's order, Defendants have never suggested that they did not understand what needed to be produced.

Defendants failure to produce documents that have been requested for ten months, and their flagrant violation of this Court's order, have occupied this Court's resources and the resources of Plaintiffs' counsel. This Court's recourse against recalcitrant parties in discovery is outlined in Fed. R. 37(b):

A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent … fails to obey an order to provide or permit discovery … the court where the action is pending may issue further just orders. They may include the following:

(i)     directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)   striking pleadings in whole or in part;

(iv)    staying further proceedings until the order is obeyed;

(v)     dismissing the action or proceeding in whole or in part;

---

[26] Exhibit 3, May 25, 2023 Correspondence from Bradford Calvit to Elizabeth Cumming.
[27] ECF No. 90 at 9-12, 17, 20-22.

(vi)     rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Thus, this Court has authority to find LaSalle's officers, directors, and managing agents in contempt for failing to comply with this Court's directive to produce discovery, and to order Defendants to produce outstanding discovery on an expedite timeline. Plaintiffs request that this Court use its authority to do so.

Further, pursuant to Rule 37(a)(5), Plaintiffs request this Court grant an award of reasonable attorney's fees for time spent preparing the initial motion to compel, time spent identifying outstanding documents (including through portions of depositions), time spent identifying document production and maintenance practices, and time spent preparing the instant motion.[28]

Accordingly, Plaintiffs respectfully request that this Court find LaSalle's officers in contempt of court for failing to comply with this Court's order to produce discovery; order the LaSalle Defendants to produce all outstanding discovery or definitively state that it failed to preserve documents it cannot produce as outlined above within one week of the entry of the Court's order; and order the LaSalle Defendants to pay reasonable attorney's fees and costs associated with resolution of Defendants' flagrant violations of the discovery process and this Court's order.

---

[28] Lysne v. Louisiana Windows & Doors, L.L.C., No. CV 17-1612-BAJ-RLB, 2018 WL 5831258, at *2 (M.D. La. Nov. 6, 2018) (ordering defendants to pay reasonable attorney's fees with the parties to attempt to resolve the amount of fees amongst themselves, and failing resolution allowing Plaintiffs fourteen days to file for fees and costs with requisite evidentiary support); Sabree v. Whelan Sec. Co., No. CV 17-1100-BAJ-RLB, 2019 WL 511837, at *2 (M.D. La. Feb. 8, 2019) (accord); Wright v. Bd. of Commissioners of Cap. Area Transit Sys., No. CV 20-644-SDD-RLB, 2022 WL 266070, at *3 (M.D. La. Jan. 14, 2022)(accord).

Respectfully submitted,

s/ Elizabeth Cumming
**ELIZABETH CUMMING (**Bar Roll No. 31685), T.A.
**EMILY WASHINGTON** (Bar Roll No. 34143)
Roderick and Solange MacArthur Justice Center
4400 S. Carrollton Ave.
New Orleans, LA 70119
Phone: (504) 620-2259
Fax: (504) 208-3133
elizabeth.cumming@macarthurjustice.org
emily.washingting@macarthurjustice.org

Date: June 15, 2023