UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMES MURRAY; LATAVIUS PASCHAL; ANTONE HENDERSON,<br>Plaintiffs<br><br>Versus<br><br>JAMES LEBLANC, SECRETARY OF DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, et al.<br><br>Defendants | *<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Civil Docket Number:<br>3:21-cv-592-JWD-RLB<br><br>JUDGE:<br>JOHN W. DEGRAVELLES<br><br>MAGISTRATE:<br>RICHARD L. BOURGEOIS |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION TO ENFORCE THIS COURT'S ORDER TO COMPEL
DISCOVERY RESPONSES FROM
MADISON PARISH SHERIFF SAMMIIE BYRD AND LASALLE DEFENDANTS**

Plaintiffs, through undersigned counsel, seeks to supplement their Motion to Enforce the Court's Order Compelling Production of Discovery from Defendant Madison Parish Sheriff Sammie Byrd and Defendants Arthur Anderson, Chris Stinson, Tommy Farmer, Steven Chase, Cantrell Guice, John Murray, Wendell Hughes, Edward McDowell, Jonathan Knox, Jonti Shepherd, Esco Tillman, and Robert Thornton (hereinafter "LaSalle Defendants").[1]

Plaintiffs filed their motion to enforce the Court's order on June 15, 2023.[2] LaSalle Defendants opposed primarily citing the District Court's grant of Defendant James LeBlanc and Defendant Seth Smith's motion to stay discovery.[3] LaSalle Defendants offer no substantive objection to the discovery Plaintiffs continue to seek, rather "Defendants aver that said production

---
[1] ECF No. 105.
[2] ECF No. 105.
[3] ECF NO. 106 at 7,13.

1

would have continued apace"[4] but for the order staying written discovery from Smith and LeBlanc and all deposition discovery.

In granting LeBlanc and Smith's motion to stay this Court ordered that discovery would be stayed until further order of the Court and that discovery could be re-served on Smith and LeBlanc "after the resolution of Defendant James LeBlanc and Seth Smith's Motions to Dismiss."[5] On August 31, 2023, the District Court denied Smith and LeBlanc's motion to dismiss, removing the basis of the Court's order staying discovery.[6] When Plaintiffs requested LaSalle Defendants produce outstanding discovery in light of the District Court's denial of Smith and LeBlanc's motion to dismiss, the LaSalle Defendants maintained their position that this Court's order staying discovery still pertained to written discovery they had been ordered to produce months prior to the stay.[7]

Plaintiffs re-urge the position set forth in their original motion, that the discovery stay does not give LaSalle Defendants license to flout this Court's order.[8] Plaintiffs file this supplement as LaSalle Defendants' position is even more untenable in light of the Court's denial of Smith and LeBlanc's qualified immunity defense[9] which was the exclusive basis for staying discovery.[10]

As noted above, this Court has permitted discovery to be re-served on LeBlanc and Smith immediately upon resolution their motion to dismiss.[11] The LaSalle Defendants, who as private

---

[4] ECF No. 106 at 13. Plaintiffs observe that Defendants' suggestion that discovery production would have continued "apace" is cold comfort in light of the fact that discovery was propounded in August 2022, this Court ordered discovery production to be completed by March 24, 2023, but Defendants reported efforts to locate responsive documents were still on going in May 2023.
[5] ECF No. 102 at 11. Plaintiffs are preparing to re-serve discovery on Smith and LeBlanc and to request issuance of new discovery deadlines in accordance with the Court's Order.
[6] ECF No. 107.
[7] Exhibit 1, Email correspondence between Elizabeth Cumming and Eli Meaux.
[8] ECF No. 90.
[9] ECF No. 107 at 17.
[10] ECF No. 102 at 9 (staying "discovery in this action until resolution of the Pending Motions to Dismiss").
[11] ECF No. 102 at 11.

actors are not intended beneficiaries of qualified immunity,[12] should not enjoy more protection from the obligations of discovery than the parties proffering the qualified immunity defense.

In light of the Court's denial of Smith and LeBlanc's motion to dismiss, Plaintiffs respectfully re-urge their motion to enforce this Court's Order compelling LaSalle defendants to produce outstanding discovery as soon as possible. Plaintiffs further respectfully re-urge their requests for LaSalle Defendants to bear the cost of fees, costs and sanctions for their continued failure to abide by this Court's February 15, 2023 order compelling production of documentary discovery.[13]

Respectfully submitted,

s/ Elizabeth Cumming
**ELIZABETH CUMMING (**Bar Roll No. 31685), T.A.
**EMILY WASHINGTON** (Bar Roll No. 34143)
Roderick and Solange MacArthur Justice Center
4400 S. Carrollton Ave.
New Orleans, LA 70119
Phone: (504) 620-2259
Fax: (504) 208-3133
elizabeth.cumming@macarthurjustice.org
emily.washingting@macarthurjustice.org

Date: September 12, 2023

---

[12] Sanchez v. Oliver, 995 F.3d 461, 467 (5th Cir. 2021) (holding that "an employee of a large firm systematically organized to perform the major administrative task of providing mental healthcare at state facilities—is categorically ineligible for qualified immunity."); Moore v. LaSalle Mgmt. Co., L.L.C., 41 F.4th 493, 508 (5th Cir. 2022) (accord).
[13] ECF No. 90.