UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES MURRAY, ET AL.                                                CIVIL ACTION

VERSUS                                                                       NO. 21-592-JWD-RLB

JAMES LEBLANC, ET AL.

## ORDER

Before the Court is Plaintiffs' Motion to Enforce This Court's Order to Compel Discovery Responses from Madison Parish Sheriff Sammie Byrd and LaSalle Defendants ("Motion to Enforce"). (R. Doc. 105). The motion is opposed. (R. Doc. 106).

Plaintiffs commenced this action on October 15, 2021 raising various allegations regarding their confinement at the Madison Parish Correctional Center ("MPCC"). (R. Doc. 1).

The operative pleading, Plaintiffs' Third Amended Complaint, names the following as defendants: James LeBlanc ("LeBlanc"), the Secretary of the Louisiana Department of Public Safety and Corrections ("DPSC"); Seth Smith ("Smith"), Chief of Operations of DPSC; Sammie Byrd, the Sheriff of Madison Parish ("Sheriff Byrd"); LaSalle Management, LLC ("LaSalle"), the privately-owned operator of MPCC; and various wardens and correctional officers at MPCC (Arthur Anderson, Chris Stinson, Tommy Farmer, Steven Chase, Cantrell Guice, John Murray, Wendell Hughes, Edward McDowell, Johnathan Knox, Jonta Shepherd, Esco Tillman, and Robert Thornton). (R. Doc. 64). LaSalle and the individuals employed at MPCC are collectively referred to as the "LaSalle Defendants."

On August 26, 2022, Plaintiffs served 63 requests for production on Sheriff Byrd and the LaSalle Defendants. (R. Doc. 68-2). These defendants provided preliminary and partial responses. (R. Doc. 68-5; R. Doc. 68-6).

On November 22, 2022, Plaintiffs filed a motion to compel seeking supplemental responses and productions with respect to several of the requests for production. (R. Doc. 68). While the motion was pending, the Court issued a Stipulated Protective Order for the Privacy of Protected Health Information. (R. Doc. 86).

On February 15, 2023, the Court issued an order granting in part, and denying in part, Plaintiffs' motion to compel directed at Sheriff Byrd and the LaSalle Defendants. (R. Doc. 90). The Court ordered these defendants to provide supplemental discovery responses and productions consistent with the body of the discovery order on or before March 24, 2023, further requiring these defendants, at the time of production, to certify that they had conducted a diligent search and to identify the efforts made to locate responsive documents and information. (R. Doc. 90 at 22).

On March 24, 2023, Sheriff Byrd and the LaSalle Defendants provided supplemental responses and productions as ordered. (R. Doc. 105-3).

On April 7, 2023, LeBlanc and Smith filed a motion to stay discovery in light of their previously filed motions to dismiss, which raised the defense of qualified immunity. (R. Doc. 99).

On May 16, 2023, the Court granted the foregoing motion, staying "all discovery" in the action until resolution of the pending motions to dismiss, in accordance with *Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022) and Rule 26(c) of the Federal Rules of Civil Procedure. (R. Doc. 102).

On May 22, 2023, Plaintiffs' counsel sent an email seeking additional supplemental productions of outstanding documents in accordance with the Court's discovery order, notwithstanding the issuance of the Court's stay of discovery. (R. Doc 105-4). Sheriff Byrd and

the LaSalle Defendants refused to conduct any additional discovery given the Court's stay of discovery.

On June 15, 2023, Plaintiffs filed the instant Motion to Enforce. (R. Doc. 105). Plaintiffs represent that "[s]ignificant portions of written discovery and document production that Plaintiffs have been seeking from the LaSalle Defendants since August of 2021 remain outstanding." (R. Doc. 1-5 at 3). Plaintiffs further represent that Sheriff Byrd and the LaSalle Defendants "made a limited discovery production on March 24, 2023, but failed to produce all documents held by this Court to be within the scope of discovery or to represent that discoverable documents did not exist." (R. Doc. 105 at 2). Plaintiffs argue that the supplemental discovery responses are insufficient with respect to the following: staffing records (Requests for Production Nos. 1, 7, 14, 15, 16); organizational structure (Request for Production No. 17); reports and summary data related to staff attrition, promotions, and demotions (Request for Production No. 21); individual records (Request for Production Nos. 36, 61); classification (Request for Production No. 46); disciplinary policies (Request for Production Nos. 48, 49); documents relating to investigations, classification, and disciplinary actions after critical incidents (Request for Production Nos. 34, 43, 4547, 48, 50, 51, 52, 53); personnel records (Request for Production No. 63); and agendas, notes, meeting minutes, and other attachments referenced in ESI produced to this point (Request for Production Nos. 1, 6, 7, 8, 14, 15, 16, 21, 27, 31, 43, 45, 47, 48, 49). Plaintiffs seek an order finding Sheriff Byrd and the LaSalle Defendants in contempt under Rule 37(b) of the Federal Rules of Civil Procedure, requiring the production of "all documents responsive to all previously compelled discovery" or a statement that "they failed to preserve documents" that cannot be produced within one week of the Court's order, and for an award of reasonable attorney's fees and costs. (R. Doc. 105-2).

In opposition, Sheriff Byrd and the LaSalle Defendants represent that they did not learn until Plaintiff's May 22, 2023 email communication that "Plaintiffs considered that all discovery disputes that preexisted the issuance of the stay Order were still subject to ongoing discovery obligations." (R. Doc. 106 at 6-7). Sheriff Byrd and the LaSalle Defendants further represent that "the records provided in discovery were the records that were located by Defendants and which were responsive to the numerous Requests for Production" and it "is unknown" what additional documents may exist given that these defendants made no additional efforts after May 16, 2023 to locate discovery in light of the discovery stay. (R. Doc. 106 at 6). Sheriff Byrd and the LaSalle Defendants also detail their efforts to comply with the Court's discovery order, including the production of "roughly 10,394 pages," the taking of various depositions, and their difficulties in locating documents given the transfer of operations at MPCC to Security Management. (R. Doc. 106 at 4-6, 9-13). Finally, Sheriff Byrd and the LaSalle Defendants argue that an award of sanctions is inappropriate given that they "(1) worked with the Plaintiffs to comply with [the February 15, 2023 discovery] Order prior to the stay, and (2) the Defendants only ceased production based on their reasonable, good faith interpretation of the Order staying all discovery . . . ." (R. Doc. 106 at 13).

On August 31, 2023, the district judge denied the motions to dismiss filed by LeBlanc and Smith. (R. Doc. 107). Accordingly, the basis for the stay of discovery in this action has been resolved.

Having considered the record, the Court will deny the instant Motion to Enforce to the extent it seeks an award of sanctions. The record supports a finding that Sheriff Byrd and the LaSalle Defendants worked in good faith to meet the March 24, 2023 deadline set by the February 15, 2023 discovery order. The parties continued to work together with respect to

4

additional productions until the issuance of the Court's order staying discovery on May 16, 2023. (*See* R. Doc. 105 at 2-3). Notably, Plaintiff did not immediately seek any relief from the Court with respect to the supplemental responses and production timely provided by Sheriff Byrd and the LaSalle Defendants on March 24, 2023 as ordered. It was only after the Court stayed discovery that Plaintiff requested, in writing, further compliance with the discovery order. Given the breadth of the order staying "all discovery" in light of the raised qualified immunity defenses, the Court finds the actions of the Sheriff Byrd and the LaSalle Defendants to be appropriate.

That said, given that the district judge has ruled on the underlying motions to dismiss, the Court will lift the stay on discovery. The Court will require Sherriff Byrd and the LaSalle Defendants to comply fully with the Court's February 15, 2023 discovery order by approximately one month from the issuance of this ruling. To the extent additional issues remain with respect to the supplemental responses and production provided by Sheriff Byrd and the LaSalle Defendants at the end of this extended period, the parties must meet and confer, in good faith, regarding any remaining areas of dispute prior to seeking additional relief from the Court.

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Motion to Enforce This Court's Order to Compel Discovery Responses from Madison Parish Sheriff Sammie Byrd and LaSalle Defendants (R. Doc. 105) is **GRANTED IN PART and DENIED IN PART** consistent with the body of this Order. The parties shall bear their own costs.

**IT IS FURTHER ORDERED** that the Court's February 15, 2023 discovery order (R. Doc. 90) is **MODIFIED** to provide that **on or before October 10, 2023**, Sheriff Byrd and the LaSalle Defendants shall: (1) produce to Plaintiffs any additional supplemental discovery responses and productions consistent with the body of the February 15, 2023 discovery order (R.

5

Doc. 90); and (2) certify that they have conducted a diligent search and identify the efforts made to locate responsive documents and information. The parties shall meet and confer, in good faith, on or before **October 28, 2023** regarding any outstanding disputes regarding the supplemental discovery responses and productions.

**IT IS FURTHER ORDERED** that the stay on discovery is **LIFTED**. The parties shall file a joint status report on or before **September 25, 2023**. The status report shall identify any additional discovery deadlines requested by the parties.

Signed in Baton Rouge, Louisiana, on September 14, 2023.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**