UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE DIVISION

| | |
|---|---|
| **JAMES MURRAY, LATAVIUS PASCHAL, ANTONE HENDERSON** | **CIVIL ACTION NO: 3:21-CV-00592-JWD-RLB** |
| **VERSUS** | **JUDGE JOHN W. DEGRAVELLES** |
| **JAMES LEBLANC, SECRETARY OF DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, SHERIFF SAMMIE BYRD, ET AL** | **MAG. JUDGE RICHARD L. BOURGEOIS, JR.** |

**STATUS REPORT**
**RESPONSE TO COURT'S ORDER [DOC. 122]**

NOW INTO COURT, through undersigned counsel, come Defendants, LASALLE MANAGEMENT COMPANY, LLC. ("LaSalle"), ARTHUR ANDERSON, CHRIS STINSON, TOMMY FARMER, CANTRELL GUICE, JOHN MURRAY, WENDELL HUGHES, EDWARD MCDOWELL, JONATHAN KNOX, ROBERT THORNTON, SHERIFF SAMMY BYRD, JONTA D. SHEPPARD, JR., ESCO TILLMAN (hereinafter referred to as "Defendants"), who respectfully submit the following as required by the Court's Order [Doc. 122].

**Table of Contents**

Certification of Efforts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
I.   Specific Efforts to Review All Hard Copy Documents . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
II.  Specific Efforts Regarding ESI. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
III. Status of Attorney's Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
IV.  Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
Appendix
    Exhibit 1    April 6, 2023 Correspondence
    Exhibit 2    April 12, 2023 Correspondence
    Exhibit 3    April 28, 2023 Correspondence
    Exhibit 4    May 5, 2023 Correspondence
    Exhibit 5    December 22, 2023 Correspondence

**Certification of Efforts**

The Defendants certify that they have conducted a diligent search of all available records and provide the following discussion of their specific efforts in doing so. Regarding ESI, the Defendants have included, in their description of their specific efforts in producing same, information regarding the custodians whose records were searched, date ranges for the searches, dates searched, search terms used (including those supplied by the Plaintiffs), as well as the costs incurred for those efforts as so Ordered.

I.  **Specific Efforts to Review All Hard Copy Documents**

The Court has Ordered the Defendants to detail their specific efforts to review all hard copy documents in their possession, custody, and control in an effort to provide supplemental responses to Requests for Production as previously ordered.

Upon receiving the Requests for Production, counsel for Defendants reviewed the documents already in their (counsels') possession for potentially responsive documents. Contact was made with the Defendants[1] in order to acquire further documents which may have been responsive to those requests. Without delving into the specifics of attorney-client communications, the Defendants can report that this process was undertaken in the typical fashion, with discussions concerning which documents might be available and responsive to which requests, those documents being provided to counsel, and counsel reviewing same. Records concerning which documents were stored as physical copies and which only existed in the form of ESI were not kept.

Complicating matters, there was initial confusion about where certain documents could be

---

[1] As individual Defendants are unlikely to have personal possession of any responsive documents, retrieval of same has principally gone through LaSalle, the Sheriff, or Defendant Stinson, who remains employed at MPCC.

located. When LaSalle initially ceased operation of MPCC on May 31, 2021, it left certain documentation at the facility, including records such as logs, which concerned the care, custody, and control of the facility's detainees with the new management as it was anticipated that those records would be needed to continue operating the facility. However, the new management of MPCC eventually informed LaSalle that the records would not be maintained and in August of 2022 LaSalle retrieved roughly 150 boxes of records gathered by the new management of MPCC and transported them to a storage facility in Ruston, Louisiana. Even still, some records continued to be found at MPCC, including certain logs which were retrieved by counsel for Defendants in October of 2022. No documentation was kept as to the efforts made by the Defendants themselves to review the hard copy documents in their possession. However, those efforts led the Defendants to provided discovery responses to counsel which resulted in the production of thousands of pages of documents prior to the Plaintiffs' initial discovery motion.

After an initial wave of responsive documents was sent via correspondence on October 14, 2022, and in order to gather further documents which were not yet in the possession of counsel for the Defendant, Tannie Swent, a paralegal for the undersigned, traveled to the MPCC facility to review documents there and bring copies back to undersigned's office in Alexandria on October 18, 2022. There those documents were further reviewed, redacted where necessary, and submitted as responsive in the first formal Responses to Requests for Production on October 28, 2022.

As detailed in previous filings, a dispute arose based on those responses and the parties engaged in a collaborative process whereby some of those requests were narrowed and/or clarified. Additional documents were produced on November 4, 2022. Again the parties discussed the state of production, which ultimately resulted in the Plaintiffs' Motion to Compel filed November 22,

2022. [Doc. 68]. After motion practice, the Court issued its Order granting in part and denying in part Plaintiffs' Motion to Compel on February 15, 2023. [Doc. 90]. The Defendants were ordered to provide further discovery responses, including certain ESI, and to certify that they had conducted a diligent search and identify the efforts made to locate responsive documents.

In compliance with the Court's Order [Doc. 90], the undersigned reached out to the Defendants Stinson and LaSalle again, and again requested that a search of available documents be conducted to determine whether any physical documents remained which might be responsive to the discovery requests still at issue. Using supplemental documents received (both physical and ESI) the Defendants provided their Supplemental Responses on March 24, 2023. [Doc. 105-3]. Therein, the Defendants provided the following statement concerning their efforts to conduct a diligent search for physical documents:

## **CERTIFICATION OF EFFORTS**

> The Defendants certify that they have conducted a diligent search through their available records in order to fully comply with the Court's Order concerning production. Outside of the ESI as described above, and certain documents as specified below, the Defendant have produced all responsive documents available to them. Defendants further certify that no documents have been specifically and purposefully withheld on the basis of the attorney-client privilege or work product rule. Any redactions made to documents have been described in Supplemental Response concerning such documents.

In those responses, the Defendants provided the following supplemental responsive documents[2]: BJG Monitoring Reports, DOC Monthly Reports, Inmate Files for inmates specifically requested by Plaintiffs, Inmate Records for the Plaintiffs, Overtime data, Personnel Files for Defendants, Policies concerning critical incident reporting, medical bill review, inmate medical tracking, and additional

---

[2] A number of the documents provided have been assumed to constitute ESI and are further addressed, *infra.*

Critical Incident Reports. [Doc. 105-3]. In coordination with the Plaintiffs, further supplemental documents were provided via correspondence on April 6, 2023 (April 6, 2023 Correspondence, attached hereto as Exhibit 1), April 12, 2023 (April 12, 2023 Correspondence, attached hereto as Exhibit 2), April 28, 2023 (April 28, 2023 Correspondence, attached hereto as Exhibit 3), and May 5, 2023 (May 5, 2023 Correspondence, attached hereto as Exhibit 4). All of these responses were provided, in part, after a review of hard copy documents by counsel for Defendants and/or Defendants.

On May 16, 2023, the Court issued its Order [Doc. 102] concerning the Motion to Compel brought by the Plaintiffs against the State defendants, and the Motion to Stay Discovery brought by the State defendants. Therein the Court imposed a stay on all discovery, which after litigation between the Plaintiffs and Sheriff Byrd and the LaSalle Defendants, was found to stay the discovery at issue here. [Doc. 110].

The stay was lifted on or about September 14, 2023 in the Court's Order [Doc. 110] on the Plaintiffs' Motion to Enforce This Court's Order to Compel Discovery Responses from Madison Parish Sheriff Sammie Byrd and LaSalle Defendants. Pursuant to that Order, these Defendants were required to comply with the February 15, 2023 Order regarding the Plaintiffs' Motion to Compel within a month of the September 14, 2023 Order. [Doc. 110]. Again the Defendants engaged in efforts to obtain and produce any remaining responsive documents. The undersigned made contact again with the Defendants to discuss finalizing their production of records. During those discussions it was determined that, while LaSalle had previously searched the physical documents returned to LaSalle by the current management of MPCC for responsive documents, another search should be undertaken as the specifics of which documents were being sought had evolved based on previous

productions, deposition testimony, and the Plaintiffs' clarification of their Requests. Accordingly, on October 2, 2023 the undersigned and legal assistant Bonnie Brady, traveled to Ruston, Louisiana (LaSalle's home offices are located in Ruston). There they met with Defendant Chris Stinson (as it was determined that, based on his position at MPCC he was in the best position to be able to review the contents of the boxes for potentially responsive documents), as well as in house counsel for LaSalle and reviewed which documents were being sought. The group then traveled to the warehouse where the approximately 150 boxes of documents were located and Defendant Stinson checked through said boxes for potentially responsive documents. Those boxes were not uniformly labeled, and Defendant Stinson was required to open each box, review various documents in each, and determine whether a box might have documents concerning one of the remaining Requests or appeared to have responsive documents. All such boxes (approximately 14 boxes) which were determined to contain potentially responsive documents were identified and transported back to the undersigned's office in Alexandria, Louisiana. There those documents were reviewed, redacted, and production of said documents began in earnest. The first wave of new documents were provided via correspondence on October 10, 2023 [Doc. 115-3, pgs. 1-2](consisting of approximately 3188 pages). Further documents followed via correspondence on October 23, 2023. [Doc. 115-3, pg. 3](consisting of approximately 7116 pages), and October 25, 2023. [Doc. 115-3, pg. 4](consisting of approximately 6746 pages). Additional physical documents, in the form of the Personnel and Disciplinary Files of former Defendant Steven Chase, were provided via correspondence on December 22, 2023. (December 22, 2023 Correspondence, attached hereto as Exhibit 5)(consisting of approximately 31 pages).

At this time, a small number of documents retrieved from the warehouse are still being

processed, and the Defendants anticipate providing those documents in the near future. Further documents identified during the deposition of LaSalle employee Jennifer Collet, taken November 21, 2023, are also being obtained and will be provided as soon as possible. At this point, based on the Defendants' review of the documents responsive to the Requests for Production of Documents pursuant to this Court's Orders concerning that discovery as well as the Plaintiffs' correspondence regarding the same, the Defendants aver and certify that all physical documents available to them have been considered and reviewed and no additional paper documents, other than those discussed in this paragraph, remain to be reviewed.

## II.     Specific Efforts Regarding ESI

The Court has ordered the Defendants to detail their specific efforts to locate, collect, and produce responsive ESI since the issuance of the February 15, 2023 discovery Order. The following is provided pursuant to the Court's Order.

Based on the Court's February 15, 2023 Order the Defendants pursued additional information through searching ESI available from January 1, 2019 through June 1, 2021. [Doc. 90]. As part of LaSalle's process of turning over operation of the facility to its new management, LaSalle backed up all available emails from its time at the facility. LaSalle is the custodian of that ESI. As that data could be searched in its entirety, when LaSalle has searched for specific terms within that database, said searches were not limited to specific accounts.

Based upon the Court's February 15, 2023 Order and on all discussions concerning discovery with Plaintiffs, the Defendants reviewed the Requests which remained and decided on the following list of search terms, for a search conducted of records from January 1, 2019 through June 1, 2021, to locate responsive documents (Requests associated with each term have been included here):

"Master staffing plan" - RFP 1
"approved staffing" - RFP 7
"24 hour monitoring" - RFP 7
"twenty four hour monitoring"  -RFP 7
"meeting minutes" RFP 34, 46
"meeting agenda"  RFP 34, 46
"staff meeting"  RFP 34, 46
"staffing analysis"  RFP 16
"master roster" - RPF 14
"daily roster" - RFP 15
"position fill" - RFP 16
"org structure" - RFP 17
"organizational structure" - RFP 17
"chain of command" - RFP 17
"turnover" - RFP 21
"resignation" RFP 21
"retirement" RFP 21
"retiring" RFP 21
"termination" RFP 21
"Fired" RFP 21
"promotion"  -  RFP 21
"hospital bill"  - RFP 26
"james murray" - RFP 26
"latavius paschal" -  RFP 26
"antone henderson" - RFP 26
"Mandatory post" - RFP 27
"option post" - RFP 27
"optional post" - RFP 27
"orientation training" - RFP 31
"new staff orientation" - RFP 31
"curriculum" - RFP 31
"lesson plan" - RFP 31
"in-service" - RFP 32
"in service training" - RFP 32
"prisoner classification" - RFP 33, 46
"report of threat" - RFP 33
"increasing tension" RFP 33
"critical incident review"- RFP 34
"Brian Harris" - RFP 36
"Mitchell Treaudo"- RFP 36
"Howard Willis"- RFP 36
"Johnny Wright"- RFP 36
"Dexter Long"- RFP 36

    "Derwyn Brown"- RFP 36
    "Donald Dorsey"- RFP 36
    "Marvin Ballot"- RFP 36
    "Demontrel Riley"- RFP 36
    "Decarlin Anderson"- RFP 36
    "Vic Meadows"- RFP 36
    "Demarcus Rufus"- RFP 36
    "report of suspicious injury" - RFP 43
    "response to critical incident" - RFP 43
    "observed altercation"- RFP 43
    "report of altercation" - RFP 43
    "Investigation policy" - RFP 45
    "policy on investigation" - RFP 45
    "policy on investigating"  - RFP 45
    "housing unit assignment plan" - RFP 46
    "identification of classification"- RFP 46
    "classification designation"- RFP 46
    "housing population"- RFP 46
    "pre-trial unit"-  RFP 46
    "Write up policy" - RFP 48, 49
    "policy on write up" - RFP 48, 49
    "Lock down policy" - RFP 48, 49
    "policy on lock down" - RFP 48, 49
    "Escort policy" - RFP 50, 51
    "policy on escorting" -  RFP 50, 51
    "after altercation" - RFP 50, 51
    "Outside medical" - RFP 50, 51
    "shakedown log" - RFP 52, 53
    "Shakedown report" - RFP 52, 53
    "contraband report" - RFP 52, 53
    "contraband log" - RFP 52, 53
    "contraband" AND "charged" - RFP 53
    "Contraband" AND "arrested" - RFP 53
    "trip sheet"  - RFP 57

Those search terms were provided to LaSalle on or about March 16, 2023. Results were provided to the undersigned on or about March 24, 2023. Further, those search terms were provided to the Sheriff on or about March 22, 2023 and a search of his email account was also performed for ESI from January 1, 2019 through June 1, 2021 (the Sheriff is the custodian of this ESI and the search

-8-

was performed on a computer at his office by his staff member). Those results were provided to the undersigned on or about March 28, 2023. Upon receiving all search results, counsel for the Defendants and staff began to review those materials for production.

The first production of additional documents pursuant to the February 15, 2023 Order was provided on March 24, 2023. [Doc. 105-3]. Therein the Defendants relayed their list of search terms to the Plaintiffs along with the following statement:

> These terms produced voluminous records which the Defendants are currently reviewing for production. Any responsive documents will be provided after said review has been completed.
> [Doc. 105-3].

Documents specifically gathered through those ESI search terms detailed above were provided via correspondence on April 28, 2023. (Ex. 3).

The stay of discovery discussed earlier was issued on May 16, 2023 and lifted on or about September 14, 2023. [Docs. 102, 110]. In email correspondence of October 19, 2023 concerning compliance with the Court's Order on the Plaintiffs' Motion to Compel, counsel for Plaintiffs requested that the following additional terms be searched:

> "dropsheet"
> "Daily Shift Drop Sheet"
> "Administrative Segregation Log"
> "critical incident"
> "incident"
> "fight"
> "altercation"
> "injury"
> "lockdown"
> "protective custody"
> "PC"
> "administrative segregation"
> "ad seg"
> "enemies"

  "stab"
  "ARP"
  "grievance"
  [Doc. 115-8, pgs. 2-3].

Counsel for Defendants provided those terms to LaSalle (again for a search of ESI from January 1, 2019 through June 1, 2021) on October 25, 2023 and a second search of LaSalle's database (which LaSalle remains custodian for, and again not limiting searches to any individual accounts, only the applicable time period) of MPCC emails was performed. The results of said search were provided to the undersigned on or about October 31, 2023. Some documents pursuant to those searches were provided to the Plaintiffs via correspondence of December 22, 2023. (Ex. 5)(consisting of approximately 899 pages from ESI). It is anticipated that further ESI from the second search will be provided in the near future.

  Additionally, pursuant to the Court's latest Order concerning this issue, and in an effort to leave no stone unturned, the following additional search terms were provided to LaSalle for another search of its previously discussed MPCC email database (again for records from January 1, 2019 through June 1, 2021) on January 4, 2024 (Requests associated with each term have been included here):

  "Roster" - RFP 14, 15
  "deployment" - RFP 15
  "daily roster"- RFP 15
  "vacant position" - RFP 16
  "open position" - RFP 16
  "overtime" - RFP 16
  "shift pack" - RFP 14, 15
  "organizational chart" - RFP 17
  "org chart" - RFP 17
  "employee transfer" - RFP 21
  "transfer" - RFP 21
  "census"  - RFP 46

      "census archive" - RFP 46
      "classification" - RFP 46
      "classification policy" - RFP 46
      "classification checklist" - RFP 46
      "classification check list" - RFP 46
      "classification procedure" - RFP 46
      "admin seg logs" - RFP 49
      "administrative segregation logs"- RFP 49
      "solitary confinement logs"- RFP 49
      "ad seg logs"- RFP 49
      "discipline policy"- RFP 48
      "discipline procedure"- RFP 48
      "refresher training" - RFP 32
      "training"- RFP 32
      "re-training"- RFP 32
      "reporting" - RFP 43
      "responding to critical incident" - RFP 43
      "pre-trial dorm" - RFP 46
      "pretrial dorm"- RFP 46
      "J-dorm" - RFP 46
      "J dorm"- RFP 46

Results from that search have not been provided to the undersigned as of the time of this writing. The second and third sets of search terms were provided to Sheriff Byrd on January 10, 2024, and the undersigned awaits those results as well.

      Finally, the following records were collected pursuant to the February 15, 2023 Order [Doc 90].[3] Unless otherwise specified, the searches were made without specifically provided search terms and were general searches of LaSalle's internal records over which LaSalle is the custodian:

1.     A search for overtime records was conducted on or about March 15, 2023 and provided to the undersigned on that same date.

2.     Monthly Reports provided to the DOC were acquired from the DOC on or about March 15, 2023 by LaSalle and provided to the undersigned on that same date.

---

[3]These records were not provided pursuant to a specific request by the undersigned for explicitly ESI records, but rather after general inquiry. However, it appears that these records were electronically stored, and out of an abundance of caution will be considered ESI here.

3.  Records concerning Critical Incidents, specifically Critical Incident Reports[4] from the designated time period were also obtained from a LaSalle database of same collected by its office in Dripping Springs, Texas. CI reports concerning shakedowns and serious contraband were retrieved from that database on March 16, 2023 and provided to the undersigned on March 17, 2023. Additional CI Reports were pulled on March 20, 2023 and provided to the undersigned on March 21, 2023. Additional CI Reports were pulled on March 23, 2023 and provided to the undersigned on the same date. Additional CI Reports were provided to the undersigned by LaSalle on March 24, 2023 and again on March 27, 2023[5]. Additional CI Reports were recovered by LaSalle on May 1, 2023 and provided to the undersigned on the same date.

4.  Medical Tracking Spreadsheets were pulled on April 3, 2023 by LaSalle, and provided to the undersigned on the same date.

5.  Monthly CI Report Logs were pulled by LaSalle on or about April 3, 2023 and provided to the undersigned on April 4, 2023.

6.  CI Reporting Policy attachments were pulled by LaSalle on or about April 5, 2023 and provided to the undersigned on that same date.

7.  HR Meeting Notes were specifically requested from LaSalle's HR department on October 6, 2023 and were provided to the undersigned on that same date.

8.  Inmate Records for Dekaylane Anderson were pulled by Defendant Stinson on or about March 31, 2023 and provided to the undersigned on April 3, 2023. These were found in records at MPCC of which Sheriff Byrd is their custodian.

Billing records through October of 2023, show that the legal costs incurred due to the search, collection, and review (including the redaction and production) of electronic records total approximately $10,882.00 in legal fees after the February 15, 2023 Order (considering both attorney and paralegal billed time). Note that counsel for Defendants' billing records do not typically distinguish between discovery activities concerning ESI and hard copy documents and accordingly

---

[4] Various CI Reports have been provided throughout the discovery process and as such some amount of the CI Reports provided after February 15, 2023 in the form of ESI maintained by LaSalle at its Dripping Springs, Texas facility are likely duplicative of Reports first analyzed by counsel for Defendants in physical form.

[5] Some number of the CI Report files provided to the undersigned were corrupt, and many of these instances of repeated provision of CI Reports was occasioned by the need to acquire uncorrupted files for those Reports.

this figure is based on a good faith review of those billing records in an attempt to separate out costs associated with ESI. Note also that the undersigned's office staff, which does not bill and for which no cost figure is readily available, assisted in review, redaction and production of those records for dozens of hours. Further, staff for Sheriff Byrd and LaSalle also assisted in the discovery process. Again, no billing records are maintained on those efforts. Finally, costs for the search, collection, and review (including the redaction and production) of electronic records from November 2023 through the end of written discovery are, upon information and belief, estimated to amount to at least another $5,000.00.

### III.  Status of Attorney's Fees

The parties have exchanged correspondence relative to the Plaintiffs' attorneys fees as discussed in the Court's Order [Doc. 122] and have agreed to the amount requested by Plaintiffs' attorneys. Please note with the weather conditions it is anticipated that the check, which is coming from LaSalle's office in Ruston, Louisiana, may be delayed.

### IV.  Conclusion

While the Defendants anticipate that further electronic discovery will take place (as the production of further paper documents is not anticipated at this time), they aver that the forgoing Status Report has been provided in a good faith effort at compliance with the reporting required by the Court's Order [Doc. 122]. If the Court needs any further information, the Defendants are available to provide same at the Court's request.

Respectfully Submitted:

**PROVOSTY, SADLER & deLAUNAY, APC**

By:/s/ ELI J. MEAUX
H. BRADFORD CALVIT (#18158)
bcalvit@provosty.com
ELI J. MEAUX (#33981)
emeaux@provosty.com
934 Third Street, Suite 800 (71301)
P.O. Box 13530
Alexandria, LA 71315-3530
P: 318/767-3133   F: 318/767-9588
ATTORNEYS FOR DEFENDANTS, LASALLE MANAGEMENT COMPANY, LLC., ARTHUR ANDERSON, CHRIS STINSON, TOMMY FARMER, CANTRELL GUICE, JOHN MURRAY, WENDELL HUGHES, EDWARD MCDOWELL, JONATHAN KNOX, ROBERT THORNTON, SHERIFF SAMMY BYRD, JONTA D. SHEPPARD, JR., ESCO TILLMAN

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of January, 2024, I electronically filed the foregoing STATUS REPORT RESPONSE TO COURT'S ORDER [DOC 122] with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to the following:

| | |
|---|---|
| Elizabeth Cumming | Alejandro R. Perkins |
| Emily Washington | Evan M. Alvarez |
| Roderick and Solange MacArthur Justice Ctr | Wayne Thomas Stewart |
| 4400 S. Carrollton Avenue | Hammonds, Sills, Adkins & Guice, LLP |
| New Orleans, LA 70119 | 2431 S. Acadian Thruway, Suite 600 |
| P: 504- 620-2259 | Baton Rouge, LA 70808 |
| elizabeth.cumming@macarthurjustice.org | P: 225-923-3462  Fax: 225-923-0315 |
| emily.washington@macarthurjustice.org | aperkins@hamsil.com |
| | ealvarez@hamsil.com |
| | wstewart@hamsil.com |

I further certify that I have forwarded the foregoing document via facsimile and/or first-class mail to the following non-CM/ECF participants: None

s/ ELI J. MEAUX
OF COUNSEL

-14-