UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES MURRAY; LATAVIUS PASCHAL; ANTONE HENDERSON,<br>Plaintiffs<br><br>Versus<br><br>JAMES LEBLANC, SECRETARY OF DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS; et al.,<br><br>Defendants | Civil Docket Number: 21-cv-592-SDD-RLB<br><br>JUDGE: JOHN W. DEGRAVELLES<br><br>MAGISTRATE: RICHARD L. BOURGEOIS |

## EX PARTE MOTION TO SUBSTITUTE STEVEN CHASE

NOW INTO COURT, through undersigned counsel come Plaintiffs James Murray, Antone Henderson and Latavius Paschal, who pursuant to Fed. R. Civ. Pro. 25(a)(1) move this Court to substitute Latonya Sanders Chase, Tameika Nichole Chase, and Ivy Chase Thomas, heirs and distributees of Steven Chase, for Steven Chase in the instant action.

On October 23, 2023, Defendants filed a suggestion of death into the record in this case stating that Defendant Steven Chase died on July 18. 2023 in Madison Parish.[1] Pursuant to Fed. R. Civ. Pro. 25, if "a party dies and the claim is not extinguished, the court may order substitution of the proper party."[2] Any party may move to substitute the proper party within ninety (90) days of the notice of death.[3] This motion is timely made, within ninety-days of the suggestion of death to Plaintiffs.

Steven Chase's death does not extinguish the federal or state tort law claims against him.

---

[1] ECF No. 114.
[2] Fed. R. Civ. Pro. 25(a)(1).
[3] Id.

State law governs the survival of claims under 42 U.S.C. §1983.[4] Under Louisiana law, "an action does not abate on the death of a party."[5] Indeed, "Louisiana strongly favors the continuation of actions on the death of a party".[6]

Another section of this Court has observed "Courts are split whether to apply state law of federal law in determining proper parties for substitution."[7] Under Federal law, proper parties for substitution are successors, representatives, or distributees.[8] Several Federal courts have observed that that Rule 25(a)(1) was amended in 1963 to "liberalize the Rule and to allow flexibility."[9] In 1969, in Rende v. Kay, the District Circuit observed that Defense attorney tactics to stall the appointment of a legal representative or probate of a will should not require Plaintiffs to "institute[] machinery in order to produce some representative of the estate ad litem" based on the 1963 amendment of Rule 25.[10] The Rende Court went so far as to conclude "a suggestion of death [should] identify the representative or successor of an estate who may be substituted as a party for the deceased before Rule 25(a)(1) may be invoked by those who represent or inherit

---

[4] Smith v. Dooley, 591 F. Supp. 1157, 1166 (W.D. La. 1984), aff'd, 778 F.2d 788 (5th Cir. 1985) (citing Shaw v. Garrison, 545 F. 2d 980 (5th Cir. 1977) (finding that state law controls the issue of the survival of the cause of action)); 6 Moore's Federal Practice 3d.§25.11.
[5] La. C.C.P. Art. 428.
[6] Sanctuary Cap., LLC on behalf of N. Louisiana BIDCO, LLC v. Cloud, 54,364 (La. App. 2 Cir. 1/11/23), 355 So. 3d 723, 725 (holding defendants' death did not abate action because obligation was not strictly personal).
[7] Perron on behalf of MFJ v. Travis, No. CV 20-221-BAJ-EWD, 2023 WL 372064, at *2 (M.D. La. Jan. 24, 2023)(citing Janvey v. Adams & Reese, LLP, No. 12-495, 2014 WL 12834493, at *3 (N.D. Tex. Oct. 3, 2014) ("[A] number of courts interpreting Rule 25 to include distributees within the term 'successors' have done so without any reference to state law."); Washington v. Louisiana, No. 11-334, 2013 WL 4048561, at *2 (M.D. La. Aug. 9, 2013) ("[I]n order to qualify as a proper substitute plaintiff for his deceased wife, Mr. Washington must qualify as either successor or representative of his wife's estate."); Blassingill v. Reyes, No. 17-3415, 2018 WL 4922442, at *2 (N.D. Tex. Sept. 18, 2018), report and recommendation adopted, 17-3415, 2018 WL 4913881 (N.D. Tex. Oct. 9, 2018) (applying Texas law to determine proper parties for substitution)).
[8] McSurely v. McClellan, 753 F.2d 88, 99 (D.C. Cir. 1985)(finding "distribute of a distributed estate is a proper party for substitution under Rule 25(a)(1); see also e.g., Perron on behalf of MFJ v. Travis, No. CV 20-221-BAJ-EWD, 2023 WL 372064, at *2 (M.D. La. Jan. 24, 2023).
[9] McSurely v. McClellan, 753 F.2d 88, 99 (D.C. Cir. 1985)(citing Boggs v. Dravo Corp., 532 F.2d 897, 900 (3d Cir.1976); Kilgo v. Bowman Transportation, Inc., 87 F.R.D. 26, 27 (N.D.Ga.1980); National Equipment Rental, Ltd. v. Whitecraft Unlimited, Inc., 75 F.R.D. 507, 509 (E.D.N.Y.1977).
[10] Rende v. Kay, 415 F. 2d 983, 984 (D.C. Cir. 1969).

from the deceased."[11]

Subsequent to this opinion, myriad federal courts, including sections of this Court, consider distributees or would be distributees of an estate as proper parties for substitution under Rule 25(a)(1).[12] As the Eight Circuit summarized: "a person may be a "successor under Rule 25(a)(1) if she is (1) the primary beneficiary of an already distributed estate, even if the will is not probated…(2)named in a will as the executor of the decedent's estate, even if the will is not probated…or (3)the primary beneficiary of an un-probated intestate estate which need not be probated."[13]

Under Louisiana law, the question of the proper party for substitution is governed by Louisiana Code of Civil Procedure Arts. 801-804. La C.C. Pro Art. 802 provides "On ex parte written motion of any other party, supported by an affidavit of the truth of the facts alleged, the court may order the issuance of a summons to the legal successor to appear and substitute himself for the deceased party." Legal successor is defined in La. C.C. Pro. Art. 801, which provides in relevant part "… the succession representative of the deceased appointed by a court of this state, if the succession is under administration therein or the heirs and legatees of the deceased if the deceased's succession is not under administration therein."[14]

In the instant case, counsel has been informed by counsel for Defendant Chase that he had no will and no succession has been opened for him.[15] As the succession is not under

---

[11] Id.
[12] McSurely v. McClellan, 753 F.2d 88, 99 (D.C. Cir. 1985)(holding "distribute of a distributed estate is a proper party for substitution under Rule 25(a)(1)" even where Will has not yet been submitted for probate, no legal representative has been appointed and distribution not final.); Ashley v. Ill. Cent. Gulf R.R. Co. 98 F.R.D. 722, 724 (S.D. Miss. 1983)(noting the "successors would be the distributees of the decedents estate if his estate had been closed.") see also e.g., Perron on behalf of MFJ v. Travis, No. CV 20-221-BAJ-EWD, 2023 WL 372064, at *2 (M.D. La. Jan. 24, 2023).
[13] In re Baycol Prod. Litig., 616 F.3d 778, 784–85 (8th Cir. 2010); see also Perron on behalf of MFJ v. Travis, No. CV 20-221-BAJ-EWD, 2023 WL 372064, at *2 (M.D. La. Jan. 24, 2023).
[14] La. Civ. C. Pro. Art. 801(2), defining "legal successor".
[15] Counsel for Plaintiffs has also called clerks in Madison, East Carroll, Tensas, Richland, Morehouse, Franklin, or

administration, under La. C.C.Pro. Art 801, Defendant Chase's heirs and / or legatees would be his legal successors.

As decedent has left no will, "the undisposed property of the deceased devolves by operation of law in favor of his descendants, ascendants, and collaterals, by blood or by adoption, and in favor of his spouse not judicially separated from him" in accordance with the laws of intestacy delineated in La. C.C. Arts 880-901.[16] Defendant Chase is survived by his wife, Latonya Sanders Chase, and at least two siblings, Ivy Chase Thomas and Tameika Nichole Chase. Defendant Chase had no children. Under Louisiana's laws of intestacy, Defendant Chase's wife would succeed to his share of community property.[17] Under the laws governing devolution of separate property, when a decedent is "survived by a father, mother or both and by a brother or sister or both or descendants from them, the brothers and sisters or their descendants success to the property of the deceased subject to a usufruct in favor of the surviving parent or parents."[18] If the decedent's parents do not survive him then brother and sisters succeed to separate property in full ownership to the exclusion of other ascendants and collaterals.[19]

As Chase's wife is a proper heir to his share of community property and Chase's living siblings are proper heirs to separate property under Louisiana's laws of intestacy. Latonya Sanders Chase, Tameika Nichole Chase, and Ivy Chase Thomas are heirs within the meaning of La C.C. Pro. Art. 801 and distributees within the meaning the federal jurisprudence, they are

---

Ouachita Parishes to verify that no succession has been opened nor has any petition to probate Defendant Chase's will in any of the parishes where he worked, lived and died.

[16] In the absence of a valid testamentary disposition, the undisposed property of the deceased devolves by operation of law in favor of his descendants. La. C.C. Art. 880

[17] La C.C. Art. 889. However, Chase's potential liability may be separate property. "An obligation resulting from an intentional wrong … is likewise a separate obligation to the extent that it does not benefit both spouses, the family or the other spouse." La. C.C. Art. 2363.

[18] La. Civ. Code Art. 891.

[19] La Civ Code 892.

proper parties to be substituted as defendants in this action under Federal Rule of Civil Procedure 25(a)(1).

WHEREFORE, Plaintiffs respectfully move this Court to substitute Latonya Sanders Chase, Tameika Nichole Chase, and Ivy Chase Thomas for deceased defendant Steven Chase in this action. Plaintiffs further request this Court to issue summons Latonya Sanders Chase, Tameika Nichole Chase, and Ivy Chase Thomas which will be served with the instant motion in accordance with Federal Rule of Civil Procedure 25(a).

Respectfully submitted,

/s/ Elizabeth Cumming
**ELIZABETH CUMMING (**Bar Roll No. 31685), T.A.
**EMILY WASHINGTON** (Bar Roll No. 34143)
**RODERICK AND SOLANGE MACARTHUR JUSTICE CENTER**
4400 S. Carrollton Ave.
New Orleans, LA 70119
Phone: (504) 620-2259
Fax: (504) 208-3133
elizabeth.cumming@macarthurjustice.org
emily.washingting@macarthurjustice.org

## LOCAL RULE 7(e) CERTIFICATE

Counsel for LaSalle Defendants, Byrd, Smith and LeBlanc have been informed of this motion and are considering their positions.