UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES MURRAY, ET AL.                                CIVIL ACTION

VERSUS                                              NO. 21-592-JWD-RLB

JAMES LEBLANC, ET AL.

## ORDER

Before the Court is Plaintiffs' Motion to Substitute Steven Chase filed on January 22, 2024. (R. Doc. 126). The remaining defendants did not file an opposition within the time allowed under Local Rule 7(f).

Plaintiffs commenced this federal civil rights action under 42 U.S.C. § 1983 on October 15, 2021, raising various allegations regarding their confinement at the Madison Parish Correctional Center ("MPCC"). (R. Doc. 1). The operative pleading, Plaintiffs' Third Amended Complaint, seeks relief from various defendants, including Steven Chase ("Chase"), in his individual and official capacity, as a correctional officer at MPCC. (R. Doc. 64).

On October 23, 2023, defense counsel filed a Notice and Suggestion of Death into the record indicating that Chase died on July 18, 2023. (R. Doc. 114).

Plaintiffs now move pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure to obtain an order substituting Chase's alleged heirs (his wife, Latonya Sanders Chase, and his siblings, Ivy Chase Thomas and Tameika Nichole Chase) in place of Chase as defendants in this action.

Rule 25(a) provides the following:

**(a) Death.**

> **(1)** *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper

> party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> **(2)** *Continuation Among the Remaining Parties.* After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.
>
> **(3)** *Service.* A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25(a). "Although Rule 25 is procedural; whether a deceased party's claim has been 'extinguished' and who is a 'proper party' for substitution are questions of substantive law." *Perron on behalf of MFJ v. Travis*, No. 20-221, 2023 WL 372064, at *1 (M.D. La. Jan. 24, 2023) (citing *Ransom v. Brennan*, 437 F.2d 513, 520 (5th Cir. 1971); *Charles Alan Wright, Arthur R. Miller & Mary Kay Kane*, 7C Federal Practice and Procedure § 1952 (3d ed. 2007) ("Whether the death of a party extinguishes a claim for or against the party is not a question of procedure. It is a question of substance on which the state law ordinarily governs.")).

Here, Plaintiffs have set forth arguments in support of a finding that their claims against Chase have not been extinguished by his death. (R. Doc. 126 at 1-3). Moreover, Plaintiffs set forth arguments in support of a finding that the proposed substituted defendants (Chase's surviving spouse and siblings) are the proper parties for substitution given that Chase died intestate, and no succession has been opened for him. (R. Doc. 126 at 2-5).

It is unclear whether the proposed substitute defendants oppose their substitution as defendants. While the instant motion was timely filed, there is no evidence in the record that Plaintiffs have properly served the motion, with a notice of hearing, under Rule 4 on the proposed nonparty substitute defendants as required by Rule 25(a)(3). Plaintiffs seek an order

granting substitution <u>prior</u> to issuance of summons to allow service under Rule 4. (*See* R. Doc. 126-1). Following this procedure would deprive the proposed nonparty substitute defendants from an opportunity to challenge the merits of the instant Motion to Substitute.

The Court will not rule on Plaintiffs' Motion to Substitute until the proposed non-party substitute defendants have an opportunity to respond to Plaintiffs' Motion to Substitute. *See Perron*, No. 20-221, 2023 WL 372064, at *2-3 (denying motion to substitute, in part, for failure to serve nonparties with a copy of the motion to substitute and a notice of hearing); *Najor v. Plaquemines Clay Co., LLC*, No. 13-5000, 2020 WL 13888746, at *2 (E.D. La. July 17, 2020) ("[P]laintiff's Motion to Substitute cannot be granted as plaintiff presents no proof that service of any relevant nonparty has been accomplished, as required by Rule 25(a)(3)."); *Lowe v. Eltan, B.V.*, No. 05-38, 2018 WL 11470498, at *4 (E.D. Tex. Apr. 10, 2018) ("The party seeking substitution must personally serve the proper party with a summons in accordance with Rule 4 before the Court can permit substitution in place of [the deceased defendant].");

Given the record, the Court will require Plaintiffs to serve the Summons and Third Amended Complaint, as required by Rule 4, as well as Plaintiffs' Motion to Substitute and a copy of this Order (which shall serve the purpose of a notice of hearing), as required by Rule 25(a)(3), on Latonya Sanders Chase, Ivy Chase Thomas, and Tameika Nichole Chase within **30 days** of the date of this Order. The Court will provide these nonparties an opportunity to respond to the instant Motion to Substitute.

Based on the foregoing,

**IT IS ORDERED** that the Clerk's Office shall issue summonses for service on Latonya Sanders Chase, Tameika Nichole Chase, and Ivy Chase Thomas.

**IT IS FURTHER ORDERED** that a **HEARING** before the undersigned is set on the Plaintiffs' Motion to Substitute (R. Doc. 126) on **April 23, 2024 at 10:30 a.m. in Courtroom 6.**

**IT IS FURTHER ORDERED** that Plaintiffs shall serve a copy of the Summons, Third Amended Complaint, Plaintiffs' Motion to Substitute, and a copy of this Order, on Latonya Sanders Chase, Tameika Nichole Chase, and Ivy Chase Thomas within **30 days** of the date of this Order. Plaintiffs shall immediately file proof of service after service is completed.

**IT IS FURTHER ORDERED** that Latonya Sanders Chase, Tameika Nichole Chase, and Ivy Chase Thomas may file, independently or collectively, any written opposition to Plaintiffs' Motion to Substitute on or before **April 16, 2024**. If proof of service has been submitted and no oppositions have been filed by that date,[1] the Court will cancel the hearing date and grant the Motion to Substitute as unopposed.

Signed in Baton Rouge, Louisiana, on February 22, 2024.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The remaining defendants failed to oppose the instant Motion to Substitute within 21 days of its filing as required under Local Rule 7(f). Accordingly, Plaintiffs' Motion to Substitute is deemed unopposed with respect to the remaining defendants.