### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMES MURRAY; LATAVIUS PASCHAL; ANTONE HENDERSON, Plaintiffs<br><br>Versus<br><br>JAMES LEBLANC, SECRETARY OF DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, et al.<br><br>Defendants | * * * * * * * * * | Civil Docket Number:<br>3:21-cv-592-JWD-RLB<br><br>JUDGE:<br>JOHN W. DEGRAVELLES<br><br>MAGISTRATE:<br>RICHARD L. BOURGEOIS |

### PLAINTIFFS' FIRST MOTION TO COMPEL RESPONSES TO SECOND REQUEST FOR PRODUCTION FROM LASALLE MANAGEMENT LLC

Plaintiffs, through undersigned counsel, respectfully move this Court to compel Defendant LaSalle Management LLC to respond to requests for production Plaintiffs have propounded in the normal course of discovery.

In support of their motion, and as detailed in the accompanying memorandum, Plaintiffs state as follows:

1. Plaintiffs propounded a second request for production of documents on LaSalle Defendants on December 25, 2023.[1]

2. Responses to this set of discovery were due on January 25, 2024. Counsel for LaSalle Defendants requested an additional thirty days to respond to this set of discovery, to which Plaintiffs agreed.

---

[1] Exhibit 1, Second Request for Production.

3. On January 31, 2024, Robert Denny of McGlinchey Stafford enrolled as additional counsel for LaSalle Defendants. On February 7, 2024, counsel for Plaintiffs were informed that McGlinchey attorneys would be responding to this outstanding second set of requests for production.

4. On February 26, 2024, Plaintiffs received LaSalle's responses to the discovery requests. LaSalle refused to provide any responsive documents on two contradictory grounds: 1) defendant LaSalle Management did not have custody or control of responsive documents for LaSalle Corrections but also 2) LaSalle Management was familiar enough with LaSalle Corrections to represent that LaSalle Corrections has no assets nor employees, and does not conduct any business.[2]

5. Plaintiffs responded to this lack of production by email, pointing out that LaSalle Management is a named defendant; definition three of the definitions section of the request for production defined the target of the request as all parent and subsidiary organizations associated with LaSalle; definition thirteen named the entities from which information was sought; the existence of deposition testimony that named defendants had custody and control of requested documents because all accounting information and files for LaSalle Management, LaSalle Corrections, and numerous other affiliated business organizations were maintained at buildings located on Bastille Lane in Ruston, Louisiana; and secretary of state filings for each of the entities listed in the definitions section of the second request for production list the same officers and registered agents for LaSalle Management and LaSalle Corrections.[3]

---

[2] Exhibit 2, February 26, 2024 Response to Second Request for Production.
[3] Exhibit 3, February 29, 2024 Email Correspondence between Elizabeth Cumming and Robert Denny.

6.  On March 5, 2024, counsel engaged in a Rule 37 conference at which stage no resolution to the discovery issue was reached. In the interest of speeding access to the requested documents, Plaintiffs re-issued the discovery request, changing all references to LaSalle Corrections to LaSalle Management on the representation of Mr. Denny that discovery responses would be provided if Plaintiffs did so.[4]

7.  On April 4, 2024, over three months after the second request for production was served, counsel for LaSalle provided a single page of responsive document designated as the response to Requests 1-5, along with boilerplate objections.[5]

8.  The single page of provided discovery is only titled LaSalle Management Company, LLC and dated 12/31/2022. It lists general categories for assets, liabilities, revenue, expenses, and income. It is unclear if the document is a profit and loss statement, a cash flow statement, or a balance sheet used in the normal course of business. It is not a tax form, nor is it documentation related to accounts receivable. Further, as the document is dated 12/31/2022, it is not responsive to Requests 1-5 which limited the request for documents from January 1, 2019 to June 1, 2021.

9.  Plaintiffs confirmed with LaSalle on April 22, 2024 that they have no intention of providing any additional production. Plaintiffs advised of their intention to seek to compel and defendants requested an additional Rule 37 conference. At 10:53 am on April 23, 2024, while counsel for Plaintiffs were before this Court, LaSalle provided an affidavit from a CPA attesting to the accuracy of the previously produced single page.

---

[4] Exhibit 4, re-issued discovery request.
[5] Exhibit 5, LaSalle's April 4, 2024 Discovery Response; Exhibit 6, LaSalle Discovery Production filed separately under seal.

10. Counsel for LaSalle and Plaintiffs conducted Defendants' requested additional Rule 37 conference on the morning of April 23, 2024. Counsel were unable to resolve the fundamental disagreements regarding what information was in the possession of named party defendant LaSalle Management and LaSalle's obligations to produce information related to not only damages but also liability.

11. Discovery cut-off in this case is scheduled for May 17, 2024. Plaintiffs request the assistance of the Court in compelling LaSalle Defendants to desist in bad faith dilatory tactics and to fully respond to reasonable discovery requests.

12. As set forth in more detail in the accompanying memorandum, Defendant LaSalle Management has possession and control of the requested documents and the requested documents, in the time period requested, are relevant to Plaintiffs claims.

13. Plaintiffs have made multiple good faith efforts to resolve discovery disputes, but counsel have not been able to reconcile their fundamental disagreements.

WHEREFORE, Plaintiffs respectfully request this Court to grant their motion and order LaSalle Defendants to provide information response to Requests 1-5 of their Second Request for Production.

Respectfully submitted,

/s/ Elizabeth Cumming
**ELIZABETH CUMMING (**Bar Roll No. 31685), T.A.
**EMILY WASHINGTON** (Bar Roll No. 34143)
Roderick and Solange MacArthur Justice Center
4400 S. Carrollton Ave.
New Orleans, LA 70119
Phone: (504) 620-2259
Fax: (504) 208-3133
elizabeth.cumming@macarthurjustice.org
emily.washingting@macarthurjustice.org

**<u>RULE 37 CERTIFICATE</u>**

Undersigned counsel hereby certified that she has conferred in good faith with counsel for

LaSalle Defendants in an effort to obtain discovery without filing the instant motion.

/s/ Elizabeth Cumming_____

Dated: April 23, 2024