UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES MURRAY; LATAVIUS PASCHAL; ANTONE HENDERSON,<br>Plaintiffs<br><br>Versus<br><br>JAMES LEBLANC, SECRETARY OF DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, et al.<br><br>Defendants | Civil Docket Number:<br>3:21-cv-592-JWD-RLB<br><br>JUDGE:<br>JOHN W. DEGRAVELLES<br><br>MAGISTRATE:<br>RICHARD L. BOURGEOIS |

**MEMORANDUM IN SUPPORT OF
PLAINTIFFS' FIRST MOTION TO COMPEL RESPONSES TO
SECOND REQUEST FOR PRODUCTION FROM LASALLE MANAGEMENT LLC**

Plaintiffs, through undersigned counsel, respectfully move this Court to compel Defendant LaSalle Management LLC to respond to requests for production Plaintiffs have propounded in the normal course of discovery.

**I.    PROCEDURAL BACKGROUND**

Plaintiffs propounded a second request for production of documents on LaSalle Defendants on December 25, 2023.[1] Responses to this set of discovery were due on January 25, 2024. Counsel for LaSalle Defendants requested an additional thirty days to respond to this set of discovery, to which Plaintiffs agreed. On January 31, 2024, Robert Denny of McGlinchey Stafford enrolled as additional counsel for LaSalle Defendants. On February 7, 2024, counsel for Plaintiffs were informed that McGlinchey attorneys would be responding to this outstanding second set of requests for production.

---

[1] Exhibit 1, Second Request for Production.

On February 26, 2024, Plaintiffs received LaSalle's responses to the discovery requests. LaSalle refused to provide any responsive documents on two contradictory grounds: 1) defendant LaSalle Management did not have custody or control of responsive documents for LaSalle Corrections but also 2) LaSalle Management was familiar enough with LaSalle Corrections to represent that LaSalle Corrections has no assets nor employees, and does not conduct any business.[2]

Plaintiffs responded to this lack of production by email, pointing out that LaSalle Management is a named defendant; definition three of the definitions section of the request for production defined the target of the request as all parent and subsidiary organizations associated with LaSalle; definition thirteen named the entities from which information was sought; the existence of deposition testimony that named defendants had custody and control of requested documents because all accounting information and files for LaSalle Management, LaSalle Corrections, and numerous other affiliated business organizations were maintained at buildings located on Bastille Lane in Ruston, Louisiana; and secretary of state filings for each of the entities listed in the definitions section of the second request for production list the same officers and registered agents for LaSalle Management and LaSalle Corrections.[3]

On March 5, 2024, counsel engaged in a Rule 37 conference at which stage no resolution to the discovery issue was reached. In the interest of speeding access to the requested documents, Plaintiffs re-issued the discovery request, changing all references to LaSalle Corrections to LaSalle Management on the representation of Mr. Denny that discovery responses would be provided if Plaintiffs did so.[4]

---

[2] Exhibit 2, February 26, 2024 Response to Second Request for Production.
[3] Exhibit 3, February 29, 2024 Email Correspondence between Elizabeth Cumming and Robert Denny.
[4] Exhibit 4, re-issued discovery request.

On April 4, 2024, over three months after the second request for production was served, counsel for LaSalle provided a single page of responsive document designated as the response to Requests 1-5, along with boilerplate objections.[5] The single page of provided discovery is only titled LaSalle Management Company, LLC and dated 12/31/2022. It lists general categories for assets, liabilities, revenue, expenses, and income. It is unclear if the document is a profit and loss statement, a cash flow statement, or a balance sheet used in the normal course of business. It is not a tax form, nor is it documentation related to accounts receivable. Further, as the document is dated 12/31/2022, it does not appear to be responsive to Requests 1-5 which limited the request for documents from January 1, 2019 to June 1, 2021. Plaintiffs confirmed with LaSalle on April 22, 2024 that they have no intention of providing any additional production. Plaintiffs advised of their intention to seek to compel and defendants requested an additional Rule 37 conference. At 10:53 am on April 23, 2024, while counsel for Plaintiffs were before this Court, LaSalle provided an affidavit from a CPA attesting to the accuracy of the previously produced single page.

Counsel for LaSalle and Plaintiffs conducted Defendants' requested additional Rule 37 conference on the morning of April 23, 2024. Counsel were unable to resolve the fundamental disagreements regarding what information was in the possession of named party defendant LaSalle Management and LaSalle's obligations to produce information related to not only damages but also liability.

Discovery cut-off in this case is scheduled for May 17, 2024. Plaintiffs request the assistance of the Court in compelling LaSalle Defendants to desist in bad faith dilatory tactics and to fully respond to reasonable discovery requests.

---

[5] Exhibit 5, LaSalle's April 4, 2024 Discovery Response; Exhibit 6, LaSalle Discovery Production filed separately under seal.

3

## II.    LEGAL STANDARD

Plaintiff is entitled to the requested documents under the general discovery provisions of the Federal Rules of Civil Procedure. Under Federal Rule of Civil Procedure 26(b), unless limited by a court order:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

If the party receiving the discovery request fails to respond, the requesting party may move to compel production. See Fed. R. Civ. P. 37(a)(3)(B). Importantly, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). The party seeking to resist discovery must bear the burden of making a specific objection to the discovery request.[6] In doing so, the party resisting discovery must overcome the ordinary presumption in favor of broad disclosure in discovery.[7]

In moving the court to compel responses to discovery, the movant must certify that he has "conferred in good faith or attempted to confer with the person or party failing to make the disclosure or discovery in an effort to obtain it without court action."[8]

## III.    ARGUMENT

**a. LaSalle Management is a named Defendant in the instant action and has custody and control of the requested information under Rule 34.**

---

[6] McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990).
[7] Smith v. Employers Mut. Cas. Co., CIV.A. 09-01039-BAJ, 2011 WL 938359, at *2 (M.D. La. Mar. 16, 2011).
[8] Fed. R. Civ. P. 37(a)(1).

LaSalle Management has a sufficient level of control and access to the requested documents, including those of its affiliates, to allow the Court to compel Defendants to produce the responsive records to Plaintiffs. Fed. R. Civ. Pro. 34 and its jurisprudence requires only that a party have either (1) actual possession; (2) the legal right to obtain the responsive documents; or (3) the practical ability to obtain the documents. See, e.g., Commerce & Indus. Ins. Co. v. Grinnell Corp., 97-0775, 2001 WL 96377, at *3 (E.D. La. Feb. 1, 2001) (emphasis added); Southern Filter Media, LLC v. Timothy P. Halter, 2014 WL 4278788, at *5 (M.D. La. Aug. 29, 2014), citing Commerce & Indus. Ins. Co. at *3.

Employees of LaSalle defendants themselves acknowledge that all of the relevant documents are maintained at LaSalle's headquarters in Ruston, Louisiana. James McCormick worked out of the Ruston headquarters from 2019 to 2021 as Louisiana Director of Operations,[9] during which time his responsibilities included "financial meetings"[10] to review facility budgets compiled by LaSalle's financial department. While giving his testimony at LaSalle Management's Ruston office, he testified that 192 Bastille Lane[11] was the "office for all of LaSalle's operations combined."[12] McCormick also testified, using LaSalle Management and LaSalle Corrections interchangeably,[13] that the accountants working in the Ruston office worked with business managers at each facility to put together the financial reports he reviewed.[14] McCormick also testified that while working at the Ruston office he could ask for and receive underlying information related to financial reports.[15]

---

[9] Exhibit 7, Deposition of James McCormick 26:21-28:6; 31:2-20.
[10] Exhibit 8, Deposition of James McCormick 72:21-25; 75:19-76:25.
[11] McCormick testified that he was located at 195 Bastille Lane, but this appears to have been a mis-statement as 195 Bastille Lane does not exist, 192 Bastille Lane does and is associated with LaSalle.
[12] Exhibit 9, Deposition of James McCormick 12:15-25.
[13] Exhibit 10, Deposition of James McCormick 77:2-6.
[14] Exhibit 11, Deposition of James McCormick 77:7-80:5.
[15] Exhibit 12, Deposition of James McCormick 80:1-5.

Further, documents obtained in discovery suggest a close relationship between LaSalle Management and its affiliate companies. The contract between the Madison Parish Law Enforcement District and LaSalle is marked with the LaSalle Corrections logo, but lists LaSalle Management as one of the parties.[16] Further, Lisa Byrd who has handled financial records for the Madison Parish Sheriff's Office (MPSO) since July 1975,[17] testified that the Madison Parish Law Enforcement District met its financial obligations under the contract with LaSalle Management by issuing checks to Madison Parish Correctional Centers LLC.[18] Although Madison Parish Correctional Centers, LLC was receiving payments from MPSO, when there was any billing discrepancy related to sentenced prisoners at Madison Parish Detention Centers, accountants from LaSalle Management handled the matter.[19]

LaSalle Management has actual possession of financial documents for all of its subsidiary companies maintained at the "compound"[20] on Bastille Lane in Ruston, La. The jurisprudence interpreting Fed. R. Civ. Pro. 34 does not contemplate the authorization or consent of the non-party but only whether the producing party does in fact have either actual possession, a legal right of access, or practical access to the requested documents. In Benson v. Rosenthal, plaintiff Benson took the position that he needed to obtain the National Football League's and the National Basketball Association's approval and authorization to release certain documents, "League documents," requested by defendants. The Benson Court did not accept Benson's position, holding:

---

[16] Exhibit 13, LaSalle Contract.
[17] Exhibit 14, Lisa Byrd Deposition 14:10-15:16
[18] Exhibit 15, Lisa Byrd Deposition 87:17-88:17.
[19] Exhibit 16, Emails between the Louisiana Department of Public Safety and Corrections (DPSC) and Brandi Floyd; Exhibit 17, Deposition of James McCormick 115:3-19.
[20] In deposition, Johnny Creed described 182 and 192 Bastille Lane as being in the same compound, separated by a parking lot. This description is supported by satellite images showing 192 and 182 Bastille Lane as neighboring properties. Exhibit 18, Map and image of Bastille Lane.

> Thus, if Benson or any of the entities he controls has actual possession or custody of responsive materials, the absence of League consent does not trump Rule 34(a)(1), and Benson must produce them, even without League consent. Similarly, if Benson has the legal right or practical ability to obtain "League documents" responsive to these requests that are not in the actual possession or custody of Benson or the entities that he controls, they are within his control, and he must produce them.[21]

Here, LaSalle Management's position is even weaker than Benson's. LaSalle Management has actual possession and control of responsive materials which are all either physically located at or accessible from the same address in Ruston, LA. Further, all of the requested entities share corporate officers,[22] so there is not even a question of obtaining third party consent given the extensive entanglement each of these companies has with each other.

### b. LaSalle's boilerplate statements do not adequately justify its failure to respond to propounded relevant discovery requests.

Federal jurisprudence is clear: "The party resisting discovery bears the burden to clarify and explain its objections and to provide support for those objections. . . . [and] must show specifically how . . . each request is not relevant or how each question is overly broad, burdensome or oppressive."[23] Further, "[r]elevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[24]

---

[21] Benson v. Rosenthal, CV 15-782, 2016 WL 1046126, at *4 (E.D. La. Mar. 16, 2016) (emphasis added).
[22] Exhibit 19, Secretary of State Filings.
[23] Houser v. LaSalle Mgmt. Co. LLC, No. 5:16-CV-00129-RWS, 2019 WL 13212319, at *1 (E.D. Tex. Dec. 4, 2019), citing Fed. Trade Comm'n v. Liberty Supply Co., No. 4:15-cv-829, 2016 WL 4272706, at *4 (E.D. Tex. Aug. 15, 2016) (quoting Enron Corp. Savings Plan v. Hewitt Assocs., L.L.C., 258 F.R.D. 149, 159 (S.D. Tex. 2009)). See also Ball v. Hudson Ins. Co., No. CV 22-665-JWD-RLB, 2023 WL 6367668, at *4 (M.D. La. Sept. 28, 2023) (partially granting plaintiff's motion to compel as defendants "do not set forth any specific arguments (such as undue burden or expense) in support of a finding that requiring GTS to produce company manuals and/or guides in its possession, custody, or control is somehow disproportionate to the needs of this case.").
[24] Houser v. LaSalle Mgmt. Co. LLC, No. 5:16-CV-00129-RWS, 2019 WL 13212319, at *1 (E.D. Tex. Dec. 4, 2019), quoting Merrill v. Waffle House, Inc. 227 F.R.D. 467, 470 (N.D. Tex. 2005)); see also McElvy v. Southewestern Corr., LLC, No. 3:19-CV-1264-N, 2022 WL 1050312, at *1 (N.D. Tex. Apr. 7, 2022); S. Filter Media, LLC v. Halter, No. CIV.A. 13-116-JJB-RL, 2014 WL 4278788, at *3 (M.D. La. Aug. 29, 2014) (citing Hebert v. Lando, 441 U.S.

LaSalle's written objections and discussions with LaSalle's counsel have failed to produce any specific objection to producing the requested information. In response to LaSalle's boilerplate objection of overbreadth, Plaintiffs note their requests are narrowed in time to January 1, 2019 and June 1, 2021, a scope of time this Court previously deemed relevant to the matters raised in the Complaint.[25] With regard to LaSalle's relevance objections, Plaintiffs' have requested financial documents from LaSalle and affiliated entities related to claims that LaSalle failed to adequately staff and supervise facilities it operated, including Madison Parish Correctional Center as a matter of corporate practice.[26] Financial information falls squarely within the ambit of information broadly relevant "to prove a custom and policy of [inadequate operation] in pursuit of increased profits"[27] and to establish evidence related to both liability generally. Further, LaSalle Management is a named defendant and Plaintiffs are pursuing punitive damages against LaSalle.[28] When considering similar claims against LaSalle Management and its affiliated organizations, district courts in Texas have compelled LaSalle Management and its affiliates to provide detailed profit and loss statements.[29]

With regard to its claim of burdensomeness, federal jurisprudence requires a detailed showing of how the request is burdensome.[30] Here, LaSalle has failed to offered a scintilla of evidence as to why such a request is unduly burdensome. LaSalle's suggestion that the discovery

---

153, 176 (1979), and noting "[t]he rules governing discovery are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials.").

[25] ECF No. 90 at 8-9.
[26] ECF No. 68 at Paras. 7, 36-37, 53-55, 146.
[27] McElvy v. Southewestern Corr., LLC, No. 3:19-CV-1264-N, 2022 WL 1050312, at *4 (N.D. Tex. Apr. 7, 2022).
[28] ECF No. 68 at Para. 7, VI.
[29] See e.g., McElvy v. Southewestern Corr., LLC, No. 3:19-CV-1264-N, 2022 WL 1050312, at *2-3 (N.D. Tex. Apr. 7, 2022) (compelling production of documents showing profit and loss statements of a LaSalle affiliate); Houser v. LaSalle Mgmt. Co. LLC, No. 5:16-CV-00129-RWS, 2019 WL 13212319, at *4 (E.D. Tex. Dec. 4, 2019) (granting plaintiff's motion to compel against LaSalle Management because "LaSalle Management Company, L.L.C. is a named defendant, its finances are relevant for punitive damages, and there is no undue burden.").
[30] Houser v. LaSalle Mgmt. Co. LLC, No. 5:16-CV-00129-RWS, 2019 WL 13212319, at *1 (E.D. Tex. Dec. 4, 2019); see also Ball v. Hudson Ins. Co., No. CV 22-665-JWD-RLB, 2023 WL 6367668, at *4 (M.D. La. Sept. 28, 2023).

seeks information from several distinct legal entities is meritless. As noted above, LaSalle has possession of the requested information in every meaningful and practical sense. Further, the Eastern District of Texas has long recognized that LaSalle's various corporate aliases are so entangled that they do not support LaSalle's suggestion that each entity is entirely legally distinct from the others.[31]

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court grant their motion and compel LaSalle Defendants to provide information responsive to Requests 1-5 of their Second Request for Production.

Respectfully submitted,

s/ Elizabeth Cumming
**ELIZABETH CUMMING (**Bar Roll No. 31685), T.A.
**EMILY WASHINGTON** (Bar Roll No. 34143)
Roderick and Solange MacArthur Justice Center
4400 S. Carrollton Ave.
New Orleans, LA 70119
Phone: (504) 620-2259
Fax: (504) 208-3133
elizabeth.cumming@macarthurjustice.org
emily.washingting@macarthurjustice.org

Dated: April 23, 2024

---

[31] Rowland v. Sw. Corr., LLC, No. 420CV00847ALMCAN, 2021 WL 4206409, at *7 (E.D. Tex. Aug. 17, 2021), report and recommendation adopted, No. 4:20-CV-847, 2021 WL 4191433 (E.D. Tex. Sept. 15, 2021) (finding that LaSalle Corrections and LaSalle Management have never disclaimed that either is a conglomeration of independent corporations with no responsibility for the others and thus do not need to be treated as distinct legal entities for pleading purposes under Rule 12(b)(6)). See also Sabbie v. Southwestern Correctional, LLC, No. 5:17-cv-00113-RWS-CMC (E.D. Tex. Mar. 6, 2019); Mathis v. Southwestern Correctional, LLC, No. 5:20-cv-00146-RWS-CMC (E.D. Tex. June 15, 2021).