UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES MURRAY; LATAVIUS PASCHAL; ANTONE HENDERSON,<br><br>Plaintiffs<br><br>Versus<br><br>JAMES LEBLANC, SECRETARY OF DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS;<br>SHERIFF SAMMIE BYRD, SHERIFF OF MADISON PARISH;<br>LASALLE MANAGEMENT, LLC;<br>WARDEN ARTHUR ANDERSON;<br>ASSISTANT WARDEN CHRIS STINSON;<br>MAJOR TOMMY FARMER; MAJOR STEVEN CHASE; LIEUTENANT CANTRELL GUICE; CAPTAIN JOHN MURRAY; CAPTAIN WENDELL HUGHES; CAPTAIN EDWARD MCDOWELL; SERGEANT JONATHAN KNOX; SERGEANT SHEPHERD; C.O. ESCO TILLMAN; C.O. ROBERT THORNTON; C.O. JANE DOE; OLD REPUBLIC UNION INSURANCE COMPANY,<br><br>Defendants | Civil Docket Number: 21-cv-592-SDD-RLB<br><br>JUDGE:  SHELLY D. DICK<br><br>MAGISTRATE:<br>RICHARD L. BOURGEOIS |

**PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO LASALLE DEFENDANTS AND MADISON PARISH SHERIFF SAMMIE BYRD**

Pursuant to Rule 26 and Rule 34 of the Federal Rules of Civil Procedure, Plaintiff, by and through undersigned counsel, hereby requests that Defendants LaSalle Management LLC, defendant employees and former employees, and Madison Parish Sheriff Sammie Byrd in their official and individual capacities to respond to the following request for production of documents within the limits prescribed by law. This request for production of documents seeks information

1

available to the LaSalle Corrections, the Madison Parish Sheriff's Office, its employees, and its agents, and is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The following instructions and definitions are applicable to these requests.

**INSTRUCTIONS**

1. *Manner of Responding.* In answering these document requests, you should furnish such information as is known or is available to you, regardless of whether this information is obtained directly by or known to you, or known to or obtained by any of your attorneys or other agents or representatives. Your written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested unless the request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified. If your answers are qualified in any manner, state the nature of the qualification.

2. *In Case of Ambiguity.* If, in responding to these requests, you encounter any ambiguity in construing any request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

3. *Manner of Producing.*

    a. One legible copy of each document requested is to be produced digitally if available. Any copy of a document that varies in any way whatever from the original or from any other copy of the document, whether by reason of handwritten or other notation or any omission, shall constitute a separate document and must be produced. Plaintiffs reserve the right to inspect the original of any document produced upon reasonable request.

    b. All documents produced in response to an individual request shall be segregated from documents produced in response to any other requests, and the request to which they are responsive shall be specifically identified. If a document is responsive to more than one request, each of the requests to which the document is responsive shall be specifically identified.

    c. In producing the documents, all documents which are physically attached to each other shall be left so attached. Documents which are segregated or separated from other documents, whether by inclusion in binders, files, or subfiles, or by use of dividers, tabs, or other methods, shall be left so segregated or separated. Documents shall be retained in the order in which they are maintained in the file where they are found.

    d. All requests for computerized data are to be produced in a computer-readable format. Where any information, be it source code, data, documents or other information, exists primarily or exclusively on computer media, it must be produced as computer media rather than being printed out. The computerized or electronic databases shall be produced in a format that is usable by Plaintiffs and Plaintiffs' experts. Each requested database shall be produced along with all software or programming necessary to read and/or sort and manipulate the data.

    4. *Scope of the Requests.* All requests are for documents applicable to, relating to, or concerning Defendant, as Defendant is defined in the Definition section.

    5. *Possession, Custody, or Control.* Where documents or things in the possession, custody, or control of any individual, firm, corporation, or partnership are requested, such request also pertains to documents in the possession, custody, or control of employees, agents, guardians,

partners, representatives, and – unless privileged or protected – attorneys of such individuals, firms, corporations, or partnerships.

    6.    *Objections.* If you object to part of a document request, state the objection and respond to the remaining portion of that request. If you object to the scope or time period of a document request, state the objection, and respond to the request within the scope or time period you believe is appropriate. If an objection to a request is based upon a claim or privilege, attorney work product, or any other basis, please identify in writing each document so withheld by providing the following information:

    a.  the date or approximate date of the document;

    b.  the type of document (e.g., letter, memorandum);

    c.  a description of the subject matter of the document;

    d.  each and every person who prepared, signed, or participated in the preparation of the document or any copy thereof;

    e.  each and every person who received the document or any copy therof;

    f.  the present custodian(s) of each document;

    g.  a list of attachments or enclosures to the document; and

    h.  the nature of the privilege asserted and any statutes, rules or cases that you contend support the assertion of privilege.

    7.    *Segregable Portions of Privileged Documents.* Identify and produce all segregable portions of any responsive document to which a claim of privilege, attorney work product, or other basis for withholding the document does not apply.

8.  *Continuing Nature of Document Requests.* These Requests for Production of Documents are continuing in character so as to require you to promptly amend or supplement your response if you obtain further materials in accordance with Fed. R. Civ. P. 26(e).

9.  *Lost or Destroyed Documents.* If any document requested herein has been lost, discarded, or destroyed, please furnish a list identifying each such document as completely as possible including, without limitation, the following information: its author and addressee, each person to whom copies of the document were furnished or to whom the contents thereof were communicated, a summary of the substance of the document, the date (or approximate date) of its disposal, the manner of its disposal, the reason for its disposal, the person authorizing its disposal, and the person disposing of the document.

10. *Burdensomeness.* If a refusal to produce documents is stated on the ground of burdensomeness, identify the number and nature of documents needed to be searched, the location of the documents, and the number of person hours and costs required to conduct the search.

**PROTECTION OF CONFIDENTIAL INFORMATION**

To the extent that any information provided in response to this request for documents identifies specific individuals and is confidential under any law, rule, or regulation, Plaintiffs will agree to a protective order under which Plaintiffs will maintain the confidentiality of such information and will not reveal such information to third parties outside the scope of this litigation.

**DEFINITIONS**

As used in these document requests, the following terms are to be interpreted in accordance with these definitions:

1.  The term "*person*" and "*persons*" means the plural as well as the singular and includes any natural person, alive or deceased, any firm, partnership, joint venture, joint stock

company, unincorporated association or society, municipal or other corporation, any city, state, its agencies or political subdivisions, any court, the Federal Government, any other government entity, or any form of legal entity.

2. The term "*identify*" with reference to an employee or staff member, contract or otherwise of LaSalle Corrections means to provide that person's full name, including any alias, last known address; telephone number; job title and duties while employed, dates of employment, and if no longer employed, date and reason employment terminated and current place of employment, if applicable.

3. The terms "*Defendants*," "*you*," and *"your"* refer to Sheriff Sammie Byrd, LaSalle Corrections and or LaSalle Management, et al as well as all agents, employees, directors, officers, attorneys, and other representatives, any affiliated or related entities, any predecessors or successors in interest of any of the foregoing, and any present or former officers, directors, or other persons acting or purporting to act for or on behalf of Madison Parish Sheriff's Office, LaSalle Corrections, LaSalle Management and / or Madison Parish Detention Center.

4. The terms "*policy or procedure*," "*policies*," and "*procedures*" refer to both written or formal rules, as well as practices, customs, policies, and usages that may not have been officially approved, reduced to writing, or otherwise formalized.

6. The term "*document*" and "*documents*" means the original and all non-identical copies of written, recorded, graphic, or other matter, however produced or reproduced, including but not limited to all items stored on computer systems, notes, letters, emails, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, charts, plans, drawings, sketches, maps, summaries or reports of investigations or negotiations, opinions or reports of consultants,

photographs, motion picture film, videos, brochures, pamphlets, advertisements, circulars, press releases, drafts, and all other writings.

7. The term "*communication*" means oral communications, correspondence, memoranda, reports, records of telephone calls, records or minutes of any meeting, e-mails, and all other forms of oral or written expression by which information may be conveyed or maintained.

8. The terms "*relating to*," "*concerning*," "*pertaining to*" and "*regarding*" shall mean referring to, involving, constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, or bearing upon.

9. The words "*and*" and "*or*" are intended to be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

10. "*Madison Parish Detention Center*" refers to any and all buildings and facilities used to house pretrial detainees and Louisiana Department of Corrections and Public Safety (DPSC) owned by Sheriff of Madison Parish and / or operated by LaSalle Management in Tallulah, LA, including but not limited to "Madison Parish Correctional Center" and "Southern Correctional Center".

11. The term "*hospital*" refers to any and all hospitals that provided care to Plaintiffs not run by medical personnel at Madison Parish Detention Center or LaSalle Management.

12. The term "*Madison Parish Detention Center staff*" refers to all persons who are employed or perform any function or work in any capacity for Madison Parish Sheriff, LaSalle Management, and / or Secure Management at the Madison Parish Detention Center, regardless of whether they are regular employees, contractors, volunteers, or have any other employment status.

13. The terms "*LaSalle Management*" and "*LaSalle Corrections*" both refer to LaSalle Management Company LLC, LaSalle Corrections LLC, LaSalle Corrections V LLC, LaSalle

Corrections VI LLC, Lasalle Corrections West, LLC, Madison Correctional Centers, LLC, McConnell Southeast Corrections, LLC, Temple Southeast Corrections, LLC, KPL Enterprises, LLC, WMC Enterprises, and any subsidiary or parent company responsible for correctional center operations at MCC from January 1, 2019 to June 1, 2021.

14. The term "*local facility*" refers to any correctional facility used as a jail or prison to hold sentenced and un-sentenced people owned and operated by the parish sheriff, law enforcement district, and / or private correctional contractor.

15. The terms "*sheriff*" or "*sheriff's office*" shall also encompass the local law enforcement district.

16.   The singular form shall be deemed to apply to the plural where applicable, and vice versa.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiffs request that Defendants produce the following documents in accordance with the definitions and instructions set forth above:

1. Any and all profit and loss statements and / or income statements for LaSalle Corrections, LLC and any and all affiliated, subsidiary or parent companies from January 1, 2019 to June 1, 2021.

2. Any and all cash flow statements for LaSalle Corrections, LLC and any and all affiliated, subsidiary or parent companies from January 1, 2019 to June 1, 2021.

3. Any and all balance sheets for LaSalle Corrections, LLC and any and all affiliated, subsidiary or parent companies from January 1, 2019 to June 1, 2021.

4. Any and all federal and state tax filings, forms, or returns for LaSalle Corrections, LLC and any and all affiliated, subsidiary or parent companies from January 1,

2019 to June 1, 2021.

5. Any and all accounts receivable and payable, i.e. aging reports for LaSalle Corrections, LLC and any and all affiliated, subsidiary or parent companies from January 1, 2019 to June 1, 2021.

6. Any and all documents received from Defendants LeBlanc and Smith in response to Requests for Production and Interrogatories propounded on those Defendants in the course of the instant litigation.

Respectfully submitted,

/s/ Elizabeth Cumming
**ELIZABETH CUMMING (**Bar Roll No. 31685), T.A.
**EMILY WASHINGTON** (Bar Roll No. 34143)
**RODERICK AND SOLANGE MACARTHUR JUSTICE CENTER**
4400 S. Carrollton Ave.
New Orleans, LA 70119
Phone: (504) 620-2259
Fax: (504) 208-3133
elizabeth.cumming@macarthurjustice.org
emily.washingting@macarthurjustice.org

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that this 25th day of December, 2023 I have emailed a copy of the foregoing to the office of counsel for the Defendants.

/s/ Elizabeth Cumming
Elizabeth Cumming