UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMES MURRAY; LATAVIUS PASCHAL; ANTONE HENDERSON,<br><br>*Plaintiffs*<br><br>Versus<br><br>JAMES LEBLANC, SECRETARY OF DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS; SHERIFF SAMMIE BYRD, SHERIFF OF MADISON PARISH; LASALLE MANAGEMENT, LLC; WARDEN ARTHUR ANDERSON; ASSISTANT WARDEN CHRIS STINSON; MAJOR TOMMY FARMER; MAJOR STEVEN CHASE; LIEUTENANT CANTRELL GUICE; CAPTAIN JOHN MURRAY; CAPTAIN WENDELL HUGHES; CAPTAIN EDWARD MCDOWELL; SERGEANT JONATHAN KNOX; SERGEANT SHEPHERD; C.O. ESCO TILLMAN; C.O. ROBERT THORNTON; C.O. JANE DOE; OLD REPUBLIC UNION INSURANCE COMPANY,<br><br>*Defendants* | * * * * * * * * | Civil Docket Number: 3:21-cv-00592<br><br>JUDGE JOHN W. DEGRAVELLES<br><br>MAGISTRATE RICHARD L. BOURGEOIS |

**CERTAIN DEFENDANTS' RESPONSES TO
"PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS"**

Defendants Sheriff Sammie Byrd, Arthur Anderson, Chris Stinson, Tommy Farmer, Steven Chase, Cantrell Guice, John Murray, Wendell Hughes, Edward McDowell, Jonathan Knox, Esco Tilman, Robert Thornton, Jonta Shepherd, and LaSalle Management Company, LLC (hereinafter collectively "Defendants") respond to "Plaintiffs' Second Request for Production of Documents" as follows:

## **GENERAL OBJECTIONS**

1.    Defendants object to these Requests for Production to the extent that they are vague, ambiguous, overly broad, not sufficiently limited in time, unduly burdensome, oppressive, or call for information or for the production of documents which are neither relevant to the subject matter of the litigation nor proportional to the needs of the case.  Further, unless otherwise specified in response to an individual request, Defendants will interpret words and phrases that appear in each request as having their commonly understood meaning and will respond to each individual request accordingly.

2.    Defendants object to the assumption of any underlying fact or legal conclusion contained in these Requests for Production which may be in dispute. No response contained herein shall be deemed a concession of any such fact or legal conclusion.

3.    Defendants object to these Requests for Production to the extent they seek any document or information which is in the Plaintiffs' possession, is available to Plaintiffs from a more convenient, less burdensome source and/or are in the possession of individuals and/or entities over which Defendants have no control.

4.    Defendants object to these Requests for Production to the extent they seek materials protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other recognized privilege against disclosure.

5.    Defendants object to these Requests for Production to the extent they call for production of documents or material which may not be disclosed without authorization, or are protected from disclosure under any state or federal law or regulation. Defendants do not waive, and hereby preserve, all such privileges, confidentiality and privacy protections.

6.     Defendants object to these Requests for Production to the extent they seek proprietary business information or other confidential information. Defendants will produce documents in accordance with the terms of an Agreed Protective Order in this matter and subject to redactions of certain confidential information as appropriate.

7.     Neither any Defendant's agreement to produce, nor its objection to the production of, any document or any category of documents is to be construed as an admission that any particular document or documents exist within such category or categories.

8.     Defendants object to these Requests for Production to the extent they attempt to impose requirements different than those imposed by the Federal Rules of Civil Procedure. Defendants specifically object to plaintiffs' "Instructions" and "Definitions," including, but not limited to, its definition of "Defendants," "you," "your," "LaSalle Management" and "LaSalle Corrections" as referring to multiple separate legal entities and "all agents, employees, directors, officers, attorneys, and other representatives, any affiliated or related entities, any predecessors and successors in interest of any of the foregoing, and any present or former officers, directors, or other persons." Accordingly, the instructions and definitions are grossly overbroad.

Subject to and without waiving the foregoing, all of which are hereby incorporated by reference into each and every response below, Defendants respond as follows:

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Any and all profit and loss statements and/or income statements for LaSalle Corrections, LLC and any and all affiliated, subsidiary or parent companies from January 1, 2019 to June 1, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendants object to this request as vague, ambiguous, overly broad, unduly burdensome, and neither relevant nor proportional to the needs of the case. LaSalle Corrections, LLC is a distinct legal entity from the named Defendants in this lawsuit and has not been made a party to this matter. Moreover, LaSalle Corrections, LLC has no assets, no employees, and does not conduct any business.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all cash flow statements for LaSalle Corrections, LLC and any and all affiliated, subsidiary or parent companies from January 1, 2019 to June 1, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendants object to this request as vague, ambiguous, overly broad, unduly burdensome, and neither relevant nor proportional to the needs of the case. LaSalle Corrections, LLC is a distinct legal entity from the named Defendants in this lawsuit and has not been made a party to this matter. Moreover, LaSalle Corrections, LLC has no assets or employees, and does not conduct any business.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all balance sheets for LaSalle Corrections, LLC and any and all affiliated, subsidiary or parent companies from January 1, 2019 to June 1, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendants object to this request as vague, ambiguous, overly broad, unduly burdensome, and neither relevant nor proportional to the needs of the case. LaSalle Corrections, LLC is a distinct legal entity from the named Defendants in this lawsuit and has not been made a party to

this matter. Moreover, LaSalle Corrections, LLC has no assets or employees, and does not conduct any business.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all federal and state tax filings, forms or returns for LaSalle Corrections, LLC and any and all affiliated, subsidiary or parent companies from January 1, 2019 to June 1, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendants object to this request as vague, ambiguous, overly broad, unduly burdensome, and neither relevant nor proportional to the needs of the case. LaSalle Corrections, LLC is a distinct legal entity from the named Defendants in this lawsuit and has not been made a party to this matter. Moreover, LaSalle Corrections, LLC has no assets or employees, and does not conduct any business.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all accounts receivable and payable i.e. aging reports for LaSalle Corrections, LLC and any and all affiliated, subsidiary or parent companies from January 1, 2019 to June 1, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendants object to this request as vague, ambiguous, overly broad, unduly burdensome, and neither relevant nor proportional to the needs of the case. LaSalle Corrections, LLC is a distinct legal entity from the named Defendants in this lawsuit and has not been made a party to this matter. Moreover, LaSalle Corrections, LLC has no assets or employees, and does not conduct any business.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all documents received from Defendants LeBlanc and Smith in response to Requests for Production and Interrogatories propounded on those Defendants in the course of the instant litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendants are not in possession of any responsive documents at this time.

Respectfully submitted:

*/s/Robert K. Denny*
Deirdre C. McGlinchey (24167)
Robert K. Denny (33092)
Gillian M. McCarroll (40452)
McGLINCHEY STAFFORD, PLLC
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone (504) 586-1200
Facsimile (504) 596-2800
dmcglinchey@mcglinchey.com
rdenny@mcglinchey.com
gmccarroll@mcglinchey.com

*and*

H. Bradford Calvit (18158)
Eli J. Meaux (33981)
John D. Ryland (20355)
PROVOSTY, SADLER, & deLAUNAY, APC
934 Third Street, Suite 800 (71301)
P.O. Box 13530
Alexandria, LA 71315-3530
Telephone: 318-767-3133
Facsimile: 318-767-9650
bcalvit@provosty.com
emeaux@provosty.com
jryland@provosty.com

<007>

*ATTORNEYS FOR SHERIFF SAMMIE BYRD, ARTHUR ANDERSON, CHRIS STINSON, TOMMY FARMER, CANTRELL GUICE, JOHN MURRAY, WENDELL HUGHES, EDWARD MCDOWELL, JONATHAN KNOX, ESCO TILLMAN, ROBERT THORNTON, JONTA SHEPHERD, AND LASALLE MANAGEMENT COMPANY, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served on:

Elizabeth Cumming, Esq.
Emily Washington, Esq.
Roderick and Solange MacArthur Justice Center
4400 S. Carrollton Avenue
New Orleans, LA 70119
elizabeth.cumming@macarthurjustice.org
emily.washington@macarthurjustice.org
*Counsel for Plaintiffs*

H. Bradford Calvit, Esq.
Eli J. Meaux, Esq.
John D. Ryland, Esq.
PROVOSTY, SADLER, & deLAUNAY, APC
934 Third Street, Suite 800 (71301)
P.O. Box 13530
Alexandria, LA 71315-3530
bcalvit@provosty.com
emeaux@provosty.com
jryland@provosty.com
*Counsel for Sheriff Sammie Byrd, Arthur Anderson, Chris Stinson, Tommy Farmer, Cantrell Guice, John Murray, Wendell Hughes, Edward McDowell, Jonathan Knox, Esco Tillman, Robert Thornton, Jonta Shepherd, and LaSalle Management Company, LLC*

this 26th day of February, 2024 via electronic mail.

/s/Robert K. Denny_____
ROBERT K. DENNY