UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES MURRAY, ET AL.                                         CIVIL ACTION

VERSUS                                                                       NO. 21-592-JWD-RLB

JAMES LEBLANC, ET AL.

## ORDER

Before the Court is Plaintiffs' Motion to Substitute Steven Chase filed on January 22, 2024. (R. Doc. 126). The motion is opposed in part. (R. Doc. 147).

Plaintiffs commenced this federal civil rights action under 42 U.S.C. § 1983 on October 15, 2021, raising various allegations regarding their confinement at the Madison Parish Correctional Center ("MPCC"). (R. Doc. 1). The operative pleading, Plaintiffs' Third Amended Complaint, seeks relief from various defendants, including Steven Chase ("Chase"), in his individual and official capacity, as a correctional officer at MPCC. (R. Doc. 64).

On October 23, 2023, defense counsel filed a Notice and Suggestion of Death into the record indicating that Chase died on July 18, 2023. (R. Doc. 114).

Plaintiffs now move pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure to obtain an order substituting Chase's alleged heirs (his wife, LaTonya Sanders Chase, and his siblings, Ivy Chase Thomas and Tameika Nichole Chase) in place of Chase as defendants in this action.

Rule 25(a) provides the following:

**(a) Death.**

> **(1)** *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90

> days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> **(2) *Continuation Among the Remaining Parties*.** After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.
>
> **(3) *Service*.** A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25(a). "Although Rule 25 is procedural; whether a deceased party's claim has been 'extinguished' and who is a 'proper party' for substitution are questions of substantive law." *Perron on behalf of MFJ v. Travis*, No. 20-221, 2023 WL 372064, at *1 (M.D. La. Jan. 24, 2023) (citing *Ransom v. Brennan*, 437 F.2d 513, 520 (5th Cir. 1971); *Charles Alan Wright, Arthur R. Miller & Mary Kay Kane*, 7C Federal Practice and Procedure § 1952 (3d ed. 2007) ("Whether the death of a party extinguishes a claim for or against the party is not a question of procedure. It is a question of substance on which the state law ordinarily governs.")).

In their motion, Plaintiffs set forth arguments in support of a finding that their claims against Chase have not been extinguished by his death. (R. Doc. 126 at 1-3). Moreover, Plaintiffs set forth arguments in support of a finding that the proposed substituted defendants (Chase's surviving spouse and siblings) are the proper parties for substitution given that Chase died intestate, and no succession has been opened for him. (R. Doc. 126 at 2-5).

On February 23, 2024, the Court ordered Plaintiffs to serve the motion, together with a notice of hearing, under Rule 4 on the proposed nonparty substitute defendants as required by Rule 25(a)(3). (R. Doc. 129). The Court's Order provided the proposed nonparty substitute defendants the opportunity to file, independently or collectively, any written oppositions to

Plaintiffs' Motion to Substitute prior to the hearing. (R. Doc. 129 at 4).[1] The Clerk's Office immediately issued the appropriate summonses. (R. Doc. 130).

Plaintiffs subsequently moved to release Ivy Chase Thomas from her duties under the issued summons on the basis that she is not, in fact, Chase's sibling. (R. Doc. 132). The Court granted the motion, further denying the instant Motion to Substitute to the extent it applied to Ivy Chase Thomas. (R. Doc. 133).

Plaintiffs have submitted proof of service on LaTonya Chase (R. Doc. 135) and Tameika Chase (R. Doc. 142). Prior to the heating, LaTonya Chase filed a memorandum opposing the Motion to Substitute on the basis that Chase's obligations in this lawsuit, if any, constitute separate obligations under Louisiana Civil Code article 2363 and, accordingly, are not part of her inherited community property. (*See* R. Doc. 147 at 4-5). Nevertheless, she concedes that "as Steven Chase's surviving spouse, [she] is the legal successor to his community property, while Tameika Chase, as Steven Chase's surviving sibling, is the legal successor to his separate property" under Louisiana Civil Code articles 889 and 891. (R. Doc. 147 at 4). She further notes that she argues that she is not a proper substitute defendant "out of an abundance of caution" and to avoid waiver of any such argument if she is substituted as a defendant and seeks dismissal of her claims under Rule 12(b). (R. Doc. 147 at 6 n.1).

On April 23, 2024, the Court held a hearing on the instant Motion to Substitute. (R. Doc. 149). At the hearing, counsel appeared on behalf of LaTonya Chase and no other prospective

---

[1] *See Perron*, No. 20-221, 2023 WL 372064, at *2-3 (denying motion to substitute, in part, for failure to serve nonparties with a copy of the motion to substitute and a notice of hearing); *Najor v. Plaquemines Clay Co., LLC*, No. 13-5000, 2020 WL 13888746, at *2 (E.D. La. July 17, 2020) ("[P]laintiff's Motion to Substitute cannot be granted as plaintiff presents no proof that service of any relevant nonparty has been accomplished, as required by Rule 25(a)(3)."); *Lowe v. Eltan, B.V.*, No. 05-38, 2018 WL 11470498, at *4 (E.D. Tex. Apr. 10, 2018) ("The party seeking substitution must personally serve the proper party with a summons in accordance with Rule 4 before the Court can permit substitution in place of [the deceased defendant].")

3

defendant appeared. Counsel rested on the arguments set forth in the briefing. No other prospective defendant filed an opposition or appeared at the hearing. The Court informed the parties the Motion to Substitute would be ruled upon by separate order.

Having considered the record, and there being no dispute that LaTonya Chase and Tameika Chase are "legal successors" under Louisiana law, the Court concludes that they are proper parties for substitution under Rule 25. *See Perron on behalf of MFJ v. Travis*, No. 20-221-BAJ-EWD, 2023 WL 372064, at *2 (M.D. La. Jan. 24, 2023) (noting that while courts are split "on whether to apply state law or federal law in determining proper parties for substitution," federal law provides that a "successor" is a property party and Louisiana Code of Civil Procedure article 801 provides that if a "succession has not been opened, the legal successors are the heirs and legatees of the deceased.") (citations omitted). To the extent merited, the substituted defendants may bring dispositive motions seeking dismissal of the claims brought against them as substituted defendants.

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs' Motion to Substitute Steven Chase (R. Doc. 126) is **GRANTED** to the extent it seeks to substitute as defendants LaTonya Sanders Chase and Tameika Nichole Chase in place of the original defendant Steven Chase.

Signed in Baton Rouge, Louisiana, on April 24, 2024.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**