UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES MURRAY, ET AL.                                    CIVIL ACTION

VERSUS                                                  NO. 21-592-JWD-RLB

JAMES LEBLANC, ET AL.

**ORDER**

Before the Court is the LaSalle Defendants' Motion for Protective Order to Quash the Unilaterally Noticed April 30, 2024 Deposition of William McConnell ("Motion for Protective Order") (R. Doc. 155). The motion is opposed. (R. Doc. 158).

Also before the Court is Plaintiffs' Motion to Compel Deposition of William McConnell ("Motion to Compel"). (R. Doc. 160). The deadline to file an opposition has not expired. LR 7(f).

**I.     Background**

   **A.     Allegations in the Third Amended Complaint**

Plaintiffs commenced this action on October 15, 2021 raising various allegations regarding their confinement at the Madison Parish Correctional Center ("MPCC"). (R. Doc. 1).

The operative pleading, Plaintiffs' Third Amended Complaint, names the following as defendants: James LeBlanc ("LeBlanc"), the Secretary of the Louisiana Department of Public Safety and Corrections ("DPSC"); Seth Smith ("Smith"), Chief of Operations of DPSC; Sammie Byrd, the Sheriff of Madison Parish ("Sheriff Byrd"); LaSalle Management, LLC ("LaSalle"),[1] the privately-owned operator of MPCC; and various wardens and correctional officers at MPCC (Arthur Anderson, Chris Stinson, Tommy Farmer, Steven Chase,[2] Cantrell Guice, John Murray,

---

[1] It appears that the correct name of this organization is LaSalle Management Company, LLC.
[2] Major Chase died on July 18, 2023. (*See* R. Doc. 114). Plaintiffs have substituted LaTonya Sanders Chase and Tameika Nichole Chase as defendants in place of Major Chase. (R. Doc. 153).

Wendell Hughes, Edward McDowell, Johnathan Knox, Jonta Shepherd, Esco Tillman, and Robert Thornton); and Old Republic Union Insurance Company. (R. Doc. 64). All defendants with the exception of LeBlanc and Smith are collectively referred to as the "LaSalle Defendants."

Plaintiffs allege that the foregoing defendants "have allowed fatally dangerous conditions of confinement to flourish at MPCC," with each "aware that MPCC has no functional classification, investigation, or staff supervision in place" and each "aware that these conditions allow threat of serious injury from rampant violence to go unchecked." (R. Doc. 64 at 2). Plaintiffs maintain that, because of these conditions, they were stabbed and beaten by attackers who should not have been confined with them on the same unit. (R. Doc. 64 at 2).

Among other things, Plaintiffs allege that "Defendants knew of the levels of extreme violence at the facility, the lack of a classification plan, the lack of investigation and response to known drivers of violence, and the chronic understaffing, but nevertheless continued to operate the facility with minimal adjustments, including continuing to house sentenced DPSC prisoners in the facility, allowing an intolerable risk of harm to come to those held in Defendants' custody, including Plaintiffs." (R. Doc. 64 at 39). Plaintiffs further allege that "Defendants knew of the failure of individuals at MPCC to perform crucial duties, including failures to develop and implement a classification plan, failures to respond appropriately to imminent risks of harm by correctional officers under their supervision, and failures to investigate incidents of harm." (R. Doc. 64 at 39). Plaintiffs further allege that "Defendants failed to train, supervise, or discipline individuals who engaged in these behaviors[, which] was a moving force behind the harm experienced by Plaintiffs." (R. Doc. 64 at 41).

Plaintiffs seek recovery for violation of their rights under the Fourteenth and Eight Amendments of the U.S. Constitution, for violation of their rights under the Louisiana

Constitution's rights to due process and to be free of cruel and unusual punishment, and under the state law torts of intentional infliction of emotional distress and negligence. (R. Doc. 64 at 37-44). Plaintiffs bring a separate state law claim seeking recovery from the defendants' insurer, Old Republic Union Insurance Company. (R. Doc. 64 at 44-45). Plaintiffs pray for declaratory relief, injunctive relief, judgment against the defendants for the asserted causes of action, attorney's fees, and compensatory and punitive damages. (R. Doc. 64 at 41).

### B. The Instant Discovery Dispute

The LaSalle Defendants represent that approximately 30 depositions have been noticed and taken in this action, including LaSalle's Rule 30(b)(6) deposition on February 23, 2023. (R. Doc. 155-1 at 3). The Rule 30(b)(6) deposition was limited to the following single topic: "Video camera installation, video camera maintenance, video footage storage, video footage feed locations, and access to video live and stored video footage in all areas of Madison Parish Correctional Center and Madison Parish Detention Center." (R. Doc. 155-6). The instant dispute pertains to the noticed deposition of the non-party William McConnell, the managing member and high-ranking executive of LaSalle.

On April 18, 2024, after Plaintiffs' counsel attempted to obtain a deposition date and LaSalle's counsel had conflicts with all proposed dates, Plaintiffs' counsel unilaterally noticed the deposition to occur on April 30, 2024. (R. Doc. 155-5 at 4-6; *see* R. Doc. 155-4). LaSalle's counsel then sought to have the deposition scheduled between May 20-23, but Plaintiffs' counsel would not rescind the deposition notice setting the deposition on April 30. (R. Doc. 155-5 at 2-3). Finally, on April 22, LaSalle's counsel offered a deposition date of May 31, but Plaintiffs' counsel would only re-set the deposition date if certain conditions were satisfied. (R. Doc. 155-5 at 1). The LaSalle Defendants filed their Motion for Protective Order later that evening. (R. Doc. 155).

3

The LaSalle Defendants' Motion for Protective Order argues that the deposition of Mr. McConnell should be quashed because (1) they believe that Plaintiffs will seek testimony "better suited" for a Rule 30(b)(6) of deposition of LaSalle (including LaSalle's corporate structure, its past relationship to MPCC, financial information of the named defendants, staffing issues, and the corporate structure and finances of non-party entities"), and (2) Plaintiff unilaterally noticed the deposition to take place on April 30, 2024. (R. Doc. 155-1 at 2). With respect to the first argument, the LaSalle Defendants further argues that "Plaintiffs had ample opportunity to seek the information now sought from Mr. McConnell from a more convenient and appropriate source, as appropriate prior to deposing an "apex" witness such as Mr. McConnell. (R. Doc. 155-1 at 4-6, 8-9). Furthermore, the LaSalle Defendants argue that Plaintiffs are seeking to circumvent the requirements of Rule 30(b)(6) by deposing Mr. McConnell in his personal capacity (despite his lack off personal knowledge regarding the underlying incidents and the daily operations of MPCC) given that LaSalle's Rule 30(b)(6) deposition was limited in scope to video camera surveillance. (R. Doc. 155-1 at 6-8). Finally, the LaSalle Defendants seek to quash the April 30, 2024 deposition date until the "nature and scope" of Mr. McConnell's deposition is defined by the Court. (R. Doc. 155-1 at 9-10).

In opposition to the Motion for Protective Order, and in support of their own Motion to Compel, Plaintiffs represent that they have been seeking to take Mr. McConnell's deposition since February 5, 2024, based on testimony provided by Sheriff Byrd and Warden Stinson, and that LaSalle's counsel did not discuss the possible filing of a Motion for Protective Order with respect to the deposition prior to filing the motion. (R. Doc. 158 at 1-2; R. Doc. 160 at 1). Plaintiffs emphasize that they "are fully aware that they have requested to take the deposition of an individual in an organization, not an organizational representative and accordingly can only question the witness as to his personal firsthand knowledge." (R. Doc. 158 at 5). Plaintiffs argue

4

that previous deposition testimony in this action demonstrate that Mr. McConnell has first-hand information relating to LaSalle's hiring, contracting, and business operations. (R. Doc. 158 at 4-10; R. Doc. 160-1 at 4-7). Plaintiff argues that the requested date and time of the deposition was reasonable, only to be opposed by the LaSalle Defendants for obstructionist reasons. (R. Doc. 158 at 10-12). Finally, Plaintiff argues that the Court can order sanctions for failure to attend the deposition under Rule 37(d). (R. Doc. 160-1 at 7-9).

The deadline to complete non-expert discovery in this action is set for May 17, 2024. (R. Doc. 125). By separate order, the Court has extended this deadline to May 24, 2024 for certain limited purposes, further informing the parties that the deadline to complete Mr. McConnell's will be set at the time of ruling on the instant motions. (R. Doc. 172). Accordingly, the parties' dispute regarding the <u>date</u> of the deposition is moot.

## II.   Law and Analysis

### A.   Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii)

5

the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

### B.     Plaintiffs' Motion to Compel (R. Doc. 160)

The Court will deny Plaintiffs' Motion to Compel because there is no evidence that a subpoena has been issued to secure Mr. McConnell's deposition.

Rule 30 of the Federal Rules of Civil Procedure governs the taking of depositions. "A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45." Fed. R. Civ. P. 30(a)(1).

Rule 45 of the Federal Rules of Civil Procedure sets forth the process for a party to obtain certain information from non-parties. It also sets forth certain provisions for protecting a person subject to a subpoena, including the grounds for quashing or modifying a subpoena, as well as motions to compel compliance with a subpoena. *See* Fed. R. Civ. P. 45(d).

While Mr. McConnell is the managing member of LaSalle, he is not a named defendant in this action. There is no evidence in the record that Plaintiffs served a Rule 45 subpoena on Mr. McConnell and are now seeking to compel compliance with that subpoena.

Under these circumstances, the Court will not compel a non-party like Mr. McConnell to appear for a deposition that was only noticed in accordance with Rule 30(b)(1). *See Batiste v. Walmart Inc.*, No. 21-488-JWD-SDJ, 2023 WL 222222, at *3 (M.D. La. Jan. 17, 2023) ("Without a subpoena and without proof of notice to Hampton of this Motion to Compel, the Court will not compel his deposition."); *Holden v. Perkins*, No. 20-2143, 2021 WL 4268737, at *4 (E.D. La. Mar. 19, 2021) ("This Court has no power to require non-parties to attend a deposition without an enforceable subpoena first being issued."); *Campos v. Webb Cnty. Texas*, No. 12-7, 2013 WL 12387156, at *1 (S.D. Tex. Apr. 18, 2013) ("Mere notice of a deposition is insufficient to compel the attendance of any person not a party.").

The Court is aware that courts have held that "[a] party need not comply with Rule 45 and issue a subpoena if a non-party will consent to having his deposition taken by notice alone." *Morawski v. Farmers Tex. Cty. Mut. Ins. Co.*, No. 14-mc-21, 2014 WL 717170, at *1 (N.D. Tex. Feb. 25, 2014). Indeed, it appears that Plaintiffs have deposed employees of LaSalle by consent without the issuance of subpoenas. Nevertheless, given that Mr. McConnell has not consented to the deposition at issue, the Court will not compel his deposition absent a Rule 45 subpoena.

Based on the foregoing, the Court will deny Plaintiffs' Motion to Compel, including any relief sought pursuant to Rule 37(d)(2) for failure to appear at the deposition, which was not secured by a Rule 45 subpoena.

### C.    The LaSalle Defendants' Motion for Protective Order (R. Doc. 155)

While the Court will not compel Mr. McConnell to appear for the deposition as noticed in the absence of a subpoena, it is appropriate to address the arguments raised by the LaSalle Defendants with respect to the scope of Mr. McConnell's deposition. That is because, as discussed below, the Court will allow Plaintiffs to proceed with Mr. McConnell's deposition, which may be secured with a Rule 45 subpoena if necessary.

The LaSalle Defendants first argue that Plaintiffs are effectively seeking to re-take the Rule 30(b)(6) deposition of LaSalle through the individual deposition of Mr. McConnell. The Court rejects this argument.

Rule 30(b)(6) governs deposition notices directed to organizations. In the deposition notice, the party "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). Unlike with the testimony of an employee or managing member deposed in an individual capacity under Rule 30(b)(1), "Rule 30(b)(6) testimony binds the entity and requires the entity to prepare and produce all reasonably available information from documents, past employees, or other sources." *MC Trilogy Texas, LLC v. City of Heath, Texas*, No. 22-2154, 2024 WL 1641233, at *5 (N.D. Tex. Apr. 16, 2024).

Here, the record supports a finding that Plaintiffs are solely seeking to depose Mr. McConnell in his individual capacity pursuant to Rule 30(b)(1) rather than in a representative capacity pursuant to Rule 30(b)(6). Foremost, the Notice of Deposition does not reference Rule 30(b)(6) or otherwise specify any topics for examination. (*See* R. Doc. 155-4). Furthermore, Plaintiffs have not sought, or obtained, leave to take a second Rule 30(b)(6) deposition of LaSalle. *See* Fed. R. Civ. P. 30(a)(2)(A)(ii). Accordingly, any testimony provided by Mr. McConnell will not bind LaSalle and will not otherwise be duplicative or cumulative of testimony provided by LaSalle (or testimony that could have been obtained from LaSalle). *See MC Trilogy Texas*, 2024 WL 1641233 (topics sought in a Rule 30(b)(6) deposition are not "duplicative or cumulative" of similar information obtained from individuals). In other words, the Court will not preclude Plaintiffs from seeking deposition testimony from Mr. McConnell that Plaintiff could have obtained from LaSalle (and, therefore, bind that defendant), including testimony regarding Mr. McConnell's first-hand knowledge of LaSalle's hiring, contracting, and business operations.

The LaSalle Defendants further argue that the Court should preclude or limit the prospective deposition of Mr. McConnell because he is an "apex" witness. The Court rejects this argument as well.

"There is no Fifth Circuit precedent which applies the apex deposition doctrine strictly prohibiting the deposition of high level executives. In fact, Federal Courts have permitted the depositions of high level executives when conduct and knowledge at the highest corporate levels of the defendant are relevant in the case." *McGee v. Arkel Int'l, LLC*, No. 08-4704, 2013 WL 12228710, at *3 (E.D. La. Aug. 9, 2013) (citations omitted). "Instead, in the Fifth Circuit, courts typically permit an apex deposition so long as the party seeking that deposition has first taken a 30(b)(6) deposition *or* deposed other 'lower ranking employees with more direct knowledge of the relevant facts.'" *Lewis v. Bd. of Supervisors of Louisiana State Univ. & Agric. & Mech. Coll.*, No. 21-198-SM-RLB, 2023 WL 7251507, at *2 (M.D. La. Nov. 2, 2023) (quoting *Wilco Marsh Buggies & Draglines, Inc. v. Weeks Marine, Inc.*, 20-3135, 2022 WL 742443, at *4 (E.D. La. Mar. 11, 2022)); *see also Entergy Gulf States Louisiana, L.L.C. v. Louisiana Generating, L.L.C.*, No. 14-385-SDD-RLB, 2021 WL 24686, at *8 (M.D. La. Jan. 4, 2021) (permitting "apex" witness deposition without first requiring a Rule 30(b)(6) deposition).

Indeed, the Fifth Circuit has instructed that "[i]is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error." *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979). In *Salter*, the plaintiffs sued a pharmaceutical company for wrongful death damages allegedly caused by the company's failure to adequately test and label a prescription drug. *Id.* at 650. The Fifth Circuit upheld a protective order requiring the plaintiff to first depose employees with more knowledge of the product at issue before determining whether the president's deposition was necessary, concluding that "[t]he judge's attempt to postpone or prevent the necessity of taking [the

9

president's] deposition was within his discretion in light of defendant's reasonable assertions that [the president] was extremely busy and did not have any direct knowledge of the facts." *Id.* at 651. The *Salter* decision did not create any so-called "apex witness" deposition rule requiring special treatment of "high-level" corporate managers. *See Ene v. Maxim Healthcare Servs., Inc.*, No. 09-2453, 2011 WL 13266873, at *1 (S.D. Tex. Nov. 29, 2011) ("[N]othing in *Salter* alters the usual standard under Federal Rule of Civil Procedure 26(c) placing the burden on the party opposing discovery to show good cause for a protective order.") (citing *In re Terra*, 134 F.3d at 306); *see also United States v. McKesson Corp.*, No. 08-214, 2011 WL 2708494, at *1-2 (N.D. Miss. July 11, 2011) ("Given the liberal discovery standard and a party's right to use depositions as a discovery tool, along with the Fifth Circuit's commentary in *Upjohn* and the minimal burden the deposition will place. . . this court finds that the deposition of [the corporate executive] is warranted and should be allowed.").

Here, Plaintiff has both taken the Rule 30(b)(6) deposition of LaSalle and multiple depositions of "lower ranking employees for LaSalle" (including the non-party Rodney Cooper, Executive Director for LaSalle; the non-party Johnny Creed, former head of Louisiana Operations for LaSalle; the defendant Arthur Anderson, former Warden at MPCC; and the defendant Christ Stinson, former Assistant Warden at MPCC ). (R. Doc. 158 at 4 n. 9). In their briefing, Plaintiffs detailed testimony by these individuals supporting a finding that Mr. McConnell has first-hand knowledge of LaSalle's hiring, contracting, and business operations. (*See* R. Doc. 158 at 4-10).

Given the record, the Court finds no basis to issue a protective order precluding the deposition of Mr. McConnell. Plaintiffs may depose Mr. McConnell in this action and seek testimony with the scope of discovery as detailed in Rule 26(b)(1).

**III.     Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that the LaSalle Defendants' Motion for Protective Order (R. Doc. 155) and Plaintiffs' Motion to Compel (R. Doc. 160) are both **DENIED.** The parties shall bear their own costs.

**IT IS FURTHER ORDERED** that Plaintiff may depose the non-party William McConnell within **30 days** of the date of this Order, or as otherwise agreed upon by the parties. The Court notes that it appears that Mr. McConnell is available for a deposition on May 31, 2024. If Mr. McConnell will not voluntarily appear at an agreed upon date, then Plaintiffs must secure the deposition by Rule 45 subpoena prior to seeking any further relief from the Court.

Signed in Baton Rouge, Louisiana, on May 28, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**